UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2006 JAN -5 P 12: 37

U.S. DISTRICT COURT
DISTRICT OF MASS.

FLAVIA BENITEZ,
    Plaintiff,

v.

SODEXHO MARRIOTT SERVICES,
    Defendant.

Civil Action No: 04-11959-NG

### DEFENDANT'S PROPOSED STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER

Pursuant to this Court's December 19, 2005 Order (Dein, USMJ), defendant Sodexho, Inc. ("Sodexho"), misnamed herein as Sodexho Marriott Services, hereby submits this Proposed Stipulated Confidentiality and Protective Order.

Plaintiff, Flavia Benitez ("Benitez") and defendant Sodexho (collectively "the parties"), agree and stipulate to the Court's entry of the following Stipulated Confidentiality and Protective Order ("Order") for the protection of confidential information contained in documents produced in this litigation.

The parties wish to ensure that any such confidential information shall not be used for any purpose other than this lawsuit and shall not be made public by any party, or be otherwise disseminated by any party except as set forth in this Order. The parties represent that they have no wish or intention to use such information for any purpose beyond this litigation.

Upon the parties' stipulation and agreement, the Court ORDERS AND DECREES as follows:

153162-1

1. The documents identified in paragraph 4 (hereinafter the "protected documents") contain confidential information, and therefore shall not be used or disclosed except for use in this action.

2. Subject to the provisions of this Order, the parties and their attorneys, employees, and agents may copy, disclose, distribute or use the "protected documents," their contents or any portion thereof, only in connection with the prosecution or defense of this case, subject to the following terms and conditions:

   (a) protected documents may be disclosed to the parties, counsel for the parties, and any employees of law firms retained by the parties;

   (b) to the extent necessary, protected documents may be disclosed to expert witnesses, other witnesses, or consultants retained in connection with this litigation for purposes of the preparation of filings, for proceedings, for discovery, for the preparation of expert opinions, to provide advice to counsel, and for trial testimony in this litigation; and

3. Disclosure of protected documents to persons identified in paragraph 2(b) may be made only if prior to such disclosure the party seeking such disclosure presents a copy of this Order to the entity or person to whom the disclosure or distribution is to be made and such entity or person agree to be bound by the terms of this Order.

4. <u>Definition of Protected Documents</u>: The documents subject to this Order, referred to as the "protected documents," are:

   a. Documents produced in this action that are designated by any party or parties as "Confidential";

153162-1

      b.      All documents produced or obtained in this action that are related to the medical or mental condition of Benitez.

In the case of all documents, the "Confidential" designation shall be made prior to production by stamping or writing the word "CONFIDENTIAL" on each page of any such document. Documents may be produced for inspection prior to their designation as "Confidential," but may then be designated as "Confidential" by the producing party by marking the documents as "Confidential" prior to the transmission of a physical copy of the document to the party requesting the document.

      5.      Within forty-five (45) days after the settlement, final judgment, or termination of any appeal in this case, counsel for the parties shall either return all protected documents to the party that produced them or shall destroy all such protected documents upon prior notice to the producing party. The producing party shall pay the reasonable costs of the return if it requests return rather than destruction of such protected documents. All copies of such protected documents shall also be destroyed, except that counsel of record may retain for their files copies of their own work product, correspondence, pleadings, briefs and exhibits, any other filings, deposition transcripts and exhibits, or hearing or other official transcripts and exhibits that contain protected documents. Counsel shall continue to be subject to the terms of the Order with regard to any such protected documents.

      6.      This Order shall not be amended, modified, or revised except by written stipulation or agreement of the parties or order of the Court.

7. Nothing in this Order shall be construed to entitle any party to obtain any document, thing or information from any other party, nor shall it prevent any party from doing so.

8. The terms of this Order, as to the documents or other protected documents disclosed by the parties in accordance herewith, shall survive any settlement, discontinuance, dismissal, judgment, award or other disposition of this action.

9. Nothing in this Order shall be deemed to preclude any party from seeking and/or obtaining additional protection with respect to the confidentiality of documents, or relief from this Order with respect to particular material designated "Confidential" hereunder.

10. Nothing herein shall prevent any party from seeking a modification of this Order nor do the parties waive any right to seek relief from the Court from any provisions of this Order at any time.

11. Nothing in this Order shall prevent any party from disclosing its own information which it has designated "Confidential" and any such disclosure shall not be deemed a waiver of any other parties' obligations under this Order, except where as provided by law.

12. Inadvertent production of any documents or information by a party during this action shall be without prejudice to any claims that such document or information is privileged or a protected document subject to the terms of this Order. The receiving party shall return any inadvertently produced privileged material. Any protected documents so produced shall, upon notice from the producing party, immediately be designated as protected documents and shall not be disseminated in any manner inconsistent with this

153162-1

Order without the consent of the party that produced the material or an order of the Court. The receiving party shall make all reasonable efforts to retrieve all copies, if any, of such inadvertently produced and/or misdesignated documents or information disclosed to persons other than those specified in paragraph 2.

13.   Nothing herein shall be deemed to restrict the right of any party to seek other or further protection against the disclosure of any material.

14.   No party concedes that any material designated "Confidential" by any other person does in fact contain or reflect confidential, sensitive, or proprietary business, or personal information, or has been properly designated "Confidential."

15.   Neither party is obliged to challenge the propriety of any "Confidential" designation at the time of initial production or designation, as the case may be. Failure to do so shall not preclude a subsequent challenge to the propriety of such designation. The entry of this Order does not waive the rights the parties may have to object on any grounds to the use of protected documents as evidence at any trial or hearing in this litigation. Disclosure of any protected documents by any person or in any manner not permitted by this Order will not result in a waiver of or otherwise limit the right of the parties to enforce its provisions.

153162-1

Stipulated to by plaintiff, Flavia Benitez and defendant Sodexho, Inc.:

PLAINTIFF                                    DEFENDANT, SODEXHO, INC.

_____                  _____

Flavia Benitez                               Harry L. Manion III, BBO #: 317440
                                             Kenneth J. Martin, BBO #: 636643
                                             Brian M. Haney, BBO #: 661674
                                             COOLEY MANION JONES LLP
                                             21 Custom House Street
                                             Boston, MA 02110
                                             (617) 737-3100
                                             Facsimile: (617) 737-0184

DATED:

_____

SO ORDERED, this 6th day of January, 2006.

*[signature]*
Judith Gail Dein
United States Magistrate Judge

DATED:

153162-1