*Records Sent 11/18/05 No Fee*

AO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

FLAVIA BENITEZ,

        Plaintiff,

v.

SODEXHO MARRIOTT SERVICES,

        Defendant.

**SUBPOENA IN A CIVIL CASE**

Civil Action No. 04 CV 11959 (NG)

TO:  **Keeper of the Records for
Dr. Mary McCaffrey, M.D.
Lynn Community Health Center
269 Union Street
Lynn, MA 01901**

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Cooley Manion Jones LLP<br>21 Custom House Street<br>Boston, MA 02110 | Monday,<br>December 12, 2005<br>10:00 a.m. |

\* In lieu of your presence at the deposition, you may forward to this office Certified copies of the documents described on the attached Schedule A. Please contact this office prior to the above date concerning the requested documents.

ATTEST/ A TRUE COPY
A DISINTERESTED PARTY

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| Cooley Manion Jones LLP<br>21 Custom House Street<br>Boston, MA 02110<br><br>(SEE LIST OF DOCUMENTS ATTACHED AS SCHEDULE A) | Monday,<br>December 12, 2005<br>10:00 a.m. |

\* **In lieu of your presence at the deposition, you may forward to this office Certified copies of the documents described on the attached Schedule A. Please contact this office prior to the above date concerning the requested documents.**

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br><br>BRIAN M. HANEY, ESQ.   Attorney for Defendant | DATE<br><br>November 11, 2005 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Brian M. Haney, Esq.
Cooley Manion Jones LLP
21 Custom House Street
Boston, MA 02110
617-737-3100

*Attorney for Defendant.*

---

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D)

150947

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C &D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## SCHEDULE A – INSTRUCTIONS

1. If any part of a document is responsive to any request herein, you should produce the entire document.

2. These requests include the production of all non-identical copies, inclusive of drafts and or copies upon which any notes or notations have been made.

3. If, after a reasonable investigation, you are unable to furnish a requested document or any part thereof because that document or part thereof has been lost or destroyed, provide for each such document the following information: (a) the date of origin; (b) a brief description of the nature of the document and its content; (c) the author of the document; (d) the date on which the document was lost or destroyed; and (e) a brief statement of the manner in which the document was lost or destroyed.

4. If you decline to answer on the basis of a privilege, work product, or other similar objection, please (a) identify the document(s) in question (including its date, title, author, and subject matter); (b) describe each and every basis for the asserted privilege or objection; (c) identify every person to whom the document(s) was sent; and (d) identify the present custodian of the document. You must include sufficient facts to permit the court to make a determination as to whether the claim of privilege is valid.

## SCHEDULE A – DEFINITIONS

1. "Document" means all objects from which information may be derived including, but not limited to, writings, letters, notes, memoranda, correspondence, reports, messages, records, logs, contracts, agreements, leases, opinions, drawings, graphs, charts, or photographs. Document also includes electronic or computerized data and databases, electronic mail and spreadsheets. A draft or non-identical copy, by reason of notations or markings, is a separate document within the meaning of this term.

2. "Concerning" means relating to, referring to, responding to, regarding, reflecting, in connection with, discussing, describing, involving, evidencing or constituting.

3. "All/Each." The terms all and each shall be construed as all and each.

4. "And/Or." The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that otherwise might be construed to be outside of its scope.

5. All documents shall be produced as they are kept in the usual course of business or shall be organized and labeled to correspond with the categories in the schedule of documents.

6. As used herein, the term "individual" means any individual, natural person, partnership, association, organization, corporation, company, joint venture, firm, proprietorship, trust, estate, agency, board, authority, commission, or other legal, governmental or business entity of any kind.

7. If any document called for by this request was at any time, but is not presently, in your possession, custody or control, you are requested to identify each such document and to state to the extent known with respect to each such document the (a) type of document, (b) date of the document, if known, (c) title of the document, (d) author(s), (e) actual and intended

recipient(s), (f) subject matter of the document, and (g) present location and custodian of the document, if known.

## SCHEDULE A - REQUESTED DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1**:

All medical records, documents or correspondence (including internet records and e-mails) referring or relating to the medical, clinical, or diagnostic evaluation and/or treatment of Flavia Benitez ("Benitez") (SSN #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, DOB: 10/5/54), including, but not limited to, doctor's notes, patient charts, progress notes, and intake notes, from January 1, 1995 to the present.

**REQUEST FOR PRODUCTION NO. 2**:

All medical records, documents or correspondence (including internet records and e-mails) referring or relating to the referral of Benitez to other health care providers and/or facilities for treatment and/or evaluation, from January 1, 1995 to the present.

**REQUEST FOR PRODUCTION NO. 3**

All medical records, documents or correspondence (including internet records and e-mails) referring or relating to any bills or invoices of Benitez from January 1, 1995 to the present.

**REQUEST FOR PRODUCTION NO. 4**

All medical records, documents or correspondence (including internet records and e-mails) referring or relating to Benitez and Sodexho Marriott Services, and/or Sodexho, and/or BankBoston, and/or Bank of Boston from January 1, 1995 to the present.

150985