UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| FLAVIA BENITEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CIVIL ACTION |
| | ) | NO. 04-11959-NG |
| SODEXHO MARRIOTT SERVICES, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER ON MOTION FOR APPOINTMENT FOR COUNSEL (#31) AND MOTION FOR TECHNICAL LEGAL INTERPRETER (#32)

DEIN, M.J.

Now before this Court are Plaintiff's Motion for Appointment of Counsel (#31), and Motion for a Technical Legal Interpreter (#32).[1]

First, with respect to the Motion for Appointment of Counsel (#31), the Court has authority to appoint counsel, *pro bono*, pursuant to 28 U.S.C. §1915(e)(1). Section 1915(e)(1) provides that the Court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. §1915(e)(1). However, a civil plaintiff lacks a constitutional right to free counsel. DesRosiers v. Moran, 949 F. 2d 15, 23 (1st Cir. 1991) (citations omitted).

In order to qualify for appointment of counsel, a party must be indigent and exceptional circumstances must exist such that the denial of counsel will result in

---

[1] Plaintiff was represented by retained counsel, Robert L. Hernandez, Esq., who was permitted to withdraw from this action on December 22, 2005.

fundamental unfairness impinging on the party's due process rights. Id.  In determining whether there are exceptional circumstances sufficient to warrant the appointment of counsel, a court must examine the total situation, focusing on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent him or herself.  Id. at 23-24 (citations omitted).

Here, Plaintiff merely requests this Court appoint *pro bono* counsel, but reserves her right to retain private counsel.  She provides no grounds upon which her motion is based, and she has failed to demonstrated sufficiently that she financially qualifies for appointed counsel.  While Plaintiff was found to qualify for *in forma pauperis* status (with respect to the filing fee), when she filed her Complaint in September 2004, she has not provided any updated financial information showing she is unable to retain her own attorney or that she otherwise qualifies for appointment of *pro bono* counsel under this Court's *Pro Bono* Plan.  In fact, in view of her reservation of her right to retain her own attorney, there is an inference that she may not be indigent for purposes of appointment of *pro bono* counsel.

More importantly, however, even if Plaintiff were found to be indigent at this time, she has not shown the kind of exceptional circumstances warranting appointment of *pro bono* counsel to represent her.  The case does not present novel or complex issues of fact or law, nor does it appear that Plaintiff is wholly unfamiliar with the legal process, and it appears she has a grasp of the English language.  Thus, this Court can find no legitimate

basis for appointment of counsel for the Plaintiff at this juncture.[2] Accordingly, Plaintiff's Motion for Appointment of Counsel (#31) is denied without prejudice.

With respect to her Motion for a Technical Legal Interpreter (#32), it is unclear exactly what Plaintiff means by this request. She merely indicates that she seeks legal assistance for the next scheduled conference. It is presumed that she seeks some assistance by a person with some legal expertise, to assist her through the legal process. Again, she offers no bases for this request.

---

[2] Even if this Court were to consider the request for appointment of counsel under the less stringent guidelines in Title VII cases, Plaintiff's request still lacks any foundation. According to Section 706(f) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5(f)(1), "[u]pon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney for such complainant and may authorize the commencement of the action without prepayment of fees, costs or security." The First Circuit applied this test in Gadson v. Concord Hospital, 966 F.2d 32, 35 (1st Cir. 1992). The First Circuit wrote, "[a] district court considers three factors in determining whether to appoint counsel under Title VII: (1) the merits of the plaintiff's case; (2) the efforts by plaintiff to obtain legal representation; and (3) the plaintiff's financial ability." These factors were discussed in Darden v. Illinois Bell Telephone Co., 797 F.2d 497, 500-01 (7th Cir. 1986). The Seventh Circuit noted that any one of the three factors may be determinative to the district court's inquiry. Id. at 501. Before the court decides whether to appoint counsel, a *pro se* plaintiff should be informed:

(1) that he or she has an opportunity to provide the court with an assessment of the merits, including the opportunity to enter objections to the EEOC's decision;
(2) that diligence in attempting to procure counsel is relevant and that some showing of diligence should be made; and
(3) that financial ability to pay for counsel is relevant and that he or she should provide the court with a statement of financial status.

Id. at 503 (citing Jones v. WFYR Radio/RKO General, 626 F.2d 576, 578 (7th Cir. 1980)). For the reasons noted above, this Court cannot find appointment of counsel is in the interests of justice at this time

To the extent that Plaintiff seeks assistance by a court appointed attorney, the request is denied for the reasons previously discussed in connection with the Motion for Appointment of Counsel.  To the extent that Plaintiff seeks assistance by a non-lawyer who has some legal expertise, Plaintiff fails to state under what authority this Court has to appoint a non-lawyer to assist her.  In fact, this Court's Local Rules prohibit any non-lawyer from representing the interests of others.  See District of Massachusetts Local Rule 83.5.3(c), providing that "[a] person who is not a member of the bar of this court, and to whom sections (a) and (b) are not applicable, will be allowed to appear and practice before the court only in his own behalf."  Id.  Moreover, Section 1654 of Title 28 of the United States Code, does not allow unlicenced lay-people to represent other individuals.  See Feliciano v. DuBois, 846 F. Supp. 1033, 1039 (D. Mass. 1994); Eagle Assoc. v. Bank of Montreal, 926 F.2d 1305, 1308 (2nd Cir. 1991).  Therefore, the Court lacks authority to appoint a "Technical Legal Interpreter" for the Plaintiff.

Accordingly, for the reasons set forth above, the Motion for a Technical Legal Interpreter (#32) is denied without prejudice.

Notwithstanding the above, however, the Court directs the clerk to provide Plaintiff with the Court's list of Legal Service Providers in the event the Plaintiff wishes to seek out legal advise or obtain legal representation on her own.

SO ORDERED.

                                           / s / Judith Gail Dein  
                                           JUDITH G. DEIN  
DATED:  May 9, 2006                  UNITED STATES MAGISTRATE JUDGE