UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FLAVIA BENITEZ,                    )
                                  )
            Plaintiff,            )
      v.                          )          CIVIL ACTION
                                  )          No. 04-11959-NG
SODEXHO MARRIOTT SERVICES,        )
                                  )
            Defendant.            )

## SCHEDULING ORDER AND ORDER
## ON PLAINTIFF'S MOTIONS TO COMPEL,
## FOR PROTECTIVE ORDER, FOR APPOINTMENT
## OF COUNSEL AND FOR A TECHNICAL LEGAL INTERPRETER

On June 5, 2006, this court held a status conference, pursuant to Fed. R. Civ. P.

16(a), at which the plaintiff appeared pro se.  At the status conference, the court

addressed scheduling the remaining pretrial activities and considered various motions

raised by the plaintiff, including the plaintiff's motions for a protective order, for

appointment of counsel to represent her pro bono, for a technical legal interpreter and for

additional interrogatory responses from the defendant.  After consideration of the parties'

written submissions and their oral presentations, the court hereby ORDERS as follows:

1.      The following schedule shall be entered:

        (a)     The defendant shall take the plaintiff's deposition on **June 29, 2006**
                at **10:00 a.m.** in the courthouse.  At that time, the parties shall report
                to Courtroom #15 on the 5th floor.  The deposition shall last no
                longer than three hours, and the plaintiff shall have an opportunity to
                take a ten minute break every forty-five minutes.  Additionally, the

plaintiff may, if she so chooses, have someone accompany her to the deposition for the purpose of assisting the plaintiff with any language issues.  Nothing herein shall preclude the plaintiff from being represented by counsel of her own at the deposition.

(b)    By **July 12, 2006**, the defendant shall notify the plaintiff and the court as to whether or not it intends to immediately move for summary judgment.  If the defendant declines to do so, the parties shall continue to comply with this court's Scheduling Order dated March 27, 2006, and the defendant will be allowed to complete the deposition of the plaintiff.

(c)    If the defendant informs the plaintiff and the court that it does intend to move for summary judgment immediately, the parties shall comply with the following briefing schedule:

(i)    Defendant shall file its motion for summary judgment by **August 7, 2006**.

(ii)    Plaintiff shall file any opposition to the motion for summary judgment by **September 7, 2006**.

(iii)    Defendant shall file any reply to the plaintiff's opposition by **September 15, 2006**.

2.    By **June 12, 2006**, the plaintiff shall either send the defendant signed releases for medical records from Cambridge Hospital and Somerville Hospital or produce those records to the defendant.

3.    The plaintiff's request for additional information from the defendant shall be treated as a motion to compel additional responses to interrogatories.  The defendant shall submit to the court a copy of its responses to the plaintiff's first set of interrogatories and a copy of the second set of interrogatories that the plaintiff served on

the defendant while acting <u>pro se</u>.   The court, after reviewing the submissions, will issue a ruling on the motion to compel.

4.      The plaintiff's "Motion for Protective Order" (Docket No. 40) is DENIED. The defendant is entitled to take the plaintiff's deposition.  As set forth above, the deposition will be limited in time and breaks will be taken in order to accommodate the plaintiff's concerns about her physical restrictions.

5.      The plaintiff's "Motion for Appointment [of] Counsel Pro-Bono" (Docket No. 41) is DENIED for the same reasons that this court set forth in its Order dated May 9, 2006 regarding the plaintiff's prior motion for the appointment of counsel to represent her pro bono.  Plaintiff has been provided with the Court's list of Legal Service Providers, and she is free to obtain legal representation on her own.

6.      The plaintiff's "Motion for Requesting a Technical Legal Interpreter" (Docket No. 42) is DENIED.  As described in this court's May 9, 2006 Order, the court has no authority to appoint a "technical legal interpreter."  Additionally, to the extent that the plaintiff is requesting an interpreter to assist her with language, she has not demonstrated that language presents a barrier to the prosecution of her case.  The plaintiff has demonstrated to this court that she is fluent in English and that she is able to communicate with the defendant and the court.  Nevertheless, as described in paragraph 1(a) above, this court will allow the plaintiff to bring someone to her deposition to assist her with any language issues.

7.      **Failure to comply with this order may result in the dismissal of this**

3

**action.**

    / s / Judith Gail Dein
Judith Gail Dein
United States Magistrate Judge

DATED:  June 6, 2006