UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FLAVIA BENITEZ,  )
    Plaintiff,  )
  )
v.  )  C.A. NO.: 04-11959-NG
  )
SODEXHO MARRIOTT SERVICES,  )
    Defendant.  )

## DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS THE PLAINTIFF'S COMPLAINT FOR FAILURE TO COMPLY WITH ORDERS FROM THE COURT

The defendant, Sodexho, Inc., misnamed herein as Sodexho Marriott Services, hereby submits this Memorandum of Law in Support of its Motion to Dismiss the Plaintiff's Complaint due to the plaintiff's failure to comply with the Court's June 6, 2006 Scheduling Order. For the following reasons, the defendant respectfully requests that the Court dismiss the plaintiff's Complaint with prejudice.

### BACKGROUND

Dating back almost to the beginning of the instant matter, the defendant has made repeated attempts to obtain a signed authorization to release medical records from the plaintiff. ("Medical Records Authorization," attached as Exhibit A to Haney Affidavit). Despite a series of letters to both the plaintiff and her former attorney, the plaintiff has consistently refused to provide to the defendant an executed authorization. The plaintiff's repeated failure to execute the authorization form sent to her by the defendant was addressed by the Court in its Scheduling Order of February 2, 2006, when the plaintiff was ordered to return a fully executed authorization to defense counsel by March 24, 2006. (Scheduling Order of February 2, 2006 (Dein, USMJ) at ¶ 3, attached as

Exhibit B to Haney Aff.). The Court's February 2, 2006 Order also contained a warning that the failure to comply with the Order may result in dismissal of the action. (see ¶ 6 of Exhibit B to Haney Aff.). By the Status Conference held on March 26, 2006, the defendant had yet to receive an executed version of the medical release form the defendant had provided, and that the Court had ordered produced under its February 2, 2006 Order.

Shortly after the March 26, 2006 Status Conference the defendant received a form signed by the plaintiff entitled "Authorization to Disclose Information To" (attached as Exhibit C to Haney Aff.). This form was not the medical release authorization the defendant requested the plaintiff sign, and which the Court had ordered the plaintiff to execute under its February 2, 2006 Order. The defendant sent this form, however, to several medical institutions known by the defendant to have treated the plaintiff. In or about early-April 2006, Cambridge Hospital and Somerville Hospital rejected the defendant's request for the release of the plaintiff's medical records, stating that the "Authorization" signed by the plaintiff was not sufficient to allow the release of her records. Both Cambridge and Somerville Hospitals provided a medical release authorization to the defendant, and the defendant in turn completed both authorizations with all necessary information and mailed same to the plaintiff under cover letters of April 14, 2006 (attached as Exhibit D to Haney Aff.) and April 18, 2006 (attached as Exhibit E to Haney Aff.), asking her merely to sign both pre-populated forms (see enclosure to Exhibit D to Haney Aff., and enclosure to Exhibit E to Haney Aff.). As of April 26, 2006, the plaintiff had not returned an executed medical release authorization for either Cambridge or Somerville Hospital, causing the defendant to send a follow-up

request to the plaintiff under cover letter of April 26, 2006 (attached as <u>Exhibit F</u> to Haney Aff.).

At the Status Conference held on June 5, 2006, the defendant informed the Court that the plaintiff had refused to provide an executed medical release authorization for Cambridge and Somerville Hospitals, despite the defendant's several requests. At the Court's instruction, the defendant gave the plaintiff a copy of both pre-populated medical release authorizations at the Status Conference. The Court instructed the plaintiff that she was to either sign and return each form to the defendant by June 12, 2006, or she was to provide to the defendant by the same deadline her medical records from each facility. The Court memorialized this order in its June 6, 2006 Scheduling Order and Order on Plaintiff's Motion to Compel, for Protective Order, for Appointment of Counsel and for a Technical Legal Interpreter (Dein, USMJ) (attached as <u>Exhibit G</u> to Haney Aff.). As in the Court's February 2, 2006 Order, the Court again warned that failure to comply with its Order may result in dismissal of the action. (see ¶ 7 of <u>Exhibit G</u> to Haney Aff.).

