UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FLAVIA BENITEZ,<br>    Plaintiff,<br><br>v.<br><br>SODEXHO MARRIOTT SERVICES,<br>    Defendant. | C.A. NO.: 04-11959-NG |

## DEFENDANT'S OPPOSITION TO THE PLAINTIFF'S MOTION TO COMPEL

The defendant, Sodexho, Inc., misnamed herein as Sodexho Marriott Services, hereby submits this Opposition to the Plaintiff's Motion to Compel. As the plaintiff has failed to conference with the defendant in an attempt to resolve the issues cited in her Motion, and because the defendant has fully responded to all of the plaintiff's discovery requests, the defendant requests that the Court deny the instant Motion.

## BACKGROUND

The plaintiff's Motion is only the most recent in a chain of ongoing discovery disputes between the parties in the instant matter. Regarding first the plaintiff's issue with the defendant's responses to her various interrogatory requests, the plaintiff has requested the defendant answer two sets of interrogatories. The defendant served the plaintiff its answers to these requests on January 6, 2006 (Defendant's Answers to Plaintiff's First Set of Interrogatories, attached hereto as Exhibit A to Haney Affidavit), and on April 24, 2006 (Defendant's Answers to Plaintiff's Second Set of Interrogatories, attached hereto as Exhibit B to Haney Aff.), respectively.

Following her receipt of the Defendant's Answers to Plaintiff's Second Set of Interrogatories, the plaintiff represented to the Court at the June 5, 2006 Status

162940-1

Conference in this matter that the defendant's responses were unsatisfactory. The Court took the matter under advisement and shortly after the Status Conference ordered the defendant to submit its Answers to the Plaintiff's First Set of Interrogatories, as well as the second set of interrogatories the plaintiff served upon the defendant, to the Court for review. (Scheduling Order and Order on Plaintiff's Motion to Compel, for Protective Order, for Appointment of Counsel, and for a Technical Legal Interpreter, dated June 6, 2006 (Dein, USMJ) attached hereto as Exhibit C to Haney Aff.). Following its receipt and review of these documents, the Court ordered the defendant to supplement various interrogatory responses posed by the plaintiff's first and second interrogatory requests. (Order RE Interrogatories, dated June 12, 2006 (Dein, USMJ) attached hereto as Exhibit D to Haney Aff.).

In compliance with the Court's June 12, 2006 Order, the defendant supplemented the requisite responses and served these supplemented responses upon the plaintiff on June 26, 2006 (Defendant's Supplemented Answers to Plaintiff's Interrogatories Pursuant to the Court's June 12, 2006 Order, attached hereto as Exhibit E to Haney Aff.) and on June 29, 2006 (Defendant's Supplemented Answers to Plaintiff's Interrogatories Pursuant to the Court's June 12, 2006 Order, attached hereto as Exhibit F to Haney Aff.).

With regard to the plaintiff's requests for production of documents, the plaintiff has served two requests upon the defendant. The plaintiff's first request was served on the defendant on November 23, 2006, and the defendant served its response to this request on January 6, 2006. (Defendant, Sodexho Marriott Services' Response to Plaintiff, Flavia Benitez's First Request for Production of Documents, attached hereto as Exhibit G to Haney Aff.). The documents responsive to the plaintiff's first request were

sent under separate cover letter dated April 24, 2006 (attached hereto as Exhibit H to Haney Aff.), and constituted the plaintiff's personnel file and documents germane to the plaintiff's claims before the Massachusetts Commission Against Discrimination.

Shortly after sending the plaintiff all documents responsive to her first document production request, the defendant sent the plaintiff copies of all documents that it had obtained through numerous subpoenas. Sent under cover letter dated May 17, 2006 (attached hereto as Exhibit I to Haney Aff.), these documents constituted certain medical records that the defendant received from various medical institutions the plaintiff identified as having provided her treatment or consultation.

The plaintiff served her second request for the production of documents upon the defendant on or about May 31, 2006, and the defendant served the plaintiff with its response to this request on June 27, 2006. (Defendant, Sodexho Marriott Services' Response to Plaintiff, Flavia Benitez's Notice of Requesting to Produce Documents, attached hereto as Exhibit J to Haney Aff.). The defendant did not produce documents in response to this second request from the plaintiff, as the plaintiff's second request largely contained requests that could not be reasonably interpreted, or because the defendant had already produced documents responsive to those few requests that could be deciphered.

## ARGUMENT

The plaintiff's Motion to Compel cites a failure by the defendant to give "proper answers" to interrogatories, and claims that the defendant "fail[ed] to produce documents specified in the by the plaintiff." A Motion to Compel may be brought if a party fails to provide answers to interrogatories under Rule 33, or fails to properly respond to a request to produce or allow the inspection of documents or things under Rule 34. Fed. R. Civ. P.

162940-1

37(a)(2)(B). Prior to the filing of a Motion to Compel, however, the moving party must confer in good faith, or make an attempt to confer, with the party failing to comply with its discovery obligations. Id. See also LR, D.Mass. 37.1(A).

The plaintiff has failed to comply with the mandate of both the Federal Rules, and the Local Rules, to confer in good faith with the defendant prior to the filing of any motion to compel. Further, the plaintiff has failed to even make the attempt to confer on the issues cited in the discovery issues cited by her Motion. Due to the plaintiff's blatant disregard for the rules governing discovery disputes, the Court should deny the instant Motion.

Even were the Court to hold that the plaintiff's failure to comply with the Rules' conference requirement is not fatal, the instant Motion should still be denied as the defendant has fully complied with all its discovery obligations. The plaintiff has served upon the defendant two sets of interrogatories and two requests for the production of documents: the defendant has fully answered all of these discovery requests. In fact, at the direction of the Court, the defendant has supplemented certain of its interrogatory responses and served the plaintiff with these supplemented responses. As the defendant has responded to all of the plaintiff's discovery requests, the instant Motion is moot and should be denied, and under Rule 37(a)(4)(B), the defendant should be awarded its expenses and attorneys' fees incurred in the opposition to the plaintiff's baseless Motion to Compel.

## CONCLUSION

As the plaintiff's Motion is procedurally defective in that the plaintiff failed to conference, or attempt to conference, with the defendant as required under Rule 37 and

162940-1

Local Rule 37.1, and because the defendant has fully complied with all of its discovery obligations thereby rendering the instant Motion moot, the Court should deny the plaintiff's Motion to Compel.

### REQUEST FOR ORAL ARGUMENT

Under Local Rule 7.1, the defendant respectfully requests the opportunity to be heard on its Opposition at oral argument should the Court deem it necessary.

Respectfully submitted,

SODEXHO, INC.,
by its attorneys,

/s/ Brian M. Haney
Harry L. Manion III, BBO #: 317440
Kenneth J. Martin, BBO #: 636643
Brian M. Haney, BBO #: 661674
COOLEY MANION JONES LLP
21 Custom House Street
Boston, MA 02110
(617) 737-3100
Facsimile: (617) 737-0374

Dated: July 24, 2006

## CERTIFICATE OF SERVICE

    I, Brian M. Haney, attorney for Sodexho Marriott Services, in the above-captioned action, hereby certify that on this 24th day of July, 2006, a copy of the Defendant's Opposition to the Plaintiff's Motion to Compel, with attachments, was served via first-class mail upon the plaintiff, Flavia Benitez, at the following address:

P.O. Box 2437
Jamaica Plain, MA 02130

                                                  /s/ Brian M. Haney
                                                  Brian M. Haney

162940-1