# EXHIBIT A

## COOLEY MANION JONES LLP

JON S. BAROOSHIAN
BARBARA H. CHUANG
EARLE C. COOLEY
DONNA R. CORCORAN
CHRISTOPHER J. CUNIO
ROBERT A. DELELLO
ERIKA J. DOHERTY ●○
JENNIFER B. FUREY
MARTIN F. GAYNOR III
BRIAN D. GROSS*○
BRIAN M. HANEY
JOHN T. HUGO
TRACY A. R. JOLLY
PATRICK T. JONES*○
TIMOTHY C. KELLEHER III
RALPH R. LIGUORI-
HARRY L. MANION III
JOHN B. MANNING*
KENNETH J. MARTIN
KERRI L. MCCOMISKEY
JAIMIE A. MCKEAN
KEITH M. MCLEAN
CHRISTOPHER M. SHEEHAN
LISA M. SNYDER
JESSICA A. STACY¨
NICHOLAS D. STELLAKIS
JONATHAN F. TABASKY*†
PATRICK S. TRACEY◆
JOSHUA L. WEEMS ¨

COUNSELLORS AT LAW

21 CUSTOM HOUSE STREET

BOSTON, MASSACHUSETTS 02110-3536

(617) 737-3100

FACSIMILE (617) 737-3113

www.cmjlaw.com

PAUL F. BECKWITH
DAVID R. CAIN
LEONARD T. EVERS
ARTHUR GRIMALDO II-
FRANK A. MARINELLI*
PETER J. SCHNEIDER*○
MELODY M. WILKINSON-
OF COUNSEL

RHODE ISLAND OFFICE
ONE CENTER PLACE
PROVIDENCE, RHODE ISLAND 02903
(401) 273-0800
FAX (401) 273-0801

TEXAS OFFICE
100 EAST FIFTEENTH STREET, SUITE 320
FORT WORTH, TEXAS 76102
(817) 870-1996

¨ADMITTED IN TEXAS ONLY
*ALSO ADMITTED IN RHODE ISLAND
†ALSO ADMITTED IN CONNECTICUT
○ALSO ADMITTED IN NEW HAMPSHIRE
◆ALSO ADMITTED IN ARIZONA
○ ALSO ADMITTED IN NEW JERSEY
● ALSO ADMITTED IN PENNSYLVANIA
- ADMITTED IN RHODE ISLAND ONLY

**VIA FIRST CLASS MAIL**

January 6, 2006

Flavia Benitez
P.O. Box 302437
Jamaica Plain, MA 02130

RE:    Flavia Benitez v. Sodexho Marriott Services:
U.S. District Court, Civil Action No.: 04-CV-11959-NG

Dear Ms. Benitez:

Enclosed please find the following documents:

(1)    Defendant, Sodexho Marriott Services' Response to Plaintiff, Flavia Benitez's First Request for Production of Documents; and

(2)    Defendant's Answers to Plaintiff's First Set of Interrogatories.

Please note that the documents responsive to the plaintiff's document requests will be forwarded under separate cover letter.

COOLEY MANION JONES LLP

If you have any questions or concerns, please do not hesitate to contact me.

Very truly yours,

Brian M. Haney

enclosure
cc:   Kenneth J. Martin, Esq. (without enclosure)
      David W. Hayes, Esq.

153384-1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| FLAVIA BENITEZ,<br>　　Plaintiff, | )<br>)<br>)<br>) |  |
| v. | )<br>) | Civil Action No:  04-11959-NG |
| SODEXHO MARRIOTT SERVICES,<br>　　Defendant. | )<br>)<br>)<br>) |  |

## DEFENDANT'S ANSWERS TO
## PLAINTIFF'S FIRST SET OF INTERROGATORIES

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, the defendant,

Sodexho, Inc. ("Sodexho"), misnamed herein as Sodexho Marriott Services, hereby

responds to the Interrogatories Propounded by the plaintiff as follows:

### GENERAL OBJECTIONS AND STATEMENTS

1.    The defendant objects to each interrogatory to the extent that it seeks

information prepared or assembled in anticipation of litigation or for trial, subject to the

attorney-client privilege, or any other privilege or protection, not reasonably calculated to

lead to the discovery of admissible evidence or otherwise not within the scope of

discovery permitted by the Federal Rules of Civil Procedure.  No such information or

documents shall be produced and any inadvertent production of such information or

documents shall not be deemed and is not intended as a waiver of such.

