EXHIBIT E

# COOLEY MANION JONES LLP

COUNSELLORS AT LAW

21 CUSTOM HOUSE STREET

BOSTON, MASSACHUSETTS 02110-3536

(617) 737-3100

FACSIMILE (617) 737-3113

www.cmjlaw.com

JON S. BAROOSHIAN
BARBARA H. CHUANG
EARLE C. COOLEY
DONNA R. CORCORAN
CHRISTOPHER J. CUNIO
ROBERT A. DELELLO*
ERIKA J. DOHERTY◆~
JENNIFER B. FUREY
MARTIN F. GAYNOR III
BRIAN D. GROSS*~
BRIAN M. HANEY
JOHN T. HUGO
TRACY A. R. JOLLY
PATRICK T. JONES*~
TIMOTHY C. KELLEHER III
RALPH R. LIGUORI*
JAMIE M. MAGNANIᵒ
HARRY L. MANION III
JOHN B. MANNING*
KENNETH J. MARTIN
KERRI L. MCCOMISKEY
JAIMIE A. MCKEAN
KEITH M. MCLEAN
CHRISTOPHER M. SHEEHAN
LISA M. SNYDER
JESSICA A. STACY~
NICHOLAS D. STELLAKIS
JONATHAN F. TABASKY*†
PATRICK S. TRACEY◆
JOSHUA L. WEEMS~

PAUL F. BECKWITH
DAVID R. CAIN
LEONARD T. EVERS
ARTHUR GRIMALDO II~
FRANK A. MARINELLI*
PETER J. SCHNEIDER*~
MELODY M. WILKINSON~
OF COUNSEL

RHODE ISLAND OFFICE
ONE CENTER PLACE
PROVIDENCE, RHODE ISLAND 02903
(401) 273-0800
FAX (401) 273-0801

TEXAS OFFICE
100 EAST FIFTEENTH STREET, SUITE 320
FORT WORTH, TEXAS 76102
(817) 870-1996

~ADMITTED IN TEXAS ONLY
*ALSO ADMITTED IN RHODE ISLAND
†ALSO ADMITTED IN CONNECTICUT
~ALSO ADMITTED IN NEW HAMPSHIRE
◆ALSO ADMITTED IN ARIZONA
ᵒALSO ADMITTED IN NEW JERSEY
●ALSO ADMITTED IN PENNSYLVANIA

## VIA FIRST CLASS MAIL

June 26, 2006

Flavia Benitez
PO Box 2437
Jamaica Plain, MA 02130

RE:    Flavia Benitez v. Sodexho Marriott Services
       U.S. District Court, Civil Action No. 04-CV-11959-NG

Dear Ms. Benitez:

Enclosed please find the Defendant's Supplemented Answers to Plaintiff's Interrogatories Pursuant to the Court's June 6, 2006 Order.

Thank you for your attention in this matter.

Very truly yours,

Brian M. Haney

enclosure

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| FLAVIA BENITEZ,<br>　　　Plaintiff, | ) ) ) ) | |
| v. | ) ) | Civil Action No: 04-11959-NG |
| SODEXHO MARRIOTT SERVICES,<br>　　　Defendant. | ) ) ) ) | |

## DEFENDANT'S SUPPLEMENTED ANSWERS TO PLAINTIFF'S INTERROGATORIES PURSUANT TO THE COURT'S JUNE 6, 2006 ORDER

Pursuant to the June 12, 2006 Order RE: Interrogatories (Dein, USMJ), the defendant Sodexho, Inc. ("Sodexho"), misnamed herein as Sodexho Marriott Services, hereby submits the following supplemented responses to the First Set of Interrogatories by Plaintiff Flavia Benitez to Defendant Sodexho, Inc. (Sodexho Marriott Services) (Interrogatory No.'s 4, 5, and 9) and Plaintiff's Second Set of Interrogatories (Interrogatory No. 14), as follows:

### GENERAL OBJECTIONS AND STATEMENTS

1.     The defendant objects to each interrogatory to the extent that it seeks information prepared or assembled in anticipation of litigation or for trial, subject to the attorney-client privilege, or any other privilege or protection, not reasonably calculated to lead to the discovery of admissible evidence or otherwise not within the scope of discovery permitted by the Federal Rules of Civil Procedure.  No such information or documents shall be produced and any inadvertent production of such information or documents shall not be deemed and is not intended as a waiver of such.

2.     The defendant objects to the Interrogatories to the extent they are unreasonably cumulative or duplicative, or seek information obtainable from some other source that is more convenient, less burdensome, or less expensive.

3.     The defendant objects to any interrogatory that purports to impose a duty on it to undertake a search or an evaluation of information, documents or things for which the plaintiff is equally able to search and evaluate.

4.     The defendant objects to the plaintiff's Interrogatories as unduly burdensome in that as drafted they are compound, vague and ambiguous.

5.     The defendant objects to any interrogatory that purports to limit the defendant's evidence in this action to particular documents, witnesses or information disclosed herein.

6.     The defendant objects to the plaintiff's Interrogatories to the extent they are not related to the time period or subject matter at issue with respect to the claims in this litigation.

7.     The defendant objects to any interrogatory that purports to impose a duty on it to provide information in the possession of former employees, consultants, agents and representatives.

8.     The defendant reserves the right to assert additional objections to the production of information or documents as appropriate and to supplement or change these objections and responses.  The defendant specifically reserves all objections as to the competency, materiality, and admissibility of its documents and information or the subject matter thereof, all objections as to burden, vagueness, overbreadth, and ambiguity, and all rights to object on any ground to the use of any document, or the

161708-1

subject matter thereof, in any subsequent proceeding, including without limitation, the trial of this or any other action.

