JON S. BAROOSHIAN
BARBARA H. CHUANG
EARLE C. COOLEY
DONNA R. CORCORAN
CHRISTOPHER J. CUNIO
ROBERT A. DELELLO°
ERIKA J. DOHERTY●○
JENNIFER B. FUREY
MARTIN F. GAYNOR III
BRIAN D. GROSS*°
BRIAN M. HANEY
JOHN T. HUGO
TRACY A. R. JOLLY
PATRICK T. JONES*°
TIMOTHY C. KELLEHER III
RALPH R. LIGUORI*
JAMIE M. MAGNANI○
HARRY L. MANION III
JOHN B. MANNING*
KENNETH J. MARTIN
KERRI L. MCCOMISKEY
JAIMIE A. MCKEAN
KEITH M. MCLEAN
CHRISTOPHER M. SHEEHAN
LISA M. SNYDER
JESSICA A. STACY~
NICHOLAS D. STELLAKIS
JONATHAN F. TABASKY*†
PATRICK S. TRACEY♦
JOSHUA L. WEEMS~

# COOLEY MANION JONES LLP

COUNSELLORS AT LAW

21 CUSTOM HOUSE STREET

BOSTON, MASSACHUSETTS 02110-3536

(617) 737-3100

FACSIMILE (617) 737-3113

www.cmjlaw.com

PAUL F. BECKWITH
DAVID R. CAIN
LEONARD T. EVERS
ARTHUR GRIMALDO II~
FRANK A. MARINELLI*
PETER J. SCHNEIDER*°
MELODY M. WILKINSON~
OF COUNSEL

RHODE ISLAND OFFICE
ONE CENTER PLACE
PROVIDENCE, RHODE ISLAND 02903
(401) 273-0800
FAX (401) 273-0801

TEXAS OFFICE
100 EAST FIFTEENTH STREET, SUITE 320
FORT WORTH, TEXAS 76102
(817) 870-1996

~ADMITTED IN TEXAS ONLY
*ALSO ADMITTED IN RHODE ISLAND
†ALSO ADMITTED IN CONNECTICUT
°ALSO ADMITTED IN NEW HAMPSHIRE
♦ALSO ADMITTED IN ARIZONA
○ALSO ADMITTED IN NEW JERSEY
●ALSO ADMITTED IN PENNSYLVANIA

**VIA FIRST CLASS MAIL**

June 29, 2006

Flavia Benitez
PO Box 2437
Jamaica Plain, MA 02130

RE:  Flavia Benitez v. Sodexho Marriott Services
    U.S. District Court, Civil Action No. 04-CV-11959-NG

Dear Ms. Benitez:

Enclosed please find the Defendant's Supplemented Answers to Plaintiff's Interrogatories Pursuant to the Court's June 6, 2006 Order.

Thank you for your attention in this matter.

Very truly yours,

Brian M. Haney

enclosure

162253-1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FLAVIA BENITEZ,<br>    Plaintiff,<br><br>v.<br><br>SODEXHO MARRIOTT SERVICES,<br>    Defendant. | Civil Action No: 04-11959-NG |

### DEFENDANT'S SUPPLEMENTED ANSWERS TO PLAINTIFF'S INTERROGATORIES PURSUANT TO THE COURT'S JUNE 6, 2006 ORDER

Pursuant to the June 12, 2006 Order RE: Interrogatories (Dein, USMJ), the defendant Sodexho, Inc. ("Sodexho"), misnamed herein as Sodexho Marriott Services, hereby submits the following supplemented responses to the First Set of Interrogatories by Plaintiff Flavia Benitez to Defendant Sodexho, Inc. (Sodexho Marriott Services) as follows:

### GENERAL OBJECTIONS AND STATEMENTS

1.  The defendant objects to each interrogatory to the extent that it seeks information prepared or assembled in anticipation of litigation or for trial, subject to the attorney-client privilege, or any other privilege or protection, not reasonably calculated to lead to the discovery of admissible evidence or otherwise not within the scope of discovery permitted by the Federal Rules of Civil Procedure. No such information or documents shall be produced and any inadvertent production of such information or documents shall not be deemed and is not intended as a waiver of such.

162049-1

2. The defendant objects to the Interrogatories to the extent they are unreasonably cumulative or duplicative, or seek information obtainable from some other source that is more convenient, less burdensome, or less expensive.

3. The defendant objects to any interrogatory that purports to impose a duty on it to undertake a search or an evaluation of information, documents or things for which the plaintiff is equally able to search and evaluate.

4. The defendant objects to the plaintiff's Interrogatories as unduly burdensome in that as drafted they are compound, vague and ambiguous.

5. The defendant objects to any interrogatory that purports to limit the defendant's evidence in this action to particular documents, witnesses or information disclosed herein.

6. The defendant objects to the plaintiff's Interrogatories to the extent they are not related to the time period or subject matter at issue with respect to the claims in this litigation.

7. The defendant objects to any interrogatory that purports to impose a duty on it to provide information in the possession of former employees, consultants, agents and representatives.

8. The defendant reserves the right to assert additional objections to the production of information or documents as appropriate and to supplement or change these objections and responses. The defendant specifically reserves all objections as to the competency, materiality, and admissibility of its documents and information or the subject matter thereof, all objections as to burden, vagueness, overbreadth, and ambiguity, and all rights to object on any ground to the use of any document, or the

162049-1

subject matter thereof, in any subsequent proceeding, including without limitation, the trial of this or any other action.

