JON S. BAROOSHIAN
BARBARA H. CHUANG
EARLE C. COOLEY
DONNA R. CORCORAN
CHRISTOPHER J. CUNIO
ROBERT A. DELELLO°
ERIKA J. DOHERTY●○
JENNIFER B. FUREY
MARTIN F. GAYNOR III
BRIAN D. GROSS*°
BRIAN M. HANEY
JOHN T. HUGO
TRACY A. R. JOLLY
PATRICK T. JONES*°
TIMOTHY C. KELLEHER III
RALPH R. LIGUORI*
JAMIE M. MAGNANI○
HARRY L. MANION III
JOHN B. MANNING*
KENNETH J. MARTIN
KERRI L. MCCOMISKEY
JAIMIE A. MCKEAN
KEITH M. MCLEAN
CHRISTOPHER M. SHEEHAN
LISA M. SNYDER
JESSICA A. STACY¨
NICHOLAS D. STELLAKIS
JONATHAN F. TABASKY*†
PATRICK S. TRACEY♦
JOSHUA L. WEEMS¨

# COOLEY MANION JONES LLP

COUNSELLORS AT LAW

21 CUSTOM HOUSE STREET

BOSTON, MASSACHUSETTS 02110-3536

(617) 737-3100

FACSIMILE (617) 737-3113

www.cmjlaw.com

PAUL F. BECKWITH
DAVID R. CAIN
LEONARD T. EVERS
ARTHUR GRIMALDO II¨
FRANK A. MARINELLI*
PETER J. SCHNEIDER*°
MELODY M. WILKINSON¨
OF COUNSEL

RHODE ISLAND OFFICE
ONE CENTER PLACE
PROVIDENCE, RHODE ISLAND 02903
(401) 273-0800
FAX (401) 273-0801

TEXAS OFFICE
100 EAST FIFTEENTH STREET, SUITE 320
FORT WORTH, TEXAS 76102
(817) 870-1996

¨ADMITTED IN TEXAS ONLY
*ALSO ADMITTED IN RHODE ISLAND
†ALSO ADMITTED IN CONNECTICUT
¨ALSO ADMITTED IN NEW HAMPSHIRE
♦ALSO ADMITTED IN ARIZONA
○ALSO ADMITTED IN NEW JERSEY
●ALSO ADMITTED IN PENNSYLVANIA

**VIA FIRST CLASS MAIL**

June 27, 2006

Flavia Benitez
PO Box 2437
Jamaica Plain, MA 02130

      RE:    Flavia Benitez v. Sodexho Marriott Services
              U.S. District Court, Civil Action No. 04-CV-11959-NG

Dear Ms. Benitez:

    Enclosed please find Defendant, Sodexho Marriott Services' Response to Plaintiff, Flavia Benitez's Notice of Requesting to Produce Documents.

    Thank you for your attention in this matter.

Very truly yours,

Brian M. Haney

enclosure

162004-1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FLAVIA BENITEZ,<br>    Plaintiff,<br><br>v.<br><br>SODEXHO MARRIOTT SERVICES,<br>    Defendant. | Civil Action No: 04-11959-NG |

### DEFENDANT, SODEXHO MARRIOTT SERVICES' RESPONSE TO PLAINTIFF, FLAVIA BENITEZ'S NOTICE OF REQUESTING TO PRODUCE DOCUMENTS

Pursuant to Fed. R. Civ. P. 34, and Local Rule 34, defendant, Sodexho, Inc. ("Sodexho"), misnamed herein as Sodexho Marriott Services, Inc., hereby responds to the plaintiff, Flavia Benitez's ("Benitez") Notice of Requesting to Produce Documents as follows:

### GENERAL OBJECTIONS AND STATEMENTS

1. Sodexho objects to each Request to the extent that it seeks information prepared or assembled in anticipation of litigation or for trial, subject to the attorney-client privilege, or any other privilege or protection, not reasonably calculated to lead to the discovery of admissible evidence or otherwise not within the scope of discovery permitted by the Federal Rules of Civil Procedure.

