UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| FLAVIA BENITEZ,<br>  Plaintiff,<br><br>v.<br><br>SODEXHO MARRIOTT SERVICES,<br>  Defendant. | )<br>)<br>)<br>)<br>)  C.A. NO.: 04-11959-NG<br>)<br>)<br>)<br>) |

## DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT
## OF ITS MOTION FOR SUMMARY JUDGMENT

  The defendant, Sodexho, Inc., ("Sodexho"), misnamed herein as Sodexho Marriott Services, respectfully submits this Memorandum of Law in Support of its Motion for Summary Judgment. In support thereof, Sodexho states that the plaintiff, Flavia Benitez ("Benitez") cannot establish that she is disabled under the Americans with Disabilities Act ("ADA"), and therefore, Sodexho is entitled to judgment as a matter of law. For the following reasons, Sodexho respectfully requests that this Court grant Sodexho summary judgment on the only count of the plaintiff's complaint.

## INTRODUCTION

  The plaintiff is a former employee of Sodexho and alleges that she was discriminated against because of an alleged disability. (See Amended Complaint and Jury Request of Flavia Benitez at ¶ 11, attached to Affidavit of Brian M. Haney as Exhibit A). In support of her claim, the plaintiff points to an alleged "back injury" that required surgery in January, 1999. (See Id. at ¶ 6). As discussed below, even accepting the plaintiff's version of the facts as true, the plaintiff's "back injury" is not a disability as that term is defined under the ADA. In fact, the plaintiff's alleged "back injury" was a

lipoma on her back that was excised during outpatient surgery which lasted less than one hour. The plaintiff's lipoma is not a physical or mental impairment that substantially limited one or more of her major life activities and therefore the plaintiff's claim under the ADA must fail.

## STATEMENT OF UNDISPUTED FACTS[1]

By way of background, Sodexho provides food and management services to businesses, hospitals and schools throughout the United States. The plaintiff was employed by Sodexho as a cashier in a café located at 100 Federal Street in Boston from August, 1997 through January, 2000. (See Deposition of Flavia Benitez at pgs. 15-20, the relevant portions of which are attached to Haney Aff. as Exhibit B).

The plaintiff alleges that in December, 1999, she informed her supervisors at Sodexho that she needed to have back surgery. (See Exhibit B at pgs. 40-41, 99-100). The plaintiff states that she did not inform anyone at Sodexho of the reason why this back surgery was necessary. (See Id. at pgs. 99-100). According to the plaintiff, when she informed her supervisor that she needed time off around January 27, 2000, she was informed that she could not have those specific dates off, apparently because another employee had already requested that time period for vacation. (See Id. at pgs. 37, 45). Although she was informed that she could not have January 27, 2000 off from work, the plaintiff did not try to reschedule her surgery. (See Id. at pgs. 37-38, 56). The plaintiff was out of work from January 26 through January 28, 2000. (See Correspondence dated January 31, 2000, attached to Haney Aff. as Exhibit C). As a result of these unauthorized

---

[1] The facts contained in this memorandum are drawn primarily from the plaintiff's deposition and her medical records and represent the facts in a light most favorable to the plaintiff. The defendant does not concede these facts and reserves the right to challenge the facts contained in this memorandum at later proceedings and/or at trial if necessary.

absences, Sodexho sent correspondence to Benitez confirming her voluntary termination from her position with Sodexho. (See Id.).

### A. The Plaintiff's "Back Injury"

The "back injury" for which the plaintiff needed surgery on January 27, 2000 was a lipoma[2] removed from the surface of her back. (See Office Note from Massachusetts General Hospital, attached to the Haney Aff. as Exhibit D). The surgery was conducted on an outpatient basis at Massachusetts General Hospital and required approximately fifty-one minutes to complete.[3] (See Exhibit B at pgs. 55-56; Massachusetts General Hospital Operative Report, attached to Haney Aff. as Exhibit E).[4] The plaintiff did not endure any complications from this procedure, and required no further treatment or physical therapy with respect to her lipoma. (See Exhibit B at pgs. 70, 93). The plaintiff's doctor fully released her to work beginning on February 15, 2000. (See Id. at pgs. 73-74; Medical Provider Statement, attached to Haney Aff. as Exhibit F). Moreover, following February 14, 2000, the plaintiff was under no medically-imposed restrictions, and admits that she was fully capable of returning to work and that any issues relating to her lipoma were completely resolved. (See Exhibit B at pgs. 70-74, 93-95, 138).

