UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| FLAVIA BENITEZ,<br>    Plaintiff, | )<br>)<br>)<br>) |  |
| v. | ) | C.A. NO.: 04-11959-NG |
| SODEXHO MARRIOTT SERVICES,<br>    Defendant. | )<br>)<br>)<br>) |  |

### DEFENDANT'S STATEMENT OF UNDISPUTED FACTS[1]
### IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

The defendant, Sodexho, Inc., ("Sodexho"), misnamed herein as Sodexho Marriott Services, pursuant to LR 56.1, respectfully submits the following Statement of Undisputed Facts in support of its Motion for Summary Judgment.

1.   The plaintiff is a former employee of Sodexho and alleges that she was discriminated against because of an alleged disability. (See Amended Complaint and Jury Request of Flavia Benitez at ¶ 11, attached to Affidavit of Brian M. Haney as Exhibit A).

2.   In support of her claim, the plaintiff points to an alleged "back injury" that required surgery in January, 1999. (See Id. at ¶ 6).

3.   The plaintiff was employed by Sodexho as a cashier in a café located at 100 Federal Street in Boston from August, 1997 through January, 2000. (See Deposition of Flavia Benitez at pgs. 15-20, the relevant portions of which are attached to Haney Aff. as Exhibit B).

4.   The plaintiff alleges that in December, 1999, she informed her supervisors at Sodexho that she needed to have back surgery. (See Exhibit B at pgs. 40-41, 99-100).

---

[1] The facts contained in this Statement of Undisputed Facts are drawn primarily from the plaintiff's deposition and her medical records and represent the facts in a light most favorable to the plaintiff. The defendant does not concede these facts and reserves the right to challenge the facts contained in this Statement of Undisputed Facts at later proceedings and/or at trial if necessary.

5.  The plaintiff states that she did not inform anyone at Sodexho of the reason why this back surgery was necessary.  (See Id. at pgs. 99-100).

6.  According to the plaintiff, when she informed her supervisor that she needed time off around January 27, 2000, she was informed that she could not have those specific dates off, apparently because another employee had already requested that time period for vacation.  (See Id. at pgs. 37, 45).

7.  Although she was informed that she could not have January 27, 2000 off from work, the plaintiff did not try to reschedule her surgery.  (See Id. at pgs. 37-38, 56).

8.  The plaintiff was out of work from January 26 through January 28, 2000.  (See Correspondence dated January 31, 2000, attached to Haney Aff. as Exhibit C).

9.  As a result of these unauthorized absences, Sodexho sent correspondence to Benitez confirming her voluntary termination from her position with Sodexho.  (See Id.).

10.  The "back injury" for which the plaintiff needed surgery on January 27, 2000 was a lipoma removed from the surface of her back.  (See Office Note from Massachusetts General Hospital, attached to the Haney Aff. as Exhibit D).

11.  The surgery was conducted on an outpatient basis at Massachusetts General Hospital and required approximately fifty-one minutes to complete.  (See Exhibit B at pgs. 55-56; Massachusetts General Hospital Operative Report, attached to Haney Aff. as Exhibit E).

12.  The Operative Report filed by the surgeon who excised the plaintiff's lipoma, however, clearly establishes that the lipoma was removed from the surface of the plaintiff's back.  (See Id.).

13. Also during this fifty-one minute procedure on January 27, 2000, the plaintiff's surgeon removed a skin tag from the plaintiff's right thigh, and removed a segment of the plaintiff's cesarean section scar.  (See Id.).

14. The plaintiff did not endure any complications from this procedure, and required no further treatment or physical therapy with respect to her lipoma.  (See Exhibit B at pgs. 70, 93).

15. The plaintiff's doctor fully released her to work beginning on February 15, 2000. (See Id. at pgs. 73-74; Medical Provider Statement, attached to Haney Aff. as Exhibit F).

16. Following February 14, 2000, the plaintiff was under no medically-imposed restrictions, and admits that she was fully capable of returning to work and that any issues relating to her lipoma were completely resolved.  (See Exhibit B at pgs. 70-74, 93-95, 138).

