**STATEMENT**

| ACCOUNT NUMBER | PAGE |
| --- | --- |
| 37195050 | 1 |

C FERNANDEZ-DEL CASTILLO, M.D.
15 PARKMAN ST. WAC336
BOSTON, MA 02114

CHARGES OR PAYMENTS AFTER
BILLING DATE 05-19-00
WILL APPEAR ON NEXT STATEMENT

$

AMOUNT ENCLOSED

FLAVIA D BENITEZ
122 WALFORD WAY APT 344
CHARLESTOWN, MA 02129

ALL CHARGES ON THIS STATEMENT DUE ON PRESENTATION. PLEASE RETURN THIS PORTION OF STATEMENT WITH PAYMENT.

PLEASE RETAIN THIS PORTION OF STATEMENT FOR YOUR RECORDS

| DATE | DESCRIPTION | REFERENCE | CHARGES | CREDITS |
| --- | --- | --- | --- | --- |
| 01-04-00 | OFFICE VISIT, NEW PT 2 | B000104 | 125.00 | |
| 02-08-00 | BS OF NJ PYMT | B000104 | | -35.02 |
| 02-08-00 | BS OF NJ ADJ | B000104 | | -69.98 |
| 01-27-00 | EXCISION TUMOR, NECK OR THORAX | B000127 | 800.00 | |
| 01-27-00 | EXCISION SKIN, TISSUE & MUSCLE | B000127 | 400.00 | |
| 01-27-00 | REMOVAL SKIN TAGS | B000127 | 85.00 | |
| 04-06-00 | BLUE SHIELD PAYMENT | B000127 | | 0.00 |

*Please send your insurance coverage + dates effective.*

BILLING QUESTIONS? CALL MIKEM BILLING SERVICE 617-846-0100
FOR YOUR CONVENIENCE, YOU MAY ALSO CALL 1-800-381-0100
CHECK PAYABLE TO CARLOS FERNANDEZ-del CASTILLO, M.D.
THANK YOU FOR YOUR PROMPT PAYMENT!

| Current | 30 Days | 60 Days | 90 Days | Balance Due |
| --- | --- | --- | --- | --- |
| 1305.00 | 0.00 | 0.00 | 0.00 | 1305.00 |

PAYMENT DUE UPON RECEIPT - THANK YOU

212

**Massachusetts General Hospital**
**Inpatient/Surgical Day Care**
Telephone: (617) 726-2181 TDD: (617) 726-4685

*NOTE: YOU MAY RECEIVE A SEPARATE BILL FOR PHYSICIAN SERVICES.*

| STATEMENT DATE | DISCHARGE DATE |
|---|---|
| 6/17/00 | 01/27/00 |

| PATIENT NAME | ACCOUNT NUMBER |
|---|---|
| FLAVIA D BENITEZ | 003719505-05-001 |

AMOUNT ENCLOSED

PLEASE MAKE CHECK PAYABLE TO:
**MGH INPATIENT**

*DETACH AND RETURN TOP PORTION OF STATEMENT*
*SEND WITH PAYMENT TO:*

FLAVIA D BENITEZ
122 WALFORD WAY
APT 344
CHARLESTOWN, MA 02129

**MGH EAST - IP**
**P.O. BOX 3947**
**BOSTON, MA 02241-3947**

*CHANGE OF ADDRESS OR TELEPHONE:* ______________________
( )

TO PAY BY CREDIT CARD, OR PROVIDE NEW INSURANCE INFORMATION SEE THE BACK OF THIS STATEMENT.





PATIENT NAME FLAVIA D BENITEZ
ACCOUNT NUMBER 003719505-05-001 PV

Massachusetts General Hospital
Inpatient/Surgical Day Care
P.O. BOX 9105 CHARLESTOWN, MA 02129-9105
TELEPHONE (617) 726-2181
FEDERAL TAX ID NO.: 04-2697983

*SAVE THIS ITEMIZED PORTION FOR INSURANCE OR TAX PURPOSES*

| DATE PAID | CHECK NO. |
|---|---|
| | |

| DATE | DESCRIPTION | |
|---|---|---|
| 05/13/00 | PREVIOUS BALANCE | 2,878.00 |
| 02/08/00 | BILLED BLUE CROSS OUT O EXP PMT | 0.00 |
| | PATIENT/GUARANTOR BALANCE | 2,878.00 |

****** FINAL NOTICE******
IF BALANCE NOT PAID OR ARRANGEMENTS MADE WITHIN 10 DAYS, YOUR ACCOUNT MAY BE REFERRED FOR FURTHER COLLECTION ACTION. CALL (617)726-2181.

005807631 003719505-05 001

**This notice explains how we processed your claims; it is not a bill. Please look this over carefully. On the back, we've explained what you should do if you have any questions or disagree with how we processed your claims. Please keep this for your tax and medical records.**

| PROVIDER/ SERVICES | DATES OF SERVICE | UNITS | AMOUNT CHARGED | AMOUNT ALLOWED | YOUR CO-PAY | YOUR CO-INS | BENEFITS | YOUR BALANCE | MSG. CODE |
|---|---|---|---|---|---|---|---|---|---|
| MEMBER: RUBEN D MIRANDA | | | CLAIM #: [illegible]48900 | | | DATE | RECEIVED: | 03/03/00 | |
| PROVIDER: THE GENERAL HOSPITAL CORPO | | | | | | | | | |
| SURGERY THERAPY | 02/10/00-02/10/00 | 1 | 2,335.00 | 0.00 | 0.00 | 0.00 | 0.00 | 2,335.00 | A |
| SURGERY THERAPY | 02/10/00-02/10/00 | 1 | 490.00 | 0.00 | 0.00 | 0.00 | 0.00 | 490.00 | A |
| | TOTAL | ------ | 2,825.00 | 0.00 | 0.00 | 0.00 | 0.00 | 2,825.00 | |
| A-THESE SERVICES WERE PERFORMED BEFORE THIS MEMBER'S COVERAGE STARTED. (E113) | | | | | | | | | |
| | GRAND TOTAL | ------ | 2,825.00 | 0.00 | 0.00 | 0.00 | 0.00 | 2,825.00 | |

| ID NUMBER | SUBSCRIBER NAME | DATE |
|---|---|---|
| XXA020782026 | FLAVIA BENITEZ | 03/17/00 |

F31

FLAVIA BENITEZ
122 WALFORD WAY APT 344
CHARLESTOWN MA 02129-2728

MASSACHUSETTS GENERAL PHYSICIANS ORGANIZATION, INC.