To date, the defendant has not received the executed medical release authorizations for Cambridge and Somerville Hospitals, or the medical records from either facility, as required under the Court's June 6, 2006 Order.[1]

---

[1] On or about June 14, 2006, the defendant received an invoice from Medical Record Associates, Inc., for copying charges (attached as <u>Exhibit H</u> to Haney Aff.). Accompanying this invoice was a medical release authorization for "Cambridge Health" completed by the plaintiff (attached as <u>Exhibit I</u> to Haney Aff.). This authorization completed by the plaintiff was not the pre-populated form given to her by the defendant at the June 5, 2005 Status Conference, and required to be returned to the defendant under the Court's Order of June 6, 2006. Additionally, this authorization does not permit the same scope of disclosure of information as had been requested by the authorization form the defendant gave the plaintiff. Further, the authorization completed by the plaintiff only permits disclosure of information from May 26, 2001 to the present, while the authorization the defendant gave the plaintiff sought any information relative to the plaintiff from January 1, 1996 to the present. Finally, the defendant has yet to receive the records purportedly released under the authorization completed by the plaintiff, and has no way of knowing whether the records that will be disclosed represent the complete medical records of the plaintiff.

## **ARGUMENT**

The continued failure of the plaintiff to comply with the Orders of this Court brings the plaintiff's conduct under the purview of both Rule 37 and Rule 41. Rule 37 allows the Court to issue just and appropriate sanctions, including dismissal, for failure to comply with an order relating to discovery. Fed. R. Civ. P. 37(b)(2)(C). See also Spiller v. U.S.V. Laboratories, Inc., 842 F.2d 535, 537 (1st Cir 1988) (affirming district court dismissal of action under Rule 37). Under Rule 41, the Court may dismiss an action for failure to prosecute a claim, or the failure to comply with any order of the Court. Fed. R. Civ. P. 41(b). See also Enlace Mercantil Internacional, Inc. v. Senior Laboratories, Inc., 848 F.2d 315, 317-18 (1st Cir. 1988) (discussing dismissal of actions under Rule 41(b)). Under both Rules, dismissal shall be appropriate when the plaintiff's complained of conduct is extreme and lesser sanctions would not suffice. Id. at 317 (noting "extreme" conduct includes ". . . disobedience of court orders, ignorance of warnings, contumacious conduct, or some other aggravating circumstance.") (internal citations omitted).

The plaintiff has brought a claim of discrimination against the defendant on the basis of a physical disability under the Americans with Disabilities Act. In light of the plaintiff's claim, the defendant has made repeated attempts on the plaintiff to produce a properly executed medical release authorization so that the defendant may evaluate the plaintiff's medical treatment to prepare its defense of this matter. The Court has twice ordered the plaintiff to produce properly executed medical release authorizations to the defense, or to produce the medical records that these authorizations would obtain. The plaintiff has steadfastly defied the Orders of this Court despite multiple warnings from the Court that such defiance may result in dismissal of this action.

161712-1                                4

The plaintiff's repeated failure to comply with the Orders of this Court is the type of "extreme" conduct that the First Circuit has consistently held shall result in dismissal. See, e.g., Spiller, 842 F.2d at 537 (affirming dismissal under Rule 37 after plaintiff warned of consequences of failure to comply with discovery orders, given sufficient time to comply with orders, and repeatedly ignored orders); Corchado v. Puerto Rican Marine Management, Inc., 665 F.2d 410, 413 (1st Cir. 1981), cert. denied, 459 U.S. 826 (1982) (affirming dismissal of action under Rule 37(b)(2)(C) and Rule 41(b) after several court-imposed discovery deadlines ignored). This is the second occasion in which the plaintiff has failed to comply with this Court's Orders regarding a medical release. Accordingly, the Court should dismiss the plaintiff's action with prejudice.

## CONCLUSION

As a result of the plaintiff's refusal to comply with the Orders of this Court, the defendant respectfully requests that the Court dismiss, with prejudice, the plaintiff's Complaint. For this, and the other reasons stated above, the defendant respectfully requests that the Court grant the instant Motion.

                        Respectfully submitted,

                        SODEXHO, INC.,
                        by its attorneys,

                        /s/ Brian M. Haney
                        Harry L. Manion III, BBO #: 317440
                        Kenneth J. Martin, BBO #: 636643
                        Brian M. Haney, BBO #: 661674
                        COOLEY MANION JONES LLP
                        21 Custom House Street
                        Boston, MA 02110
                        (617) 737-3100
                        Facsimile: (617) 737-0374

Dated: June 22, 2006

## CERTIFICATE OF SERVICE

    I, Brian M. Haney, attorney for Sodexho Marriott Services, in the above-captioned action, hereby certify that on this 22nd day of June, 2006, a copy of the Defendant's Memorandum of Law in Support of its Motion to Dismiss the Plaintiff's Complaint for Failure to Comply with Orders from the Court, with attachments, was served via first-class mail upon the plaintiff, Flavia Benitez, at the following address:

P.O. Box 2437
Jamaica Plain, MA 02130

                                                  /s/ Brian M. Haney
                                                Brian M. Haney