2.    The defendant objects to the Interrogatories to the extent they are

unreasonably cumulative or duplicative, or seek information obtainable from some other

source that is more convenient, less burdensome, or less expensive.

3.    The defendant objects to the instructions contained in the Plaintiff's First

Set of Interrogatories to the extent those instructions seek to impose upon Sodexho

obligations or burdens which are greater than or inconsistent with the Federal Rules of

Civil Procedure and decline to abide by those instructions.

4.     The defendant objects to any instruction or interrogatory that purports to

impose a duty on it to undertake a search or an evaluation of information, documents or

things for which the plaintiff is equally able to search and evaluate.

5.     The defendant objects to the plaintiff's Interrogatories as unduly

burdensome in that as drafted they are compound, vague and ambiguous.

6.     The defendant objects to any instruction or interrogatory that purports to

limit the defendant's evidence in this action to particular documents, witnesses or

information disclosed herein.

7.     The defendant objects to the plaintiff's Interrogatories to the extent they

are not related to the time period or subject matter at issue with respect to the claims in

this litigation.

8.     The defendant objects to any instruction or interrogatory that purports to

impose a duty on it to provide information in the possession of former employees,

consultants, agents and representatives.

9.     Nothing contained herein is an admission regarding the relevance or

admissibility of any information, or to the truth or accuracy of any statement or

characterization contained in the plaintiff's Interrogatories.

10.     The defendant reserves the right to amend and/or supplement its

objections or responses stated herein.

11.     Whenever an objection, whether general or specific is stated herein to all

or any portion of an interrogatory, and an answer is thereafter stated to all or any portion of an Interrogatory, the answer is stated without waiver of any portion of the objection.

12.    Unless otherwise indicated, the defendant will not answer any interrogatories or portion of interrogatories encompassed by the foregoing objections.

13.    Each of the defendant's answers is subject to these General Objections and Statements.

## ANSWERS TO INTERROGATORIES

### INTERROGATORY NO. 1

Identify all persons answering these interrogatories or providing information for the answering of these interrogatories, at the time the responses to these interrogatories were prepared.

### ANSWER NO. 1

Sodexho objects to this interrogatory on the grounds that it is ambiguous and confusing as propounded to a corporate entity. The defendant also objects to this interrogatory on the ground that it seeks information protected by the attorney-client privilege, work product doctrine and/or any other applicable privilege. Without waiving, and subject to the foregoing objections and General Objections and Statements, Sodexho states that its answers herein are signed on its behalf by David W. Hayes, Vice President and Associate General Counsel, Sodexho, Inc.

### INTERROGATORY NO. 2

Identify any and all persons whom you believe or contend have knowledge of the facts and circumstances alleged in the Complaint, stating each fact you contend he, she or it knows and identifying all documents which describe, support, or otherwise reflect the

- 3 -

facts known to each such person.

## ANSWER NO. 2

Sodexho objects to this interrogatory on the grounds that it is overly broad,

unduly burdensome, and seeks information that is neither relevant nor reasonably

calculated to lead to the discovery of admissible evidence. Without waiving, and subject

to the foregoing objections and General Objections and Statements, Sodexho states that,

upon information and belief, the following individuals have knowledge regarding the

plaintiff's employment with Sodexho:

>  Flavia Benitez
>  P.O. Box 302437
>  Jamaica Plain, MA 02130
>
>  Eric Freehoff
>
>  Michael Potvin
>  Sodexho Inc.
>
>  Paul Cullivan
>  Sodexho Inc.