9.    The defendant's decision to provide information or documents should not be construed as: (a) a stipulation that the material is relevant; (b) a waiver of the general objections or the objections asserted in response to specific interrogatories; (c) an admission that any such documents or information exists; (d) an agreement that requests for similar information will be traded in a similar matter; or (e) an admission regarding the relevant, admissibility, truth, or accuracy of any information or statement.

10.    Whenever an objection, whether general or specific is stated herein to all or any portion of an interrogatory, and an answer is thereafter stated to all or any portion of an interrogatory, the answer is stated without waiver of any portion of the objection.

11.    Unless otherwise indicated, the defendant will not answer any interrogatories or portion of interrogatories encompassed by the foregoing objections.

12.    Each of the defendant's answers is subject to these General Objections and Statements.

## SUPPLEMENTED ANSWERS TO INTERROGATORIES

### INTERROGATORY NO. 4

State when and under what circumstances you first learned that Flavia Benitez was scheduled for surgery on or about January 27, 2000, describing in detail how, if at all, this information affected any decision concerning the employment of Flavia Benitez.

### RESPONSE NO. 4

The defendant states that it did not learn that Benitez was scheduled to have surgery on January 27, 2000, or that Benitez did in fact have surgery on January 27,

2000, until after January 31, 2000. The defendant states that Benitez only informed her former supervisor of her alleged surgery after January 31, 2000. Sodexho further states that as her former supervisors had no knowledge of her alleged surgery, it had no impact on any decision concerning Benitez's employment.

## INTERROGATORY NO. 5

Describe in full all information you had at any time before terminating Flavia Benitez that she was receiving medical treatment for her back, specifying when, from whom and through whom such information was received by you.

## RESPONSE NO. 5

The defendant states that at no time prior to conclusion of Benitez's employment at Sodexho was it aware that Benitez was receiving medical treatment for her back.

## INTERROGATORY NO. 9

Please describe in detail all communications regarding plaintiff's problems on the job, including but not limited to:

a.    Identification of all documents which memorialize any communications related to job performance issues;

b.    Job-related disciplines; and

c.    The identity of each person participating in each such discipline.

## RESPONSE NO. 9

Sodexho states that on a number of occasions, Benitez was verbally warned by her former supervisor about attendance and appearance issues. The defendant further states that Benitez's personnel file at Sodexho contains the following communications regarding problems on the job:

161708-1

(1)     Performance Warning Form (verbal) (undated), that references three

unexcused absences as of January 1, 1999, and one early dismissal;

(2)     Discipline Action Report (written warning) (dated December 10, 1999),

that references Benitez being tardy for her shift on December 10, 1999,

being out of work on unexcused absences six times since her last warning,

taking eight excused days off, and being tardy four times; and

(3)     Letter to Benitez (dated January 31, 2000), that references Benitez's

unexcused absence from work for the three consecutive days of January

26, 27, and 28, 2000, and states that Sodexho considers such action on

Benitez's part to be a voluntary termination from her employment with

Sodexho.

## INTERROGATORY NO. 14

Can you Sodexho-Marriott explain what happened with my medical, dental

insurance.

a.      Explain was it cancelled?

b.      Who did cancel it?

c.      Date and time that it was cancelled?

## RESPONSE NO. 14

a.      The defendant states that Benitez's medical and dental insurance was

cancelled.

b.      Sodexho states that Benitez's medical and dental insurance would have

been cancelled by Sodexho's Benefits Department.

161708-1

c.     Sodexho states that the request for the cancellation of Benitez's medical and dental insurance was made on or after January 31, 2000, and that Benitez's medical and dental insurance was cancelled effective January 25, 2000.

## VERIFICATION

I, David W. Hayes, Esq., Vice President and Associate General Counsel of Sodexho, Inc., hereby under oath depose and state that I have reviewed the foregoing Supplemented Answers to Plaintiff's Interrogatories; that I am without personal knowledge of all matters stated in the Supplemented Answers to Plaintiff's Interrogatories; that the foregoing Supplemented Answers to Plaintiff's Interrogatories have been assembled by authorized employees and counsel for Sodexho, Inc., who have informed me that the information in the Supplemented Answers to Plaintiff's Interrogatories is true; and that to the best of my knowledge, information and belief the information set forth in the Supplemented Answers to Plaintiff's Interrogatories is true and accurate.

I declare under penalty of perjury that the foregoing is true and correct.

Date: _____

David W. Hayes, Esq.
Vice President and General Counsel


as to objections:

_____
Harry L. Manion III, BBO # 317440
Kenneth J. Martin, BBO #: 636643
Brian M. Haney, BBO #: 661674
COOLEY MANION JONES LLP
21 Custom House Street
Boston, MA 02110
(617) 737-3100

Dated: _____

161708-1

## CERTIFICATE OF SERVICE

I, Brian M. Haney, attorney for Sodexho, Inc., misnamed herein as Sodexho Marriott Services, in the above-captioned action, hereby certify that on this 26th day of June, 2006, a copy of Defendant's Supplemented Answers to Plaintiff's Interrogatories Pursuant to the Court's June 6, 2006 Order was served via first-class mail upon the plaintiff, Flavia Benitez, at the following address:

P.O. Box 2437
Jamaica Plain, MA 02130.


_____
Brian M. Haney

161708-1