9. The defendant's decision to provide information or documents should not be construed as: (a) a stipulation that the material is relevant; (b) a waiver of the general objections or the objections asserted in response to specific interrogatories; (c) an admission that any such documents or information exists; (d) an agreement that requests for similar information will be traded in a similar matter; or (e) an admission regarding the relevant, admissibility, truth, or accuracy of any information or statement.

10. Whenever an objection, whether general or specific is stated herein to all or any portion of an interrogatory, and an answer is thereafter stated to all or any portion of an interrogatory, the answer is stated without waiver of any portion of the objection.

11. Unless otherwise indicated, the defendant will not answer any interrogatories or portion of interrogatories encompassed by the foregoing objections.

12. Each of the defendant's answers is subject to these General Objections and Statements.

## SUPPLEMENTED ANSWERS TO INTERROGATORIES

### INTERROGATORY NO. 10

With respect to your second affirmative defense, identify the statute of limitations which you claim applicable.

### ANSWER NO. 10

Sodexho withdraws this objection.

162049-1

**INTERROGATORY NO. 11**

With respect to your third affirmative defense, identify all administrative remedies which you claim plaintiff has failed to exhaust.

**ANSWER NO. 11**

The defendant states that the administrative proceedings initiated by Benitez were dismissed with prejudice due to Benitez's failure to comply with discovery orders and procedures, and that Benitez therefore failed to pursue all administrative remedies available to her. The defendant reserves the right to supplement this response at the conclusion of discovery.

**INTERROGATORY NO. 12**

With respect to your fourth affirmative defense, state in detail the words and actions of plaintiff which you contend stops her from recovering damages.

**ANSWER NO. 12**

The defendant states that Benitez voluntarily terminated her position at Sodexho because she did not report to work for three consecutive days, and she did not inform Sodexho of her reasons why she did not report to work. The defendant states that because its termination of Benitez's employment was justified based on the information known to it at the time, Benitez is precluded from seeking damages from Sodexho. The defendant reserves the right to supplement this response at the conclusion of discovery.

**INTERROGATORY NO. 13**

With respect to your fifth affirmative defense, describe in detail the words and actions of plaintiff which you contend constitutes a waiver.

162049-1

**ANSWER NO. 13**

The defendant states that Benitez voluntarily terminated her position at Sodexho because she did not report to work for three consecutive days, and she did not inform Sodexho of her reasons why she did not report to work. The defendant reserves the right to supplement this response at the conclusion of discovery.

**INTERROGATORY NO. 14**

With respect to your seventh affirmative defense, describe and explain in detail the privileges or justifications which you claim for your actions.

**ANSWER NO. 14**

The defendant states that Benitez voluntarily terminated her position at Sodexho because she did not report to work for three consecutive days, and she did not inform Sodexho of her reasons why she did not report to work. The defendant states that based on the knowledge it possessed at the time of Benitez's three-day absence, Sodexho's decision to terminate Benitez's employment at Sodexho was justified based upon legitimate business reasons. The defendant reserves the right to supplement this response at the conclusion of discovery.

**INTERROGATORY NO. 15**

With respect to your eleventh affirmative defense, identify each and every preventative or corrective opportunity of which you claim plaintiff failed to take advantage.

**ANSWER NO. 15**

The defendant states that prior to not reporting for work for three consecutive days, and not informing Sodexho of the reasons why she did not report for work, Benitez

162049-1

had the opportunity to speak with her former supervisor(s) at Sodexho but failed to do so. The defendant reserves the right to supplement this response at the conclusion of discovery.

162049-1

## VERIFICATION

I, David W. Hayes, Esq., Vice President and Associate General Counsel of Sodexho, Inc., hereby under oath depose and state that I have reviewed the foregoing Defendant's Supplemented Answers to Plaintiff's Interrogatories Pursuant to the Court's June 6, 2006 Order; that I am without personal knowledge of all matters stated in the Defendant's Supplemented Answers to Plaintiff's Interrogatories Pursuant to the Court's June 6, 2006 Order; that the foregoing Defendant's Supplemented Answers to Plaintiff's Interrogatories Pursuant to the Court's June 6, 2006 Order have been assembled by authorized employees and counsel for Sodexho, Inc., who have informed me that the information in the Defendant's Supplemented Answers to Plaintiff's Interrogatories Pursuant to the Court's June 6, 2006 Order is true; and that to the best of my knowledge, information and belief the information set forth in the Defendant's Supplemented Answers to Plaintiff's Interrogatories Pursuant to the Court's June 6, 2006 Order is true and accurate.

I declare under penalty of perjury that the foregoing is true and correct.

_____            Date: June 29, 2006
David W. Hayes, Esq.
Vice President and General Counsel


as to objections:

_____
Harry L. Manion III, BBO #: 317440
Kenneth J. Martin, BBO #: 636643
Brian M. Haney, BBO #: 661674
COOLEY MANION JONES LLP
21 Custom House Street
Boston, MA 02110
(617) 737-3100


Dated: June 29, 2006

162049-1

## CERTIFICATE OF SERVICE

    I, Brian M. Haney, attorney for Sodexho, Inc., misnamed herein as Sodexho Marriott Services, in the above-captioned action, hereby certify that on this 29th day of June, 2006, a copy of Defendant's Supplemented Answers to Plaintiff's Interrogatories Pursuant to the Court's June 6, 2006 Order was served via first-class mail upon the plaintiff, Flavia Benitez, at the following address:

P.O. Box 2437
Jamaica Plain, MA 02130.

                                                                                      _____
                                                                                      Brian M. Haney