2. Sodexho's response shall not be deemed to constitute an admission: (1) that any particular document exists, is relevant, or is admissible in evidence; or (2) that any statement or characterization in the requests is accurate or complete.

3. Any inadvertent production by Sodexho of documents containing

161862-1

information protected from disclosure by the attorney-client privilege, work product doctrine or any other privilege or protection, shall not constitute a waiver by the defendant of such protection.

4.  Sodexho objects to the plaintiff's requests to the extent that they are vague, ambiguous, overbroad, oppressive, overly burdensome, expensive or are not reasonably calculated to lead to the discovery of admissible evidence.

5.  Sodexho objects to the plaintiff's requests to the extent they are not related to the time period or subject matter at issue.

6.  Sodexho objects to any request that purports to compel Sodexho to create documents that do not already exist.

7.  Sodexho objects to any request that purports to impose a duty on it to undertake a search for documents or things beyond a diligent search of its files where documents responsive to these requests would reasonably be found. Sodexho has diligently searched for documents responsive to these requests and will supplement its production if any additional responsive, non-privileged documents are located.

8.  Sodexho objects to any request that purports to impose a duty on it to provide documents that are not in its possession, custody or control.

9.  Sodexho objects to these requests to the extent the requests seek confidential and proprietary information. Any confidential or propriety information will only be produced after the parties have agreed to a suitable stipulation of confidentiality.

10. Sodexho objects to the instructions applicable to the plaintiff's request for documents to the extent those instructions seek to impose upon Sodexho obligations or burdens which are greater than or inconsistent with the Federal Rules of Civil Procedure

161862-1

and decline to abide by those instructions.

11. Sodexho reserves the right to supplement or amend the objections and responses stated herein and to object to the admissibility in evidence of any portion of the documents produced in response to plaintiff's demands, or any of the information contained therein, at any hearing or trial in this action.

12. Wherever an objection, whether general or specific, is stated herein to all or any portion of a request, and an answer is thereafter stated to all or any portion of the request, the answer is stated without waiver of any portion to the objection.

13. Unless otherwise stated, Sodexho will not produce any documents or things encompassed by the foregoing objections.

14. Each of Sodexho's responses are subject to these General Objections and Statements.

## DOCUMENT REQUESTS

**REQUEST NO. 1**

Request for a copy of "all" Flavia Benitez personnel file employment.

**RESPONSE NO. 1**

Sodexho objects to this request on the ground that the information sought by this request is in the plaintiff's possession and has already been produced to Benitez in response to the Plaintiff's First Request for the Production of Documents.

**REQUEST NO. 2**

Flavia Benitez job duties and responsabilities / date of employment.

**RESPONSE NO. 2**

Sodexho objects to this request on the ground that it cannot reasonably be

161862-1

interpreted as a request for documents or things, and therefore is improper under Fed. R. Civ. P. 34(b). Moreover, Sodexho objects to this request on the grounds that it is vague, ambiguous, and seeks information neither relevant nor reasonably calculated to lead to the discovery of relevant evidence. Additionally, Sodexho objects to this request on the ground that it is nonsensical and cannot reasonably by interpreted as currently drafted.

**REQUEST NO. 3**

Flavia Benitez performances/ reviews date. Review before /after Sodexho-Marriott.

**RESPONSE NO. 3**

Sodexho objects to this request on the ground that it cannot reasonably be interpreted as a request for documents or things, and therefore is improper under Fed. R. Civ. P. 34(b). Moreover, Sodexho objects to this request on the grounds that it is vague, ambiguous, and seeks information neither relevant nor reasonably calculated to lead to the discovery of relevant evidence. Additionally, Sodexho objects to this request on the ground that it is nonsensical and cannot reasonably by interpreted as currently drafted.

**REQUEST NO. 4**

Name of each supervisor /cash managers before/ after Sodexho-Marriott.

**RESPONSE NO. 4**

Sodexho objects to this interrogatory on the ground that it cannot reasonably be interpreted as a request for documents or things, and therefore is improper under Fed. R. Civ. P. 34(b). Moreover, Sodexho objects to this request on the grounds that it is vague, ambiguous, and seeks information neither relevant nor reasonably calculated to lead to the discovery of relevant evidence.