Additionally, both prior to and after her surgery on January 27, 2000, the plaintiff's lipoma did not affect her ability to:

(1)   walk (Exhibit B at pgs. 139, 144-45);

---

[2] A lipoma is defined as a fatty tumor. TABER'S CYCLOPEDIC MEDICAL DICTIONARY 1118-1119 (18th ed. 1997).

[3] At one point in her deposition the plaintiff claimed that the lipoma removed on January 27, 2000 was located in her spine, between her nerves. (See Exhibit B at pgs. 50, 54-55). The Operative Report filed by the surgeon who excised the plaintiff's lipoma, however, clearly establishes that the lipoma was removed from the surface of the plaintiff's back. (See Exhibit E).

[4] Also during this fifty-one minute procedure on January 27, 2000, the plaintiff's surgeon removed a skin tag from the plaintiff's right thigh, and removed a segment of the plaintiff's cesarean section scar. (See Id.).

(2)    see (Id. at pgs. 139, 162-166);

(3)    hear (Id. at pgs. 76, 139, 166);

(4)    speak (Id. at pgs. 76-77, 139-140, 166);

(5)    breathe (Id. at pgs. 77, 140, 166-68);

(6)    learn (Id. at pgs. 77-78, 142, 168);

(7)    care for herself (Id. at pgs. 82-92, 142-44, 169-170); or

(8)    work (Id. at pgs. 138, 170-71).

**B. Additional Back Issue**

Although not referenced in her complaint, throughout her deposition the plaintiff referred to another issue with her back consisting of back pain due to hernia(s).[5] (See Exhibit B at pgs. 32-33, 50, 55, 70, 80, 88-89). The record is devoid of any diagnosis that the plaintiff suffered from a hernia at any time. While the plaintiff did have an MRI on her back, this examination did not reveal the existence of a hernia, but indicated the "existence of degenerative disc disease at the L4 nerve root, no acute disc herniation, and probable hemangioma involving L4." (See Massachusetts General Hospital Final Radiological Consultation, attached to Haney Aff. as Exhibit G). The follow-up evaluation to the plaintiff's MRI called for a conservative course of treatment with physical therapy to address this issue. (See Massachusetts General Hospital Progress Notes, attached to Haney Aff. as Exhibit H). Although initially recommended, the plaintiff has not received physical therapy for this alleged back problem. (Exhibit B at pgs. 111-12, 134-35).

---

[5] The plaintiff admits that she never informed Sodexho of any issues she may have had relating to any alleged hernias. (See Exhibit B at pg. 110).

Regardless of the plaintiff's diagnosis, it is undisputed that the additional back issue referenced by the plaintiff did not affect her ability to walk, see, hear, speak, breath, learn, work or care for herself. (See Exhibit B at pgs. 71-78, 82-92, 138-144). The only issues the plaintiff associates with her additional back issue is her ability to go shopping by herself, drive long distances, and to put on certain types of shoes. (See Id. at pgs. 82-91, 143-44, 168).

## ARGUMENT

### I.  Standard for Summary Judgment

A party should be granted summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). See also Lipsett v. Univ. of P.R., 864 F.2d 881, 894 (1st Cir. 1988). A factual dispute is "material" if it might affect the outcome of the suit under the governing law, and "genuine" if the evidence is such that a "reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The burden of establishing the nonexistence of a genuine issue as to a material fact is on the moving party. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). After the party moving for summary judgment has proven that there is an absence of evidence to support the nonmoving party's case, the burden shifts to the nonmoving party, with respect to each issue on which she has the burden of proof, to demonstrate that a trier of fact reasonably could find in her favor. DeNovellis v. Shalala, 124 F.3d 298, 306 (1st Cir. 1997) (citing Celotex, 477 U.S. at 322-25). Even taking the facts in a light most favorable to the

plaintiff, she cannot establish that she is disabled under the ADA. Accordingly, Sodexho is entitled to summary judgment on the sole count of the plaintiff's complaint.

## II. The Undisputed Facts Reveal That The Plaintiff Cannot Prove A Prima Facie Case Of Employment Discrimination Under The ADA.