17. Both prior to and after her surgery on January 27, 2000, the plaintiff's lipoma did not affect her ability to:

(1) walk (Exhibit B at pgs. 139, 144-45);

(2) see (Id. at pgs. 139, 162-166);

(3) hear (Id. at pgs. 76, 139, 166);

(4) speak (Id. at pgs. 76-77, 139-140, 166);

(5) breathe (Id. at pgs. 77, 140, 166-68);

(6) learn (Id. at pgs. 77-78, 142, 168);

(7) care for herself (Id. at pgs. 82-92, 142-44, 169-170); or

(8) work (Id. at pgs. 138, 170-71).

18. The plaintiff had an MRI on her back and this examination did not reveal the existence of a hernia, but indicated the "existence of degenerative disc disease at the L4 nerve

root, no acute disc herniation, and probable hemangioma involving L4." (See Massachusetts General Hospital Final Radiological Consultation, attached to Haney Aff. as Exhibit G).

19. The follow-up evaluation to the plaintiff's MRI called for a conservative course of treatment with physical therapy to address this issue. (See Massachusetts General Hospital Progress Notes, attached to Haney Aff. as Exhibit H). Although initially recommended, the plaintiff has not received physical therapy for this alleged back problem. (Exhibit B at pgs. 111-12, 134-35).

20. The additional back issue referenced by the plaintiff did not affect her ability to walk, see, hear, speak, breath, learn, work or care for herself. (See Exhibit B at pgs. 71-78, 82-92, 138-144).

21. The plaintiff specifically testified that from January 27, 2000 to the present she has been fully capable of working. (See Id. at pgs. 70-74, 93-95, 138).

22. The only issues the plaintiff associates with her additional back issue is her ability to go shopping by herself, drive long distances, and to put on certain types of shoes. (See Id. at pgs. 82-91, 143-44, 168).

23. The plaintiff was involved in a motor vehicle accident on October 4, 2000 (after her employment with Sodexho) which resulted in injuries to her mid and lower back. (See Exhibit B at pg. 115).

24. Following this accident, the plaintiff complained of middle and lower back pain. (See Correspondence dated January 8, 2001, attached to Haney Aff. as Exhibit I). The plaintiff underwent treatment for this back pain from October 18, 2000 through December 21, 2000. (See Id.).

25. At the conclusion of the treatment the plaintiff stated that her lower back injury was completely resolved, her mid back injuries had resolved to approximately 95% of a pre-injury state, and that she was only occasionally experiencing mild middle back stiffness. (See Id.; Exhibit B at pgs. 120-22).

26. Upon the plaintiff's last evaluation on December 21, 2000, she was discharged with no disability, with the prognosis that her chances for a complete recovery were good. (See Exhibit I; Re-Examination notes dated December 21, 2000, attached to Haney Aff. as Exhibit J).

27. Additionally, the plaintiff was involved in another motor vehicle accident in March, 2005 which resulted in back pain. (See Correspondence dated December 8, 2005, attached to Haney Aff. as Exhibit K). The records associated with her treatment for this accident indicate that she had previously been involved in a motor vehicle accident in 2000, but that after treatment her "condition was resolved." (See Id.). The record of her provider also indicted that other than asthma and high blood pressure, her general health has been good and no other significant medical history was reported. (See Id.).

        Respectfully submitted,

        SODEXHO, INC.,
        by its attorneys,

        /s/ Brian M. Haney
        Harry L. Manion III, BBO #: 317440
        Kenneth J. Martin, BBO #: 636643
        Brian M. Haney, BBO #: 661674
        COOLEY MANION JONES LLP
        21 Custom House Street
        Boston, MA 02110
        (617) 737-3100
        Fax: (617) 737-0374
        EM: bhaney@cmjlaw.com

Dated: August 7, 2006

## **CERTIFICATE OF SERVICE**

    I, Brian M. Haney, attorney for Sodexho, Inc., hereby certify that a true and correct copy of the foregoing Defendant's Statement of Undisputed Facts in Support of its Motion for Summary Judgment (with exhibits) was served by first class mail this 7th day of August, 2006, upon the plaintiff as follows:

Flavia Benitez
PO Box 2437
Jamaica Plain, MA 02130

                                                              /s/ Brian M. Haney
                                                              Brian M. Haney