P.O. Box 9142
Charlestown, MA 02129-9142

Tel 617-726-2040
E-Mail cs.mgpo@mgh.harvard.edu
TTY 617-726-4685
Fax 617-724-9680

| PATIENT NAME | ACCOUNT NO. | AMOUNT DUE |
|---|---|---|
| MIRANDA,RUBEN D | M3719507 0 | 725.00 |

| MINIMUM DUE | AMOUNT PAID | DUE DATE | BILL DATE |
|---|---|---|---|
| 725.00 | | 05/17/2001 | 04/22/2001 |

CHARGE MY ☐ ☐ VISA

PLEASE COMPLETE AUTHORIZATION ON REVERSE SIDE.
MAKE CHECKS PAYABLE TO: **MASSACHUSETTS GENERAL PHYSICIANS ORGANIZATION, IN**

M3719507 0

FLAVIA BENITEZ 573
122 WALFORD WAY APT 344
CHARLESTOWN MA 02129-2728

MASS. GENERAL PHYSICIANS ORG., INC.
P.O. BOX 3864
BOSTON MA 02241-0001

7 371950701030007250O

IENT NAME: MIRANDA,RUBEN D ACCOUNT NUMBER: M3719507 PAGE: 1

| DATE | DESCRIPTION OF SERVICES | PHYSICIAN NAME | CHARGES | PAYMENTS/ ADJUSTMENTS | YOUR BALANCE |
|---|---|---|---|---|---|
| /01/2000 | LEVEL 4 OFFICE/OUTPATIENT CONSULTATION | RYAN MD,D | 250.00 | | |
| /08/2000 | OUT OF STATE B.S. PAYMENT/ADJUSTMENT | | | 0.00 | |
| /05/2000 | OUT OF STATE B.S. PAYMENT/ADJUSTMENT | | | 0.00 | 250.00 |
| /10/2000 | CIRCUMCISION,SURG.EXCISION OTHER THAN CLAMP,DEVICE | RYAN MD,D | 475.00 | | |
| /10/2000 | WELFARE PAYMENT/ADJUSTMENT | | | 0.00 | |
| /05/2000 | OUT OF STATE B.S. PAYMENT/ADJUSTMENT | | | 0.00 | 475.00 |

| ATE | TOTAL CHARGES | PATIENT PAYMENTS | INS/OTHER PAYMENTS | PLEASE PAY THIS AMOUNT ▶ |
|---|---|---|---|---|
| 4/22/2001 | 725.00 | 0.00 | 0.00 | 725.00 |

▲ PAYMENT RECEIVED AFTER THIS DATE WILL APPEAR ON YOUR NEXT STATEMENT

IMARY INSURANCE: 58190 SECONDARY INSURANCE: SELF PAY (FREE CARE)

MGH 1811

MASSACHUSETTS GENERAL HOSPITAL
P.O. BOX 9111
CHARLESTOWN, MA 02129-9111

| PATIENT NAME | | MEDICAL RECORD NO. |
|---|---|---|
| MIRANDA, RUBEN D | | 03719507 |
| AMOUNT DUE | | MINIMUM DUE |
| $254.20 | | $254.20 |
| DUE DATE | BILL DATE | AMOUNT ENCLOSED |
| 01/11/00 | 12/15/99 | |

NOTE: CERTAIN PHYSICIANS' CHARGES ARE NOT BILLED WITH YOUR HOSPITAL CHARGES. YOU MAY RECEIVE A SEPARATE BILL FOR PHYSICIANS' SERVICES/CHARGES.

WE ACCEPT ☐ ☐ VISA ☐ ☐ PLEASE SEE REVERSE SIDE FOR DETAILS

MAKE CHECKS PAYABLE TO:
MASSACHUSETTS GENERAL HOSPITAL

Page 1

SEND PAYMENTS TO:

FLAVIA BENITEZ 2843
122 WALFORD WAY APT 344
CHARLESTOWN MA 02129-2728

MASSACHUSETTS GENERAL HOSPITAL
P.O. BOX 3210
BOSTON MA 02241-0001

03719507 000025420121599MIMGH 0

PATIENT NAME: MIRANDA, RUBEN D MEDICAL RECORD NO.: 03719507

| DESCRIPTION OF SERVICES | CHARGES | PAYMENT ADJUSTMENTS | YOUR BALANCE |
|---|---|---|---|
| PREVIOUS BALANCE DUE | | | $254.20 |
| BALANCE DUE | | | $254.20 |

| DUE DATE | PREVIOUS BALANCE | CHARGES | INSURANCE PAYMENTS/ ADJUSTMENTS | PATIENT PAYMENTS | PLEASE PAY THIS AMOUNT | |
|---|---|---|---|---|---|---|
| 01/11/00 | $254.20 | $.00 | $.00 | $.00 | | $254.20 |

▲ PAYMENT RECEIVED AFTER THIS DATE WILL APPEAR ON YOUR NEXT STATEMENT

Primary Insurance: Secondary Insurance:

IMPORTANT MESSAGE REGARDING YOUR ACCOUNT

PLEASE PAY THE BALANCE DUE AT THIS TIME IN ORDER TO KEEP YOUR ACCOUNT CURRENT.




| PATIENT NAME | | MEDICAL RECORD NO |
|---|---|---|
| MIRANDA, STEPHANIE D | | 03719506 |
| AMOUNT DUE | | MINIMUM DUE |
| $1345.90 | | $1345.90 |
| DUE DATE | BILL DATE | AMOUNT ENCLOSED |
| 04/21/00 | 03/25/00 | |

NOTE: CERTAIN PHYSICIANS' CHARGES ARE NOT BILLED WITH YOUR HOSPITAL CHARGES. YOU MAY RECEIVE A SEPARATE BILL FOR PHYSICIANS' SERVICES/CHARGES.