Additionally, Sodexho states that upon information and belief, the following

individuals have knowledge regarding the plaintiff:

>  Dr. Melissa Bender, M.D.
>  Massachusetts General Hospital
>  50 Staniford Street
>  Boston, MA 02114
>
>  Edelmira Kruger, Ph.D.
>  Massachusetts General Hospital
>  55 Fruit Street
>  Boston, MA 02114
>
>  Dr. Andrew Chan, M.D.
>  Massachusetts General Hospital – Gastroenterology Associates
>  55 Fruit Street BLK 4

Boston, MA 02114

Dr. Ramon Gonzalez, M.D.
Massachusetts General Hospital – Neuroradiology
55 Fruit Street, GRB 2
Boston, MA 02114

Dr. Carlos Fernandez-del Castillo, M.D.
15 Parkman Street
ACC / 336
Boston, MA 02114

Dr. Benjamin Seckler, M.D.
DRA Imaging, P.C.
Westgate Medical Office Building
1 Columbia Street, 1st Floor
Poughkeepsie, NY 12601

Dr. Marie Pasinski, M.D.
MGH – Charlestown
73 High Street
Charlestown, MA 02129
55 Fruit Street

Sodexho reserves the right to amend and/or supplement this response at any time

through the time of trial.

**INTERROGATORY NO. 3**

State in full the termination process by which you terminated Flavia Benitez's

employment.

**ANSWER NO. 3**

The defendant objects to this interrogatory on the grounds that it is vague and

ambiguous. Without waiving, and subject to the foregoing objections and the General

Objections and Statements, the defendant states that the plaintiff was terminated as a

result of her failure to report for her scheduled work shifts for three consecutive days.

**INTERROGATORY NO. 4**

State when and under what circumstances you first learned that Flavia Benitez was scheduled for surgery on or about January 27, 2000, describing in detail how, if at all, this information affected any decision concerning the employment of Flavia Benitez.

**ANSWER NO. 4**

The defendant objects to this interrogatory on the grounds that it is vague, ambiguous, overly broad and unduly burdensome. The defendant further objects on the ground that the specific matters within the knowledge of any person are more appropriately obtained through deposition testimony of the relevant individual. The defendant also objects to this interrogatory on the grounds that it is inappropriate and confusing as it is directed to a corporate entity.

**INTERROGATORY NO. 5**

Describe in full all information you had at any time before terminating Flavia Benitez that she was receiving medial treatment for her back, specifying when, from whom and through whom such information was received by you.

**ANSWER NO. 5**

The defendant objects to this interrogatory on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome. The defendant further objects on the ground that the specific matters within the knowledge of any person are more appropriately obtained through deposition testimony of the relevant individual. The defendant also objects to this interrogatory on the grounds that it is inappropriate and confusing as it is directed to a corporate entity.

**INTERROGATORY NO. 6**

Describe in detail Flavia Benitez's job responsibilities.

## ANSWER NO. 6

Sodexho objects to this interrogatory on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving, and subject to the foregoing objections and General Objections and Statements, Sodexho states that, plaintiff's job responsibilities while employed by Sodexho included, but were not limited to, working as a cashier; refilling various condiment dispensers, refilling various breakfast and lunch food distribution stations; refilling various flatware and napkin dispensers; refilling the Crystal Light and Minute Maid machines; breaking-down and cleaning the coffee, Crystal Light, and Minute Maid machines; and helping to maintain the cleanliness of the facilities.

## INTERROGATORY NO. 7

Describe in detail all training you provided to Flavia Benitez's supervisors concerning discrimination on the basis of handicap or disability, the duty reasonably accommodate and procedures for dealing with allegations of discrimination on the basis of handicap (including without limitation failure reasonably to accommodate), identifying:

    a.    The individual receiving the training;

    b.    All individuals responsible for scheduling and administering such training;

    c.    The dates, substance, purpose and sequential order of each training; and

    d.    All training materials used.