161862-1

**REQUEST NO. 5**

Names of all individuals who took action or participation in the wrongdoing action taken against the plaintiff / his or her position in each company that the individual belong to.

**RESPONSE NO. 5**

Sodexho objects to this request on the ground that it cannot reasonably be interpreted as a request for documents or things, and therefore is improper under Fed. R. Civ. P. 34(b). Moreover, Sodexho objects to this request on the grounds that it is vague, ambiguous, and confusing. Additionally, Sodexho objects to this request on the ground that as currently drafted it is nonsensical, cannot be reasonably interpreted, and calls for a hypothetical conclusion.

**REQUEST NO. 6**

Full names and last address of all cashiers and co-workers.

**RESPONSE NO. 6**

Sodexho objects to this request on the ground that it cannot reasonably be interpreted as a request for documents or things, and therefore is improper under Fed. R. Civ. P. 34(b). Moreover, Sodexho objects to this request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and seeks information that is neither relevant not reasonably calculated to lead to the discovery of relevant evidence.

**REQUEST NO. 7**

Any repord of wrongdoing .

**RESPONSE NO. 7**

Sodexho objects to this request on the grounds that it is vague, ambiguous, overly

161862-1

broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant evidence. Moreover, Sodexho objects to this request on the ground that the information sought by this request is in the plaintiff's possession and has already been produced to Benitez in response to the Plaintiff's First Request for the Production of Documents.

**REQUEST NO. 8**

Any possible changes in working conditions.

**RESPONSE NO. 8**

Sodexho objects to this request on the ground that it cannot reasonably be interpreted as a request for documents or things, and therefore is improper under Fed. R. Civ. P. 34(b). Moreover, Sodexho objects to this request on the grounds that it is vague, ambiguous, and confusing. Additionally, Sodexho objects to this request on the ground that as currently drafted it is nonsensical, cannot be reasonably interpreted, and calls for a hypothetical conclusion.

**REQUEST NO. 9**

Termination procedures policy.

**RESPONSE NO. 9**

Sodexho objects to this request on the ground that it cannot reasonably be interpreted as a request for documents or things, and therefore is improper under Fed. R. Civ. P. 34(b). Moreover, Sodexho objects to this request on the grounds that it is vague, ambiguous, and confusing. Additionally, Sodexho objects to this request on the ground that as currently drafted it is nonsensical, cannot be reasonably interpreted, and calls for a hypothetical conclusion.

161862-1

**REQUEST NO. 10**

Request for a sworn statement affidavit from Sodexho-Marriott about the plaintiff complain including insurance in full details ,facts events at work place from 8/18/1997 to 1/ 15/2000 .File#04-CV-11959-NG.

**RESPONSE NO. 10**

Sodexho objects to this request on the ground that it cannot reasonably be interpreted as a request for documents or things, and therefore is improper under Fed. R. Civ. P. 34(b). Moreover, Sodexho objects to this request on the grounds that it is vague, ambiguous, and confusing. Additionally, Sodexho objects to this request on the ground that as currently drafted it is nonsensical, cannot be reasonably interpreted, and calls for a hypothetical conclusion.

161862-1

**REQUEST NO. 11**

All answers under M. G.L.A (c) 8.12

**RESPONSE NO. 11**

Sodexho objects to this request on the ground that it cannot reasonably be interpreted as a request for documents or things, and therefore is improper under Fed. R. Civ. P. 34(b). Moreover, Sodexho objects to this request on the grounds that it is vague, ambiguous, and confusing. Additionally, Sodexho objects to this request on the ground that as currently drafted it is nonsensical, cannot be reasonably interpreted, and calls for a hypothetical conclusion.

SODEXHO, INC.,
by its attorneys,

_____
Harry L. Manion III, BBO #: 317440
Kenneth J. Martin, BBO #: 636643
Brian M. Haney, BBO #: 661674
COOLEY MANION JONES LLP
21 Custom House Street
Boston, MA 02110
(617) 737-3100
Facsimile: (617) 737-0374

Dated: June 27, 2006

161862-1