The plaintiff alleges that Sodexho discriminated against her based on her disability in violation of the ADA.[6] In order to survive a motion for summary judgment, a plaintiff alleging a violation of the ADA must initially present a prima facie case of employment discrimination. Rennie v. United Parcel Serv., 139 F.Supp.2d 159, 164 (D. Mass. 2001). To establish a claim of discrimination under the ADA, a plaintiff must prove: (1) she was disabled as that term is defined by the ADA; (2) that despite her disability, she was able to perform the essential functions of her job with or without reasonable accommodations; and (3) that the employer made an adverse employment action against her because of her disability. Wright v. CompUSA, Inc., 352 F.3d 472, 475 (1st Cir. 2003).

The ADA defines "disability" as "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment."[7] 42 U.S.C. § 12102(2). Thus, to establish a disability under the section (A), a plaintiff must demonstrate that she (i) has an impairment[8] that (ii) substantially limited (iii) a major life

---

[6] The plaintiff actually cites § 703 of Title VII of the Civil Rights Act of 1964, as amended, in her complaint although she refers to the Americans with Disabilities Act and also cites 42 U.S.C., § 12117, the enforcement provision of the ADA.

[7] Because the plaintiff's complaint does not alleged that she is disabled under 42 U.S.C. § 12102(B) or (C) and because the plaintiff cannot offer any evidence that either of those sections is applicable, the defendants' analysis of the disability issue is limited to 42 U.S.C. § 12102(A).

[8] Sodexho will assume for the purposes of this Motion only that the plaintiff's "back injury" constitutes an impairment. Sodexho reserves the right to challenge each and every aspect of the plaintiff's prima facie case in any further proceedings and/or at trial.

activity. Whitney v. Greenberg, Rosenblatt, Kull & Bitsoli, P.C., 258 F.3d 30, 32 (1st Cir. 2001) (citing 42 U.S.C. § 12102(2)(A)).

Not every physical or mental impairment is a disability covered by the ADA, because not every physical or mental impairment substantially limits a major life activity. Toyota Motor Mfg. Ky., Inc. v. Williams, 534 U.S. 184, 195 (2002). Under the EEOC regulations, "major life activities" include "functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." Gillen v. Fallon Ambulance Serv., Inc., 283 F.3d 11, 21 (1st Cir. 2002) (quoting 29 C.F.R. § 1630.2(i)). "Substantially limits" is defined by the EEOC as:

> (i) Unable to perform a major life activity that the average person in the general population can perform; or
>
> (ii) Significantly restricted as to the condition, manner, or duration under which an individual can perform a particular major life activity as compared to the condition, manner, or duration under which the average person in the general population can perform that same major life activity.

29 C.F.R. § 1630.2(j)(1). In determining whether an alleged impairment substantially limits an activity, a Court will consider: (i) the nature and severity of the impairment, (ii) its duration, and (iii) the expected long-term impact. Whitney, 258 F.3d at 33 (citing 29 C.F.R., § 1630.2(j)(2)). Based on the plaintiff's testimony and her medical records, it is clear that the plaintiff is not disabled as the term is defined by the ADA.

### A.   The Plaintiff Is Not Disabled Because Of Her Lipoma.

As stated above, not every impairment constitutes a disability under the ADA. The plaintiff claims that a lipoma on her back, which was removed, rendered her disabled. The plaintiff's minor and temporary lipoma does not constitute a disability

under the ADA, as this lipoma was only a temporary condition and because it did not substantially limit a major life activity.

It is well established that temporary conditions do not bring individuals under the protections of the ADA, because individuals inflicted with such temporary conditions are not disabled within the meaning of the ADA.  See, e.g., Bryant v. Caritas Norwood Hosp., 345 F.Supp.2d 155, 164 (D. Mass. 2004) (holding plaintiff's return to work after only three to eight months of medical leave demonstrates impact of medical condition not "permanent" or "long term," thus precluding holding that condition substantially limited any major life activities); Whitney v. Greenberg, Rosenblatt, Kull & Bitoli, P.C., 115 F.Supp.2d 127, 132 (D. Mass. 2000), aff'd, 258 F.3d 30 (1st Cir. 2001) (plaintiff who produced "no evidence of any significant long-term impact" of impairments not disabled under state or federal law).  In Bryant, the plaintiff developed a medical condition that affected her vision and required laser eye surgery to partially correct.  Bryant, 345 F.Supp.2d at 158.  Following a twelve-week leave of absence from work the plaintiff took after her surgery, she resumed all "normal activities of daily living," with the exception of "heavy housework."  Id. at 163-64.  After an unsuccessful attempt to return to work, the defendant placed the plaintiff on continued leave of absence, and the plaintiff initiated a claim of discrimination.  Id. at 159-160.  The Court held that because the plaintiff failed to demonstrate that her medical condition was anything other than a "temporary, non-chronic impairment of short duration, with little or no long-term o[r] permanent impact," the plaintiff had failed to meet the "permanent" or "long term" requirement under the ADA that a disability be a "permanent" or "long term" condition.