WE ACCEPT ☐ ☐ VISA ☐ ☐ PLEASE SEE REVERSE SIDE FOR DETAIL

MAKE CHECKS PAYABLE TO:
MASSACHUSETTS GENERAL HOSPITAL

Page 1

SEND PAYMENTS TO:

FLAVIA BENITEZ 1583
122 WALFORD WAY APT 344
CHARLESTOWN MA 02129-2728

MASSACHUSETTS GENERAL HOSPITAL
P.O. BOX 3210
BOSTON MA 02241-0001

03719506 000134590032500MIMGH 3




*8 SUBURBAN PARK DRIVE*
*BILLERICA, MA 01821*
*978-439-0100 OR 800-422-1364*
*EXTENSION 359*

*OFFICE HOURS:*
*MON-THUR 8 AM-9 PM*
*FRI 8 AM-5 PM*
*SAT 8 AM-12 PM*

Account#:
3786402

DATE: 09-14-01 359

PARENTS OF
RUBEN D MIRANDA
122 WALFORD WAY APT 344
CHARLESTOWN MA 02129-2728

| CREDITOR | AMOUNT | INTEREST | FEES | TOTAL |
|---|---|---|---|---|
| MASS GENERAL PHYSICIANS, ORG. | 475.00 | 0.00 | 0.00 | 475.00 |
| MASS GENERAL PHYSICIANS, ORG. | 250.00 | 0.00 | 0.00 | 250.00 |
| TOTAL | 725.00 | 0.00 | 0.00 | 725.00 |

WHY HAVE YOU IGNORED OUR PREVIOUS NOTICES? YOUR RIGHT TO DISPUTE THIS DEBT UNDER THE FAIR DEBT COLLECTION PRACTICES ACT HAS EXPIRED.

SEND YOUR PAYMENT IN FULL TODAY. FULL PAYMENT NOW WILL CLEAR YOUR CREDIT RECORD IN THIS OFFICE.

**VERY TRULY YOURS,**

ALLIED CREDITOR SERVICES, INC.

**THIS IS AN ATTEMPT TO COLLECT A DEBT.**
**ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

DETACH HERE AND REMIT THE PORTION BELOW WITH YOUR PAYMENT

**IMPORTANT NOTICE SEE OTHER SIDE**

8 SUBURBAN PARK DRIVE
BILLERICA, MA 01821

**ADDRESS SERVICE REQUESTED**

D.042807148

WE ACCEPT: 




(SEE BACK FOR AUTHORIZATION)

| DATE | AMOUNT DUE |
|---|---|
| 09-14-01 359 | $725.00 |



Allied Creditor Service, Inc.
P.O. Box 600
Billerica, MA 01821-0600

#BWNGMTJ
#37864022#

PARENTS OF
RUBEN D MIRANDA
122 WALFORD WAY APT 344
CHARLESTOWN MA 02129-2728




8 SUBURBAN PARK DRIVE
BILLERICA, MA 01821
978-439-0100 OR 800-422-1364
EXTENSION 359

OFFICE HOURS:
MON-THUR 8 AM-9 PM
FRI 8 AM-5 PM
SAT 8 AM-12 PM

Account#:
3786402

DATE: 09-14-01 359

PARENTS OF
RUBEN D MIRANDA
122 WALFORD WAY APT 344
CHARLESTOWN MA 02129-2728

| CREDITOR | AMOUNT | INTEREST | FEES | TOTAL |
|---|---|---|---|---|
| MASS GENERAL PHYSICIANS, ORG. | 475.00 | 0.00 | 0.00 | 475.00 |
| MASS GENERAL PHYSICIANS, ORG. | 250.00 | 0.00 | 0.00 | 250.00 |
| TOTAL | 725.00 | 0.00 | 0.00 | 725.00 |

WHY HAVE YOU IGNORED OUR PREVIOUS NOTICES? YOUR RIGHT TO DISPUTE THIS DEBT UNDER THE FAIR DEBT COLLECTION PRACTICES ACT HAS EXPIRED.

SEND YOUR PAYMENT IN FULL TODAY. FULL PAYMENT NOW WILL CLEAR YOUR CREDIT RECORD IN THIS OFFICE.

VERY TRULY YOURS,

ALLIED CREDITOR SERVICES, INC.

**THIS IS AN ATTEMPT TO COLLECT A DEBT.**
**ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

DETACH HERE AND REMIT THE PORTION BELOW WITH YOUR PAYMENT

IMPORTANT NOTICE SEE OTHER SIDE

8 SUBURBAN PARK DRIVE
BILLERICA, MA 01821

042807148

ADDRESS SERVICE REQUESTED

WE ACCEPT:  


(SEE BACK FOR AUTHORIZATION)

| DATE | AMOUNT DUE |
|---|---|
| 09-14-01 359 | $725.00 |



Allied Creditor Service, Inc.
P.O. Box 600
Billerica, MA 01821-0600

#BWNGMTJ
#37864022#

PARENTS OF
RUBEN D MIRANDA
122 WALFORD WAY APT 344
CHARLESTOWN MA 02129-2728



creditor services

*8 SUBURBAN PARK DRIVE*
*BILLERICA, MA 01821*
*978-439-0100 OR 800-422-1364*
*EXTENSION 359*

*OFFICE HOURS:*
*MON-THUR 8 AM-9 PM*
*FRI 8 AM-5 PM*
*SAT 8 AM-12 PM*

Account#:
3786402

DATE: 09-14-01 359

PARENTS OF
RUBEN D MIRANDA
122 WALFORD WAY APT 344
CHARLESTOWN MA 02129-2728

| CREDITOR | AMOUNT | INTEREST | FEES | TOTAL |
|---|---|---|---|---|
| MASS GENERAL PHYSICIANS, ORG. | 475.00 | 0.00 | 0.00 | 475.00 |
| MASS GENERAL PHYSICIANS, ORG. | 250.00 | 0.00 | 0.00 | 250.00 |
| TOTAL | 725.00 | 0.00 | 0.00 | 725.00 |

WHY HAVE YOU IGNORED OUR PREVIOUS NOTICES? YOUR RIGHT TO DISPUTE THIS DEBT UNDER THE FAIR DEBT COLLECTION PRACTICES ACT HAS EXPIRED.

SEND YOUR PAYMENT IN FULL TODAY. FULL PAYMENT NOW WILL CLEAR YOUR CREDIT RECORD IN THIS OFFICE.

VERY TRULY YOURS,

ALLIED CREDITOR SERVICES, INC.