## ANSWER NO. 7

Sodexho objects to this interrogatory on the grounds that it is vague, ambiguous,

overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

## INTERROGATORY NO. 8

Describe in detail and produce with your answer copies of any and all documents which support, evidence, relate or otherwise pertain to any and all of your policies in effect regarding:

    a.    The accommodation of employees with handicaps or disabilities;

    b.    The investigation of allegations of discrimination on the basis of handicap or disability;

    c.    The prohibition of discrimination on the basis of handicap or disability;

    d.    Protection of employees' rights to file complaints of discrimination under federal or state law without fear of retaliation;

    e.    Non-discrimination;

    f.    Termination of employment;

    g.    Discipline;

    h.    Job security; and

    i.    Attendance.

## ANSWER NO. 8

Sodexho objects to this interrogatory on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence discovery.

## INTERROGATORY NO. 9

Please describe in detail all communications regarding plaintiff's problems on the job, including but not limited to:

a.    Identification of all documents which memorialize any communications related to job performance issues;

b.    Job-related disciplines; and

c.    The identity of each person participating in each such discipline.

## ANSWER NO. 9

Sodexho objects to this interrogatory on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. The defendant also objects to this interrogatory on the ground that it seeks information that is equally available to the plaintiff. The defendant further objects on the ground that the specific matters within the knowledge of any person are more appropriately obtained through deposition testimony of the relevant individual. Without waiving, and subject to the foregoing objection and the General Objections and Statements, the defendant directs the plaintiff to the documents produced by Sodexho in response to the plaintiff's request for production of documents.

## INTERROGATORY NO. 10

With respect to your second affirmative defense, identify the statute of limitations which you claim is applicable.

## ANSWER NO. 10

The defendant objects to this interrogatory on the grounds that it calls for a legal conclusion and the mental impressions of counsel and, therefore, is beyond the scope of permissible discovery. The defendant also objects to this interrogatory on the ground that it seeks information protected by the attorney-client privilege, work product doctrine, and/or any applicable privilege. The defendant further objects to this interrogatory on the

grounds that fact discovery is still ongoing. If appropriate, the defendant will supplement this interrogatory response at the close of discovery.

**INTERROGATORY NO. 11**

With respect to your third affirmative defense, identify all administrative remedies which you claim plaintiff has failed to exhaust.

**ANSWER NO. 11**

The defendant objects to this interrogatory on the grounds that it calls for a legal conclusion and the mental impressions of counsel and, therefore, is beyond the scope of permissible discovery. The defendant also objects to this interrogatory on the ground that it seeks information protected by the attorney-client privilege, work product doctrine, and/or any applicable privilege. The defendant further objects to this interrogatory on the grounds that fact discovery is still ongoing. If appropriate, the defendant will supplement this interrogatory response at the close of discovery.

**INTERROGATORY NO. 12**

With respect to your fourth affirmative defense, state in detail the words and actions of plaintiff which you contend stops her from recovering damages.

**ANSWER NO. 12**

The defendant objects to this interrogatory on the grounds that it calls for a legal conclusion and the mental impressions of counsel and, therefore, is beyond the scope of permissible discovery. The defendant also objects to this interrogatory on the ground that it seeks information protected by the attorney-client privilege, work product doctrine, and/or any applicable privilege. The defendant further objects to this interrogatory on the grounds that fact discovery is still ongoing. If appropriate, the defendant will supplement

this interrogatory response at the close of discovery.

## INTERROGATORY NO. 13

With respect to your fifth affirmative defense, describe in detail the words and actions of plaintiff which you contend constitutes a waiver.

## ANSWER NO. 13

The defendant objects to this interrogatory on the grounds that it calls for a legal conclusion and the mental impressions of counsel and, therefore, is beyond the scope of permissible discovery. The defendant also objects to this interrogatory on the ground that it seeks information protected by the attorney-client privilege, work product doctrine, and/or any applicable privilege. The defendant further objects to this interrogatory on the grounds that fact discovery is still ongoing. If appropriate, the defendant will supplement this interrogatory response at the close of discovery.