Id. at 165, quoting Whitney, 115 F.Supp.2d at 132. As such, the Court held that the plaintiff was not disabled under the ADA. Bryant, 345 F.Supp.2d at 164.

As was the case in Bryant, the plaintiff in the instant case cannot present any evidence that her lipoma was anything other than a temporary condition: here, one that required a single, fifty-one minute, out-patient surgery to remove. The plaintiff certainly cannot argue that her lipoma is a permanent condition, as the facts clearly demonstrate that her lipoma was removed on January 27, 2000. (See Exhibit E). Likewise, the plaintiff cannot show that her lipoma is a "long term" condition, as the lipoma ceased to exist once the plaintiff's surgeon excised it on January 27, 2000. (See Id.). Indeed, the plaintiff herself admits that on February 15th she was fully ready and able to resume her normal work duties. (See Exhibit B at pgs. 70-74, 93-95, 138). Based on the plaintiff's surgeon releasing her to work without restrictions after February 14, 2000, and the plaintiff's own admissions that she was fully capable of returning to work after February 14th, it is clear that the plaintiff's lipoma did not have the permanent or long term impact required to qualify as a disability under the terms of the ADA.

In addition to the fact that the plaintiff's lipoma was temporary in nature, the record does not establish that this lipoma substantially limited a major life activity. The plaintiff's testimony establishes that her lipoma did not affect her ability to walk, see, hear, speak, breathe, learn, work or care for herself. As such, the plaintiff has also failed to demonstrate that she was substantially limited from performing a major life activity because of the lipoma. See Colwell v. Suffolk County Police Dep't., 158 F.3d 635, 644 (1st Cir. 1998) (holding evidence of general restrictions and limitations not any worse

than those suffered by large portion of population insufficient to establish proof of substantial limitation).

As the plaintiff's lipoma was not a permanent or long term condition, and because the lipoma had no impact upon the plaintiff's major life activities, the plaintiff is not disabled under the terms of the ADA, and any claim by the plaintiff that she was disabled due to her lipoma fails as a matter of law.

### B. The Plaintiff Is Not Disabled Because Of Her Other Alleged Back Issue.

Although she admits that she never informed Sodexho about any other back issue prior to her back surgery for lipoma in January, 2000, the plaintiff repeatedly referenced another back issue (that she described as a "hernia") at her deposition[9] (See Exhibit B at pgs. 32-33, 50, 55, 70, 80, 88-89). The medical records obtained in this litigation are devoid of any diagnosis that the plaintiff suffered from a hernia or a herniated disc at any time. Additionally, although recommended, the plaintiff testified that she has not received physical therapy for her back "hernia." (Exhibit B at pgs. 111-12, 134-35).

Regardless of the plaintiff's diagnosis, it is undisputed that the additional back issue referenced by the plaintiff did not affect her ability to walk, see, hear, speak, breath, learn or care for herself. (See Exhibit B at pgs. 71-78, 82-92, 138-144). The plaintiff specifically testified that from January 27, 2000 to the present she has been fully capable of working. (See Id. at pgs. 70-74, 93-95, 138). The only issues the plaintiff associated with her additional back issue is her ability to go shopping by herself, drive long distances and putting on certain types of shoes. (See Id. at pgs. 82-91, 143-44, 168). Because these items are not major life activities they cannot support a claim of disability

---

[9] The plaintiff testified that she never informed Sodexho of any issues she may have had relating to any alleged hernias. (See Id. at pg. 110).