**THIS IS AN ATTEMPT TO COLLECT A DEBT.**
**ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

DETACH HERE AND REMIT THE PORTION BELOW WITH YOUR PAYMENT

IMPORTANT NOTICE SEE OTHER SIDE



8 SUBURBAN PARK DRIVE
BILLERICA, MA 01821

042807148

ADDRESS SERVICE REQUESTED

WE ACCEPT:  


(SEE BACK FOR AUTHORIZATION)

| DATE | AMOUNT DUE |
|---|---|
| 09-14-01 359 | $725.00 |



Allied Creditor Service, Inc.
P.O. Box 600
Billerica, MA 01821-0600

#BWNGMTJ
#37864022#

PARENTS OF
RUBEN D MIRANDA
122 WALFORD WAY APT 344
CHARLESTOWN MA 02129-2728

054




8 SUBURBAN PARK DRIVE
BILLERICA, MA 01821
978-439-0100 OR 800-422-1364
EXTENSION 359

OFFICE HOURS:
MON-THUR 8 AM-9 PM
FRI 8 AM-5 PM
SAT 8 AM-12 PM

Account#:
3786391

DATE: 07-16-01 359

PARENTS OF
RUBEN D MIRANDA
122 WALFORD WAY APT 344
CHARLESTOWN MA 02129-2728

| RE: | CLIENT REF # | TOTAL |
|---|---|---|
| MASS GENERAL PHYSICIANS, ORG | 12675698 | 250.00 |

**THIS NOTICE HAS BEEN SENT BY A COLLECTION AGENCY.**

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, this office will: obtain verification of the debt or obtain a copy of a judgement and mail you a copy of such judgement or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

THIS ACCOUNT HAS BEEN LISTED WITH OUR OFFICE FOR COLLECTION.
IF PAID TO THIS OFFICE, ALL COLLECTION ACTIVITY WILL BE STOPPED.

**THIS IS AN ATTEMPT TO COLLECT A DEBT.**
**ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

**DETACH HERE AND REMIT THE PORTION BELOW WITH YOUR PAYMENT**

---

**IMPORTANT NOTICE SEE OTHER SIDE**

8 SUBURBAN PARK DRIVE
BILLERICA, MA 01821

**ADDRESS SERVICE REQUESTED**

WE ACCEPT: 




(SEE BACK FOR AUTHORIZATION)

| DATE | AMOUNT DUE |
|---|---|
| 07-16-01 359 | $250.00 |

#BWNGMTJ
#37863917#

PARENTS OF
RUBEN D MIRANDA
122 WALFORD WAY APT 344
CHARLESTOWN MA 02129-2728

Allied Creditor Service, Inc.
P.O. Box 600
Billerica, MA 01821-0600

**MASSACHUSETTS GENERAL PHYSICIANS ORGANIZATION, INC.**
P.O. Box 9142
Charlestown, MA 02129-9142

Tel 617-726-2040
E-Mail cs.mgpo@mgh.harvard.edu
TTY 617-726-4685
Fax 617-724-9680

| PATIENT NAME | ACCOUNT NO. | AMOUNT DUE |
|---|---|---|
| MIRANDA,RUBEN D | M3719507 0 | 250.00 |

| MINIMUM DUE | AMOUNT PAID | DUE DATE | BILL DATE |
|---|---|---|---|
| 250.00 | | 08/10/2000 | 07/16/2000 |

CHARGE MY ☐ ☐ VISA

PLEASE COMPLETE AUTHORIZATION ON REVERSE SIDE.
MAKE CHECKS PAYABLE TO: **MASSACHUSETTS GENERAL PHYSICIANS ORGANIZATION, IN**

M3719507 0

FLAVIA BENITEZ 736
122 WALFORD WAY APT 344
CHARLESTOWN,MA 02129-2728

Mass. General Physicians Org., Inc.
P.O. Box 3864
Boston MA 02241-0001

7 3719507010300025000

TIENT NAME: MIRANDA,RUBEN D ACCOUNT NUMBER: M3719507 PAGE: 1

| DATE | DESCRIPTION OF SERVICES | PHYSICIAN NAME | CHARGES | PAYMENTS/ ADJUSTMENTS | YOUR BALANCE |
|---|---|---|---|---|---|
| )2/01/2000 | LEVEL 4 OFFICE/OUTPATIENT CONSULTATION | RYAN MD,D | 250.00 | | |
| )3/08/2000 | OUT OF STATE B.S. PAYMENT/ADJUSTMENT | | | 0.00 | 250.00 |



| DATE | TOTAL CHARGES | PATIENT PAYMENTS | INS/OTHER PAYMENTS | PLEASE PAY THIS AMOUNT ▶ |
|---|---|---|---|---|
| 07/16/2000 | 250.00 | 0.00 | 0.00 | 250.00 |

▲ PAYMENT RECEIVED AFTER THIS DATE WILL APPEAR ON YOUR NEXT STATEMENT

RIMARY INSURANCE: 58190 SECONDARY INSURANCE: SELF PAY (FREE CARE)




*8 SUBURBAN PARK DRIVE*
*BILLERICA, MA 01821*
*978-439-0100 OR 800-422-1364*
*EXTENSION 359*

*OFFICE HOURS:*
*MON-THUR 8 AM-9 PM*
*FRI 8 AM-5 PM*
*SAT 8 AM-12 PM*

Account#:
3786391

DATE: 07-16-01 359

PARENTS OF
RUBEN D MIRANDA
122 WALFORD WAY APT 344
CHARLESTOWN MA 02129-2728

| RE: | CLIENT REF # | TOTAL |
|---|---|---|
| MASS GENERAL PHYSICIANS, ORG | 12675698 | 250.00 |

**THIS NOTICE HAS BEEN SENT BY A COLLECTION AGENCY.**

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, this office will: obtain verification of the debt or obtain a copy of a judgement and mail you a copy of such judgement or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

THIS ACCOUNT HAS BEEN LISTED WITH OUR OFFICE FOR COLLECTION.
IF PAID TO THIS OFFICE, ALL COLLECTION ACTIVITY WILL BE STOPPED.

**THIS IS AN ATTEMPT TO COLLECT A DEBT.**
**ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

**DETACH HERE AND REMIT THE PORTION BELOW WITH YOUR PAYMENT**

---

**IMPORTANT NOTICE SEE OTHER SIDE**



8 SUBURBAN PARK DRIVE
BILLERICA, MA 01821

**ADDRESS SERVICE REQUESTED**

WE ACCEPT: 




(SEE BACK FOR AUTHORIZATION)

| DATE | AMOUNT DUE |
|---|---|
| 07-16-01 359 | $250.00 |

#BWNGMTJ
#37863917#

PARENTS OF

Allied Creditor Service, Inc.
P.O. Box 600
Billerica, MA 01821-0600




# Benefits Confirmation Statement




SODOCA2
1AA: 0020
004823754

02-Y18.41
FLAVIA BENITEZ
P.O. BOX 2437
JAMAICA PLAIN, MA 02130

PIN: 1054

SSN: 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
Statement Date: 11/08/99
Changes as of: 11/02/99

**IMPORTANT:** A change has been made to one or more of your benefits. Changes are marked by a star (★). If you are enrolling in a benefit for the first time, a plan booklet will be enclosed.