## INTERROGATORY NO. 14

With respect to your seventh affirmative defense, describe and explain in detail the privileges or justifications which you claim for your actions.

## ANSWER NO. 14

The defendant objects to this interrogatory on the grounds that it calls for a legal conclusion and the mental impressions of counsel and, therefore, is beyond the scope of permissible discovery. The defendant also objects to this interrogatory on the ground that it seeks information protected by the attorney-client privilege, work product doctrine, and/or any applicable privilege. The defendant further objects to this interrogatory on the grounds that fact discovery is still ongoing. If appropriate, the defendant will supplement this interrogatory response at the close of discovery.

## INTERROGATORY NO. 15

With respect to your eleventh affirmative defense, identify each and every preventive or corrective opportunity of which you claim plaintiff failed to take advantage.

## ANSWER NO. 15

The defendant objects to this interrogatory on the grounds that it calls for a legal conclusion and the mental impressions of counsel and, therefore, is beyond the scope of permissible discovery. The defendant also objects to this interrogatory on the ground that it seeks information protected by the attorney-client privilege, work product doctrine, and/or any applicable privilege. The defendant further objects to this interrogatory on the grounds that fact discovery is still ongoing. If appropriate, the defendant will supplement this interrogatory response at the close of discovery.

## INTERROGATORY NO. 16

State each and every fact and identify each document on which you relied in support of each of your affirmative defenses to plaintiff's complaint filed with the Massachusetts Commission Against Discrimination and for each of your affirmative defenses to this complaint, specifying in each case the defense to which your are referring.

## ANSWER NO. 16

Sodexho objects to this interrogatory on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. The defendant also objects to this interrogatory on the ground that it seeks information protected by the attorney-client privilege, work product doctrine, and/or any applicable privilege.

**INTERROGATORY NO. 17**

Please identify all complaints, lawsuits, or administrative charges of discrimination based on handicap or disability, including, without limitation, failure reasonably to accommodate, filed or pending against you during the period from January 1, 1998 to the present.

**ANSWER NO. 17**

Sodexho objects to this interrogatory on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 18**

Identify all documents to which you referred in preparation of each answer to each interrogatory.

**ANSWER NO. 18**

The defendant objects to this interrogatory on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome. The defendant also directs the plaintiff to the documents produced by Sodexho in response to the plaintiff's request for production of documents.

## VERIFICATION

I, David W. Hayes, Esq., Vice President and Associate General Counsel of Sodexho, Inc., hereby under oath depose and state that I have reviewed the foregoing Answers to Interrogatories; that I am without personal knowledge of all matters stated in the Answers to Interrogatories; that the foregoing Answers to Interrogatories have been assembled by authorized employees and counsel for Sodexho, Inc., who have informed me that the information in the Answers to Interrogatories is true; and that to the best of my knowledge, information and belief the information set forth in the Answers to Interrogatories is true and accurate.

I declare under penalty of perjury that the foregoing is true and correct.

David W. Hayes, Esq.
Vice President and General Counsel

Date: January 5, 2006

as to objections:

Harry L. Manion III, BBO #: 317440
Kenneth J. Martin, BBO #: 636643
Brian M. Haney, BBO #: 661674
COOLEY MANION JONES LLP
21 Custom House Street
Boston, MA 02110
(617) 737-3100

Dated: January 6, 2006

152216

- 14 -

## CERTIFICATE OF SERVICE

I, Brian M. Haney, attorney for Sodexho, Inc., misnamed herein as Sodexho Marriott Services, in the above-captioned action, hereby certify that on this 6th day of January, 2006, a copy of Defendant's Answers to Plaintiff's First Set of Interrogatories was served via first-class mail upon the plaintiff, Flavia Benitez, at the following address:

P.O. Box 302437
Jamaica Plain, MA 02130.

_____
Brian M. Haney

152216

- 15 -