discrimination. Additionally, these limited issues, do not amount to a substantial limitation of a major life activity as is required to establish a claim of disability discrimination under the ADA. See Benoit v. Technical Mfg. Corp., 331 F.3d 166, 176 (1st Cir. 2003) (holding plaintiff who experienced back pain and six years later is diagnosed with "low back strain" is not disabled under the ADA where plaintiff continued to work and plaintiff's medical records indicated injury was temporary); Lebrun-Torres v. Whitehall Labs., 251 F.3d 236, 240 (1st Cir. 2001) (concluding that plaintiff who suffered back pain had impairment, but plaintiff was not disabled where back pain did not substantially limit ability to work as shown by fact that plaintiff not precluded from performing broad range of jobs); see also Spencer v. Veriaon Connected Solutions, Inc., 138 Fed.Appx. 449, 450-51 (3d Cir. 2004) (unpublished) (affirming District Court entry of judgment for defendant where plaintiff with diagnosed herniated disc could not establish that back injury substantially limited any major life activity, particularly in light of the plaintiff's admission that he was able to work); Armour v. City of Gary, 2006 WL 1660749, at *8-10 (N.D. Ind. 2006) (Slip Opinion) (holding L4-L5 and L5-S1 herniated disc condition did not substantially limit plaintiff's ability to walk when plaintiff "generally able to walk and stand," or lift, when plaintiff could not produce evidence that routine lifting for daily activities was substantially limited).

The conclusion that the plaintiff's additional back issue does not substantially limit a major life activity is also supported by the subsequent medical records of the plaintiff. Specifically, the plaintiff was involved in a motor vehicle accident on October 14, 2000 (after her employment with Sodexho) which resulted in injuries to her mid and lower back. (See Exhibit B at pg. 115-16). Following this accident, the plaintiff

complained of middle and lower back pain.[10] (See Correspondence dated January 8, 2001, attached to Haney Aff. as Exhibit I). The plaintiff underwent treatment for this back pain from October 18, 2000 through December 21, 2000. (See Id.). At the conclusion of the treatment the plaintiff stated that her lower back injury was completely resolved, her mid back injuries had resolved to approximately 95% of a pre-injury state, and that she was only occasionally experiencing mild middle back stiffness. (See Id.; Exhibit B at pgs. 120-22). Upon the plaintiff's last evaluation on December 21, 2000, she was discharged with no disability, with the prognosis that her chances for a complete recovery were good. (See Exhibit I; Re-Examination notes dated December 21, 2000, attached to Haney Aff. as Exhibit J).[11] Because the plaintiff does not offer any medical documentation to establish a limitation of a major life activity (and in fact the subsequent medical records contradict such a finding), the mere fact that the plaintiff allegedly experiences occasional pain is not sufficient to render her disabled under the ADA. See Valez del Valle v. Paints, 349 F.Supp.2d 219, 228 (D. Puerto Rico 2004) (holding plaintiff's claim under the ADA failed where plaintiff only alleged injury and pain, and could not establish medically documented limitation).

Accordingly, the plaintiff's additional back issue do not substantially limit any major life activity and therefore, the plaintiff fails to establish a claim under the ADA.

---

[10] The plaintiff's diagnosis was acute, traumatic, moderate lumbar sprain / strain attendant with my spasm. (See Exhibit H).

[11] Additionally, the plaintiff was involved in another motor vehicle accident in March, 2005 which resulted in back pain. (See Correspondence dated December 8, 2005, attached to Haney Aff. as Exhibit K). The records associated with her treatment for this accident indicate that she had previously been involved in a motor vehicle accident in 2000, but that after treatment her "condition was resolved." (See Id.). The record of her provider also indicted that other than asthma and high blood pressure, her general health has been good and no other significant medical history was reported. (See Id.).

## **CONCLUSION**

WHEREFORE, for the reasons set forth above, Sodexho respectfully requests that this Motion be allowed and that summary judgment be entered for Sodexho on the plaintiff's Complaint.

        Respectfully submitted,

        SODEXHO, INC.,
        by its attorneys,


        /s/ Brian M. Haney
        Harry L. Manion III, BBO #: 317440
        Kenneth J. Martin, BBO #: 636643
        Brian M. Haney, BBO #: 661674
        COOLEY MANION JONES LLP
        21 Custom House Street
        Boston, MA 02110
        (617) 737-3100
        Facsimile: (617) 737-0374
        EM: bhaney@cmjlaw.com

Dated: August 7, 2006

## CERTIFICATE OF SERVICE

I, Brian M. Haney, attorney for Sodexho, Inc., hereby certify that a true and correct copy of the foregoing Defendant's Memorandum of Law in Support of its Motion for Summary Judgment was served by first class mail this 7th day of August, 2006, upon the plaintiff as follows:

Flavia Benitez
PO Box 2437
Jamaica Plain, MA 02130

                                                  /s/ Brian M. Haney
                                                  Brian M. Haney