If you need to make a correction to any of the areas marked by a star (★), call 1-888-MARTIE1 (1-888-627-8431).

**Your last day to make a correction is:**
**11/22/99**

*Llame al 1-888-MARTIE1, (1-888-627-8431) dentro de 14 dias del "Statement Date" si usted tiene preguntas o necesita hacer correcciones.*

## Disability Plan(s)

| Plan Name | Effective Date |
|---|---|
| Short Term Disability (STD) | 01/02/99 |

## Life Insurance Plan(s)

| Plan Name | Effective Date | Coverage Level |
|---|---|---|
| ★Accidental Death & Dismemberment (AD&D) | 01/01/00 | $250,000 coverage, employee with family |

als who were not entitled to benefits were receiving benefits from the pension fund.

**DEFENDANT'S CONTENTIONS**
The defendant accountant for the Employers Benefit Fund testified he received a telephone call from plaintiff, during which the plaintiff threatened to kill all the members of the board of trustees. The defendant accountant sent a letter to the fourteen board members, alerting them of the threat.

The jury found for the defendants. The defendant has filed for costs and fees based a proposal for settlement in the amount of $6,000.

**REFERENCE**
Clifford vs. Stewart, et. al. Case no. 2000024465CA01; Judge Roberto M. Pineiro, 4-21-03.

Attorney for plaintiff: [illegible] Brown of Miami. Attorney [illegible] fendant International L[illegible] man's Employers Benefit [illegible] its accountant: Peter H. M[illegible] Peter Oppenheimer of [illegible] Draper in Miami. □

## Emotional Distress

### $125,000 RECOVERY

**Defendant trucker negligently strikes toll booth - Plaintiff toll collector escaping physical injury suffers severe psychiatric reaction.**

*Union County, New Jersey*

**PLAINTIFF'S CAUSE**
The male plaintiff toll collector on the N.J. Turnpike contended that the defendant trucker negligently struck the toll booth as he was pulling into it to pay the toll. The booth sustained extensive structural damage, but the plaintiff was spared significant physical injury. The plaintiff contended, however, that he suffered a severe posttraumatic stress disorder.

The plaintiff maintained that because of his anxiety, he can no longer work as a toll collector, and the plaintiff would have countered the defendant's contentions that he can work in alternative employment by stressing that he is very afraid to driv[illegible] that he would be extremely lim[illegible] the jobs he could accept.

The case settled prior to tri[illegible] $125,000.

**REFERENCE**
Halligan vs. Somerville. [illegible] L-1804-01; 3-03.

Attorney for plaintiff: [illegible] Robbins of Baker Garber [illegible] Pedersen in Hoboken. □

## Emotional Distress

### $4,381,088 VERDICT

**Wrongful death – Negligent and intentional infliction of emotional distress – Murder by former husband – Court allows plaintiff to recoup enhanced compensatory damages under New Hampshire law.**

*Rockingham County, New Hampshire*

**The plaintiffs in this case are the family of a woman who was killed by her ex-husband. The defendant, a former attorney, reported his wife missing and then was later convicted of her murder.**

The defendant Seth Bader murdered his ex-wife in August of 1996 during a post-divorce battle over custody and other matters. The plaintiffs alleged that during the custody battle, the defendant, who was still an attorney at that time, terrorized and psychologically tortured his ex-wife by neglecting their children, by using vicious litigation tactics which prevented her from stopping the neglect, and via a campaign of terror which included the roasting alive of her pet parakeets, forcing their children to write vicious and nasty notes to her, shooting out her widows, placing a pipe bomb in her mail box and sending strange men to tell her she would not live to see her children again. The defendant was

**REFERENCE**

Plaintiff's treating orthopedic surgeon: Jeffrey Kaplan, M.D. of Manhattan.

Rivera vs. Lincoln Center. Index no. 102001/1999; Judge Christopher J. Burns, 6-1-04.

Attorney for plaintiff: Gavin Walcott of Roura & Melamed in Manhattan. □

## Civil Rights

### $4,300,000 VERDICT

**Civil rights violation - Violation of exercise of protected speech - deprivation of liberty interest under Fourteenth Amendment - Defendant filed adverse action report against doctor following doctor's protest of layoffs at facility.**

*United States District Court, Northern District of California*

**The plaintiff alleged that his exercise of protected speech was violated and he was deprived a liberty interest under the Fourteenth Amendment of the Constitution when the defendant filed an adverse action report against him following his protestation of layoffs at the defendant facility. The defendant maintained that they acted in accordance with their obligations under the National Practitioner Databank and that the plaintiff had violated the standard of care in several instances.**

The plaintiff, a physician, was employed with the defendant city hospital for a period of nine years. In August 1998 there were layoffs at the hospital that the plaintiff vocally protested among his peers as being adverse to patient care. As required by the defendant's bylaws, the plaintiff submitted his resignation thirty days in advance to become effective on September 30, 1998, the date that the layoffs were to become final, in protest of the layoffs. Shortly after submitting his resignation, the plaintiff was brought up by the defendant on charges of violations of the standard of care before the peer review committee. He was not given the opportunity to respond to the allegations.

The defendant hospital filed an adverse action report with the National Practitioner Databank. The report filed by the defendant with the databank was very damning to the plaintiff. The plaintiff alleged that the California Board of Medical Examiners reviewed and investigated the allegations and in May 1999 found no violation of the standard of care existed. Despite having been cleared by the State board, the defendant failed and refused to rescind its adverse action report.

As a result of the negative adverse action report on file with the National Practitioner Databank the plaintiff alleged that he was unable to obtain other employment as a physician since every hospital seeking to grant physician privileges accesses this databank. The plaintiff brought suit against the defendant alleging civil rights violations. The plaintiff alleged that by filing an improper adverse action report and refusing to rescind it following the determination by the State Board the defendant has deprived the plaintiff of a liberty interest protected under the Fourteenth Amendment and has violated his right to exercise protected speech.

The defendant maintained that the plaintiff had violated the standard of care and they produced allegedly 28 cases where such a violation purportedly took place. The defendant further contended that they were required by the rules of the National Practitioner Databank to file an adverse action report since he resigned during the investigation. In actuality, the plaintiff alleged that he did not resign during the investigation: he merely submitted a notice of advance resignation. When the plaintiff became aware of the allegations against him, he attempted to rescind the advance notice of resignation in order to defend the allegations and the defendant refused to accept the rescission.

The case was originally dismissed by the court and appealed by the plaintiff to the Ninth Circuit. The trial judge had determined that the plaintiff's protestations were internal only and were insufficient to constitute protected speech under the Constitution. The Ninth Circuit reversed and determined that internal protests can constitute an exercise of protected speech. The Ninth Circuit determined that the plaintiff was referring to the quality of patient care and not particularly about friends and associates and therefore the matter was remanded for trial. Then the trial court determined that there was no protectable liberty interest of which the plaintiff was being deprived in order to succeed on his Fourteenth Amendment violation claim. Again, the Ninth Circuit reversed, holding that he did have protectable liberty interest. The Ninth Circuit did, however affirm the trial court on the issue that once the plaintiff's resignation was accepted there was no property interest in continued employment with the defendant despite the fact that he had another 30 days of continued employment with the defendant before his resignation would become effective.

The trial lasted seven days. The jury deliberated less than 1/2 day. The jury entered a verdict in favor of the plaintiff and against the defendant. The jury awarded the plaintiff the sum of $4,300,000 consisting of $3,000,000 for retaliation of his exercise of protected speech and $1,300,000 for deprivation of his liberty interest. The jury's award was entirely for emotional distress and in fact did not reflect lost wages since the plaintiff was employed in medical research. The jury reasoned that the emotional distress award was directly related to the plaintiff's inability to practice patient care medicine based upon the damning adverse action report that the defendant had continued to refuse to rescind. During post trial motions filed by the parties, the trial judge indicated that he was inclined to reduce the amount of the damages awarded for emotional distress. As a result of this and since the plaintiff was primarily concerned with the

other activity.

## ADDITIONAL VERDICTS OF PARTICULAR INTEREST

### Age Discrimination

40,000

**$40,000 VERDICT**

**Employment discrimination - Plaintiff rejected for administrative position based on age - Wage loss - Emotional injuries.**

*Palm Beach County, Florida*

**The plaintiff claimed, under the Florida Civil Rights Act, that the defendant failed to hire her for an administrative position based solely on her age. The defendant denied that the plaintiff's age played a factor in its employment decision.**

The female plaintiff was 51 years old at the time she applied to the defendant distributing company for a position as administrative assistant to the chief executive officer (CEO). The plaintiff claimed she had worked at the company for four months in a temporary capacity and had proven her abilities. The plaintiff alleged her predecessor was younger as was the person who was ultimately given the job.

The plaintiff called a coworker who testified she heard the defendant's CEO make age-biased comments. The plaintiff sought $42,000 in past lost wages as well as compensation for emotional stress associated with being unemployed.

The defendant's CEO denied making age-biased comments. The defendant contended the plaintiff was not a "good fit" for the position, since there was no chemistry between her and the CEO which whom she would be required to work closely.

The jury found for the plaintiff and awarded her $40,000 in damages. The award included $35,000 in past loss of wages and $5,000 for emotional distress. The case is currently on appeal.

*National Jury Verdict Review & Analysis*

## ADDITIONAL VERDICTS OF PARTICULAR INTEREST

### Age Discrimination

**$333,127 VERDICT**

**Employment discrimination under Title VII and Missouri Human Rights Act alleged by attorney turned down for position of judge.**

*St. Louis, Missouri*

**PLAINTIFF'S CAUSE**

**The plaintiff in this case was an attorney claiming that he had been wrongfully denied a position on the bench due to his age and gender. The plaintiff alleged that he was well qualified for the position and that the bases for the refusal to grant him the position were discriminatory and violative of state and federal protections against discrimination.**

The plaintiff was 62 years old in 1998 when he applied for one of two openings available as a Workers' Compensation judge. The plaintiff contended that he was well qualified for the position, having practiced this area of the law for many years. The plaintiff brought suit against the Missouri Division of Workers' Compensation and the Missouri Department of Labor and Industrial Relations, alleging discrimination on the basis of gender and age under federal and state laws. The plaintiff contended that without justification, he was discriminated against and passed over for the positions, both of which were filled by younger women.

**DEFENDANTS' CONTENTIONS**

The defense position was that the plaintiff was not as qualified for the position as the applicant ultimately selected. The defense maintained that the position was filled solely on the basis of merit, experience and qualifications. The defendants additionally argued that the governor's office was ultimately responsible for the final selection.

The jury found for the defendants on the gender-based discrimination claimed, but found for the plaintiff on the age discrimination claims. The jury awarded the plaintiff $333,127 in damages. The plaintiff additionally plans to seek reinstatement or, alternatively, an award for front pay and enrollment in the Workers' Compensation retirement/pension plan.

**REFERENCE**

John Igoe vs. Missouri Department of Labor and Industrial Relations, et al. Case no. 002-1269; Judge Patricia Cohen, 3-20-02.

Attorney for plaintiff: William E. Moench of St. Louis, Mo. □

## Employment Discrimination

### $505,623 VERDICT

**Title VII violation - Employment discrimination - Emotional distress - Female civilian surgeon sexually harassed and singled out while working at the United States Air Force veteran's center at Travis Air Force base.**

*U.S. District Court, Northern California District*

PLAINTIFF'S CAUSE

**The female plaintiff surgeon contended that she was discriminated against and subjected to emotional distress while employed at the defendant's facility. The plaintiff maintained that the military doctors made sexual jokes and crude remarks in the plaintiff's presence. The sexist comments ranged from lewd comments and jokes about female patients to disparaging remarks about the abilities of female surgeons. The plaintiff claimed employment discrimination and sought damages for emotional distress.**

The evidence revealed that the plaintiff, a civilian female surgeon, was employed to work at Travis Air Force base in 1993. The plaintiff, who was 35 years old at the time of the incident, was the Acting Chief of Surgery for Veteran's Health Care System in Northern California. She was assigned to work part-time at the David Grant Medical Center after the veterans' hospital in Martinez where she had been working at was closed for earthquake repairs. She was the only civilian among three military doctors and the only female surgeon when she was initially hired. During her tenure there, she alleged that she was singled out and criticized. She was subject to three performance reviews during a 60-day period in 1995. The





Attorney for plaintiff: Victor George in Manhattan Beach, Ca. Attorney for defendant: Michael J. Peffer of McCune & Harber in Los Angeles. □

## Civil Rights

### $2,448,000 COMBINED VERDICT

**Civil rights violation of Title VII and FEHA regarding freedom of speech and association - Plaintiffs contend that they were discriminated against and fired based upon their racial denomination and association with persons of African-American descent.**

*U.S. District Court, Central District of California*

PLAINTIFF'S CAUSE

**The plaintiff Baylis contended that he was racially discriminated against and his free speech rights were violated by the defendant County of Riverside Department of Mental Health. The remaining plaintiffs contended that the defendant violated their free speech rights when they were not promoted due to their vocal support of the plaintiff Baylis. The defendant denied the plaintiffs' allegations.**

The plaintiffs were employed by the County of Riverside in the Department of Mental Health. The plaintiff, side intentionally discriminated against him and harassed him because of his race during the time of his employment with the County of Riverside. Baylis further claimed that his right to free speech was violated by the defendant's decision to terminate him and to later transfer him to another program after reinstatement at a reduction in pay. The plaintiff Baylis contended that his testimony before a Riverside Grand Jury was a motivating factor in the actions the defendants took against him.

The plaintiffs Perez and Wisznia claimed that each of their rights to free speech were violated by the defendants when the defendants failed to promote them to supervisory positions after both of them openly associated and supported Baylis.

**DEFENDANTS' CONTENTIONS**

The defendants denied any wrongdoing and contended that they did not violate any state or federal laws regarding their treatment of the plaintiffs.

The trial in this matter lasted 14 days and the jury deliberated for ... in favor of the plaintiffs. The Jury found that Baylis was demoted in violation of his First Amendment Rights and the Perez and Wisznia were not promoted based on their association and speech in support of Baylis. The jury awarded a combined verdict of $2,448,000 to the three plaintiffs.

A Motion for Judgment notwithstanding the verdict was entered on behalf of defendants against the plaintiffs Perez and Wiszina. Plaintiff Baylis accepted the courts remittitur of $170,000. Both parties have appealed.

**REFERENCE**

Robert Baylis, Eduardo Perez, Nanci Wisznia vs. County of Riverside, John Ryan, Ted Kubota, Michael Oprendek, Larry Ogilvie. Case no. ED01-535; Judge Stephen G. Larson, 6-10-04.

Attorney for plaintiffs: Jill Hunt of Breon Schaeffer & Bryant in Irvine, Ca. Attorney for defendants: Bruce Disenhouse of Kinkle, Rodiger &

## $3,000,000 VERDICT

**Plaintiff alleges that defendant employer discriminated against him due to an injury he sustained - Alleged wrongful termination.**

*U.S. District Court, Bangor, Maine*

### PLAINTIFF'S CAUSE

**The male plaintiff in this case was employed by the defendant paper mill for some 18 years. The plaintiff claimed that after he suffered a knee injury, he was ridiculed for his disability and was eventually terminated because of it. The defendant claimed that the termination was part of a general reduction in work force. The plaintiff demanded $288,000. The defendant countered with an offer of $75,000, which the plaintiff rejected and the matter went to trial.**

The plaintiff maintained that he had worked as an engineer, draftsman and foreman at the defendant paper manufacturer in his 18 years with the company. During that time he received numerous positive reviews and raises. The plaintiff was eventually promoted to project engineer. The plaintiff suffered from knee problems and was scheduled for knee replacement surgery prior to which the defendant company's doctor told him he should give up his work at the mill. The plaintiff stated that the doctor told him that the defendant did not want the plaintiff to return to work and try to make a worker's compensation claim. A year before his surgery, the defendant had installed a lift to assist the plaintiff in moving from the second to the third floor where his office was located.

The plaintiff claimed that his [illegible] visors ridiculed him, calling [illegible] "The George Costanza Chair" [illegible] erence to an episode of Se[illegible] wherein a character [illegible] ability. The plaintiff was out o[illegible] for four months following h[illegible] gery. Upon his return he wa[illegible] able to withstand [illegible]. Within a month of his [illegible] plaintiff was sitting at his des[illegible] his supervisor approached [illegible] him around in his chair an[illegible] "You're the weakest [illegible] gone." Ten minutes later, the p[illegible] was called to Human Res[illegible] where he was told that his p[illegible] was being eliminated. The p[illegible] filed a Maine Human Righ[illegible] complaint two months lat[illegible] within a month the defendant [illegible] the plaintiff a more sedentary [illegible] the second floor of the bu[illegible]





## $4,600,000 VERDICT INCLUDING $4,500,000 PUNITIVE DAMAGE AWARD PLUS ATTORNEY FEES AND COSTS

**Disability discrimination - Aggravation of physical personal injury - Injured plaintiff was rehired by defendant as a physically disabled employee and denied any transfer opportunities based on her classification.**

*U.S. District Court, Southern District of Indiana.*

### PLAINTIFF'S CAUSE

**The plaintiff claimed that she was discriminated against because of her disability and resulting job classification. The plaintiff alleged that she was denied job transfers. The defendant denied any discrimination.**

The plaintiff was hired by Chrysler in 1978 as a plant worker, and she was injured on a machine for which she was not given training and which did not have safety guards. She was released by her doctor to return to work in 1980 with limited use of her right arm, but Chrysler laid her off with other employees. After the Americans With Disabilities Act of 1990 was passed, the plaintiff was rehired in 1993 for a job which met her doctor's restrictions. However, the plant managers placed her in jobs which did not meet her restrictions.

Chrysler categorized and labeled employees with disabilities and restrictions as physically qualified x ("PQX"). Chrysler maintained a policy prohibiting employees with disabilities and restrictions from obtaining approvals of requested transfers to other jobs like approvals which non-disabled employees could obtain. A sign was posted at the Human Resources office stating that no PQX transfers were allowed.

Under Chrysler's policies, plaintiff could not obtain approval of her requests for transfers from her job, and her job did not meet her medical restrictions, aggravating her physical injury.

In 1998, the plaintiff applied for a transfer to an inspector job, which met her physical restrictions, and she did not mention her disability. The plaintiff was selected for the inspector job based on her seniority. When she arrived at her new job, the supervisor yelled at her that no PQX employees were allowed in his department, and she was sent back to her old job. The plaintiff complained to the EEOC about discrimination against disabled employees and Chrysler transferred her back to the inspector job. While in the inspector job, the plaintiff was discriminated against due to her disability and transferred by the defendant back to her old job. The plaintiff's former job required her to pry back her inoperable thumb hundreds of times per day. This caused the plaintiff's original injury to become aggravated. As a result of this aggravation, the plain-

## $4,222,966 VERDICT

**Defamation - Violation of constitutional rights - Teacher is fired after allegedly yelling at and pushing students.**

*U.S. District Court, Western District of Kentucky*

**PLAINTIFF'S CAUSE**

**Plaintiff brought suit against the defendant school district alleging defamation and violation of her civil rights. The defendants deny any wrongdoing.**

The plaintiff, a teacher in the Jefferson County school system retired in 1999 after she was accused of yelling at and pushing students at the Chenoweth Elementary School. She was also accused of improper administration of testing. The allegations were made by a teacher's assistant. The plaintiff was disciplined as a result of these allegations. The allegations were later determined to be false. The plaintiff brought suit against the school district, principal and administrator alleging defamation and a violation of the Kentucky Constitution Rights A & C.

**DEFENDANT'S CONTENTIONS**

The defendants denied any wrongdoing.

The trial in this matter lasted two weeks. The jury deliberated for approximately two hours before returning a verdict in favor of the plaintiff and against the defendants. The defendants are expected [illegible] final judgment that [illegible] May 20, 2004.

**REFERENCE**

Norma Jean Jeffers[illegible] County Public Sch[illegible] Stephen Daes[illegible] Meredith, GE Be[illegible] Mary England [illegible] Case no. 99-C[illegible] Stephen P. Ry[illegible] 5-27-04

Attorney for plaintiff [illegible] of Sales Tillman Wallbaum [illegible] Satterly in Louisville, Ky. Att[illegible] for defendant: Michael K. Kir[illegible] Michelē Wyrick of Wyatt Tarr[illegible] Combs in Louisville. □

---

## $90,000 RECOVERY AFTER JURY AWARD OF $65,000 PLUS PUNITIVE DAMAGES

**police chief asserted that the plaintiff had been responsible for shortfalls in the police department's**

dant police chief because his statements were not made with [illegible]sonable care. The plaintiff ha[illegible]

---

## $1,401,080 Judgment including mediation sanctions

**Defamation using the internet – First Amendment rights – Defendant initiates a defamatory internet letter writing campaign against the plaintiff which causes the plaintiff emotional distress.**

*Oakland County, Michigan*

**The plaintiff alleged that the defendant defamed her using the internet to mount a large scale letter writing campaign against her which contained untruthful statements. The defendant argued that he had First Amendment protection.**

The plaintiff was employed as the assistant supervisor for the Troy School District. In that capacity the plaintiff was involved in the termination of the defendant, who was employed as a janitor/custodian for the school district for a period of approximately fifteen years. The defendant was terminated due to a history of insubordination and threatening acts. The defendant was also a union representative. He vigorously contested his termination and after several lawsuits initiated by him, the matter was resolved against him in the Federal District Court of Appeals. Prior to his termination, however the defendant initiated an internet letter writing campaign against the plaintiff in which he penned numerous letters containing untrue information about the plaintiff and proceeded to forward them to school officials, police departments, mayors, city councils and various news agencies including the Detroit Free Press and Detroit News. The defendant also sent these letters to the Michigan Attorney



269 UNION STREET • LYNN, MASSACHUSETTS 01901-1314 • (781) 581-3900 • FAX (781) 598-1050

FILED
IN CLERKS OFFICE

2006 NOV 13 A 10:02

U.S. DISTRICT COURT
DISTRICT OF MASS.

November 9, 2006

To Whom It May Concern,

Flavia Benitez DOB 10/05/54 has been a patient of mine at the Lynn Community Health Center since November 2005.

She is being treated for several diagnosis including Depression, Asthma, Hypertension, Allergies, and Vertigo. Please see enclosed medication list.

If you have any further questions, I can be reached at 781-581-3900.

Sincerely,

Hanna Haptu MD

Hanna H. Haptu, MD




FILED
IN CLERKS OFFICE

2006 NOV 13 A 10: 01

U.S. DISTRICT COURT
DISTRICT OF MASS.

269 UNION ST, Lynn MA (781) 581.3900

DATE: 11/09/2006 2:50 PM

PATIENT: FLAVIA BENITEZ
DATE OF BIRTH: 10/05/1954
PRESENTS FOR: Medication Reconciliation

**Chronic Conditions:**

Depression
Allergy, unspec
ASTHMA
HTN, benign
Vertigo/Dizziness

**Allergies:**

| Allergen/Ingredien | Brand | Reaction: |
|---|---|---|
| No Known Allergy | | |

**Medications:**

| Brand Name | Dose | Directions |
|---|---|---|
| Trazodone Hcl | 100mg | take two tabs at bedtime for sleep |
| Zoloft | 100mg | two tablets daily |
| Meclizine Hcl | 25mg | Take one tablet by mouth two times per day |
| Albuterol | 90mcg | Inhale two times by mouth every six hours |
| Advair Diskus | 100-50mcg | Inhale one time by mouth twice per day |
| Flonase | 50mcg | nhale one time via nostril every twelve hours |
| Hydrochlorothiazide | 25mg | Take one tablet by mouth daily |
| Ibuprofen | 800mg | Take one tablet by mouth every eight hours prn |
| Cyclobenzaprine Hcl | 10mg | Take one tablet by mouth every eight hours prn |
| Claritin | 10mg | Take one tablet by mouth daily |

**Provider:** HANNA H. HAPTU MD

**Document Generated By:** Hanna H. Haptu, MD



269 UNION STREET
LYNN, MA 01901-1314
(781) 566-6500 EXT.598
781-585-6540/586-6541
FAX: 781-598-8137

Juana R. de Gonzalez, M.Ed, LMHC, LADC
Mental Health Clinician
Family Practice Counselor • Alcohol Drug Counselor

LYNN, MASSACHUSETTS 01901-1314 • (781) 581-3900 • FAX (781) 598-1050

FILED
IN CLERKS OFFICE

2006 NOV 13 A 10: 01

U.S. DISTRICT COURT

10-13-06.

To whom it may Concern,

This is to verify that Flavia Benitez. Date of birth 10-05-54 is in Counseling treatment with our behavior Health Department. She Comes to weekly and monthly therapy for individual and group therapy and medication. Her Clinical diagnosis is DSM IV Posttraumatic Stress Disorder and Severe Depression DSM IV 296.33 and DSM IV 309.81.

Juana R. de Gonzalez, M.Ed, LMHC, LADC
Mental Health Counselor.