UNITED STATES DISTRICT COURT OF MASSACHUSETTS

| | |
|---|---|
| FLAVIA BENITEZ | CIVIL ACTION# 04-11959- NG |
| | PRO- SE |
| | |
| V S | |
| | |
| SODEXHO -MARRIOTT | COOLEY MANION JONES |

OBJECTION ON REPORT AND RECOMMENDATION ON SODEXHO- MARRIOTT MOTION FOR SUMMMARY JUDGMENT OR MOTION TO DISMISS.

PLAINTIFF SAID : OBJECTION.

I - INTRODUCTION:

    DISCRIMINATION OCCURRS WHEN THE CIVIL RIGHTS OF AN INDIVIDUAL IS DENIED OR INTERFERED WITH BECAUSE OF HIS OR HER MEMBERSHIP IN A PARTICULAR GROUP OR CLASS.

    SINCE , THE 13 AMENDMENT ABOLISHED SLAVERY THROUGHOUT THE UNITED STATES OF AMERICA, MANY OF THESE AMENDMENTS PROTECT INDIVIDUALS FROM BEING DISCRIMINATED AND FROM THE DEPRIVATION OF THEIR CIVIL RIGHTS . 42 U.S.C : 1981 ; 42 US.C : 1983;42 U.S.C : 1985 CONSPIRACY TO INTERFERE WITH THE CONSTITUTIONAL CIVIL RIGHTS OF INDIVIDUALS.

-2-

PLAINTIFF HAS BROUGHT THIS CIVIL ACTION AS A PRO-SE (NOT FOR PLAINTIFF OWN CHOISE) AGAINST HER FORMER EMPLOYERS THAT IS, SODEXHO -MARRIOTT. STATING THAT PLAINTIFF WAS WRONGFULLY TERMINATED AND DISCRIMINATED BY HER FORMER EMPLOYERS BASIS ON HER DISABILITY (S) VIOLATING THE FAMILY MEDICAL LEAVE ACT OF 1993; EQUAL PAY ACT ; FIRST AND FOURTHEEN AMENDMENT OF THE US.C ; THE FAIR FEDERAL EMPLOYMENT PROTECTION ACT ; ALSO PLAINTIFF WAS DISCRIMI-NATED BY HER FORMER EMPLOYERS BASIS ON AGE (40+) ; NATIONAL ORIGIN (ENGLISH ACCENT), DEFAMATION (FALSE STATEMENTS) AND INVASION OF PRIVACY BY SODEXHO - MARRIOTT COUNSELS.

## LEGAL CITATIONS:

1- FAIR FEDRAL EMPLOYMENT ACT ; 42 USC 2000e AND FOLLOWING.
2- FAMILY MEDICAL LEAVE ACT OF 1993.
3- DEPRIVATION OF CIVIL RIGHTS 42 USC 1981 ; 42 USC 1983 ; 42 USC 1985
4- MASS GEN. LAW CH 149 x 52D, 105D CH 151 B 1 x (5)
5- AMERICAN WITH DISABILITY ACT 42 USC 12101- 12213
6- AGE DISCRIMINATION 29 USC x621 -634
7- EQUAL PAY ACT 29 USC x 206 D
8- DEFAMATION
9- INVASION OF PRIVACY
10- RETALIATION.

FAIR FEDERAL EMPLOYMENT PROHIBITS EMPLOYERS FROM DISCRIMINATING AGAINST EMPLOYEES ON THE BASIS OF RACE, COLOR RELIGION, SEX, PREGNANCY, CHILDBIRTH, NATIONAL ORIGIN, DISABILITY AND ALSO PROHIBITS AN EMPLOYER FROM RETALIATING AGAINST SOMEONE WHO ASSERTS HIS OR HER RIGHTS UNDER TITLE VII.

-3-

## II- STATEMENT OF FACTS.

THE PLAINTIFF WAS EMPLOYED BY THE DEFENDANT(SODEXHO) THAT 1998 MERGE WITH MARRIOTT AND BECAME SODEXHO-MARRIOTT (IT IS NOT MISNAMED SEE EXHIBIT- T . PLAINTIFF WORKED FOR SODEXHO-MARRIOTT FROM AUGUST 18th, 1997 UNTIL PLAINTIFF WAS WRONGFULLY TERMINATED. LETTER OF TERMINATION DATE JANUARY 31ST,2000. BUT THE PLAINTIFF, MEDICAL, DENTAL,SHORT TERM DISABILITY, ACCIDENTAL DEATH AND DISMEMBERMENT PRIVATE INSURANCE FOR THE FAMILY WAS CANCELLED ON JANUARY 25,2000. THE LAST DATE THE PLAINTIFF WENT TO WORK FOR SODEXHO-MARRIOTT PRIOR THE DISPUTE SURGERIES,"(PLAINTIFF AND HER SON'S SURGERY). PLAINTIFF'S JOB RESPONSABILITIES WERE JUST OPERATING THE CASH REGISTER AND WIPING THE COUNTERS AREA.

PLAINTIFF SAID.. OBJECTION.

ON 1998,1999; PLAINTIFF OBTAINED A MEDICAL NOTE STATING THE PLAINTIFF NOT TO DO ANY HEAVY LIFTING DUE TO PAIN ON HER BACK. DUE TO THE GENERATIVE HERNIATED DISK AND A LIPOMA IN HER SPINE BETWEEN THE VERTEBRA(THAT WAS UNKNOWN TO THE PLAINTIFF AT THAT TIME). SODEXHO-MARRIOTT WRONGFULLY AND INTENTIONALY TERMINATED HER EMPLOYEMENT DURING A SHORT TERM MEDICAL DISABILITY TIME OFF DUE TO HER SURGERY AND HER SON'S SURGERY.

SPECIFICALLY, SODEXHO-MARRIOTT DID NOT PUT ANY EFFORT TO SWITCH ANY SIDE WORK BECAUSE WIPING COUNTERS WAS ONE OF THE PLAINTIFF'S ORIGINAL DUTIES AS WELL AS OPERATING THE CASH REGISTERS. THE OTHER JOB RESPONSABILITIES SUCH AS HEAVY DUTY WORK DID NOT APPLY TO THE PLAINTIFF BECAUSE OF STRICT MEDICAL RESTRICTIONS .ALSO SOME OF THE HEAVY DUTY WORK IMPLIED BY SODEXO MARRIOT WAS NOT PLAINTIFF'S JOB RESPONSABILITIES AND NOT IN THE PLAINTIFFS JOB DESCRIPTION FOR WHAT THE PLAINTIFF WAS HIRED FOR.

PLAINTIFF SAID.. OBJECTION.

-4-

## CIRCUMSTANSES SURROUNDING PLAINTIFF'S TERMINATION AND DISCRIMINATION FOR DEPRIVATION OF HER CIVIL RIGHTS.

THE PLAINTIFF AND HER SON HAD SURGERY. DURING A SHORT TERM MEDICAL DISABILITY. PLAINTIFF RECEIVED A LETTER OF TERMINATION FROM EMPLOYMENT DATED JANUARY 31st, 2000 STATING THAT THE PLAINTIFF FAILLED TO APPEAR TO WORK ON JANUARY 26, 27 AND 28th OF 2000. BUT ON JANUARY 25th, 2000,THE LAST DAY THE PLAINTIFF WENT TO WORK FOR SODEXHO-MARRIOTT. THE PLAINTIFF'S MEDICAL, DENTAL, SHORT TERM DISABILITY INSURANCE. ACCIDENTAL DEATH AND DISMEMBERMENT WERE CANCELLED BY THE DEFENDANTS AS AN ACT OF MALICOUS INTENT AND OUTRAGEOUS BEHAVIOR OF RETALIATION AGAINST THE PLAINTIFF.

ON OR AROUND DECEMBER 10, 1999, SODEXHO-MARRIOTT CALLED THE PLAINTIFF TO A MEETING BECAUSE THE PLAINTIFF HAD CALLED SICK AND REGARDING PROBLEM WITH HER ATTENDANCE DUE TO SICKNESS AND UNIFORM STANDARD. DURING THE MEETTING THE PLAINTIFF INFORMED THAT "POSSIBLY THE PLAINTIFF WOULD NEED TIME OFF FOR SURGERIES. SODEXHO-MARRIOTT'S PERSONAL SAID - OKAY- "BRING A DOCTOR'S NOTE." WHEN THE PLAINTIFF BROUGHT THE DOCTOR'S NOTE, SODEXHO-MARRIOTT PERSONEL STATED "WE HAVE TO DISCUSS BECAUSE SOME ONE WILL BE ON VACATION" PLAINTIFF STATED "IT'S NOT A MATTER OF DISCUSING , I'M TELLING YOU I'M GOING TO BE OUT." THE PLAINTIFF TRIED TO GET THE TIME OUT AS VACATION TIME ALSO.BUT IT WAS ALSO DENIED BY THE PERSONEL . IT IS A PRETTY GOOD DEFINITION OF DEPRIVATION OF THE PLAINTIFF CIVIL RIGHTS. AND AN OPEN VIOLATION OF THE FAMILY MEDICAL LEAVE ACT OF 1993. THAT PROHIBIT INTERFERE OR DENY ANY RIGHT PROTECTED UNDER THE FAMILY MEDICAL LEAVE ACT.

-5-

THE EMPLOYEE RESPONSIBILITY IS JUST TO INFORM ON TIME ABOUT THE TIME OFF REQUIRED. SODEXHO-MARRIOTT HAD NO RIGHT TO DENY, TO INTERFERE OR TO DEPRIVE THE PLAINTIFF'S CIVIL RIGHTS. THE FIRST AND FOURTHEEN AMENDMENTS OF THE U.S.C. AND THE PROTECTION PROVIDE UNDER THE FAMILY MEDICAL LEAVE ACT.

THE PLAINTIFF WENT TO WORK UNTIL JANUARY 25 ,2000. ON JANUARY 27 ,2000 PLAINTIFF SURGERY WAS PERFORMED AND ON FEBRUARY 10 ,2000 HER SON'S SURGERY WAS PERFORMED AT MASS. GENERAL HOSPITAL. THE DOCTOR GAVE THE PLAINTIFF A SHORT TERM MEDICAL DISABILITY FROM JANUARY 27, 2000 THROUGH FEBRUARY 14 , 2000 IN ORDER TO RECUPERATE FROM SURGERY AND HER SON'S SURGERY.

THE PLAINTIFF RECEIVED A TERMINATION LETTER STATING ABSENCE FROM WORK ON JANUARY 26,27, 28, 2000 " FOR UNKOWN REASON FOR THE DEFENDANTS" LET ASSUME IT IS TRUE . ONE QUESTION ARISES WHY DID SODEXHO-MARRIOTT CANCEL THE PLAINTIFF'S MEDICAL ,DENTAL , SHORT TERM DISABILITY ,ACCIDENTAL DEATH AND DISMEMBERMENT INSURANCE ON JANUARY 25 ,2000? IF THE PLAINTIFF WAS " SUPPOSED" TO WORK ON JANUARY 26 ,2000. THIS OUTRAGEOUS BEHAVIOR IS A CLEAR ACT OF RETALIATION.

THE PLAINTIFF STATES THAT SODEXHO-MARRIOTT DEPRIVED, INTERFERED AND DENIED HER PROTECTED CIVIL RIGHTS UNDER THE U.S. CONSTITUTIONAL FIRST AND FOURTHEEN AMENDMENTS VIOLATING THE FAMILY MEDICAL LEAVE ACT , FAIR FEDERAL EMPLOYMENT OPPORTUNITY, EQUAL PAY ACT, AGE DISCRIMINATION, DISCRIMINATION BASED ON DISABILITY , NATIONAL ORIGIN , VIOLATING THE PLAINTIFF 'S RIGHTS TO PRIVACY BY SODEXHO-MARRIOTT COUNSELS.

THE PLAINTIFF SAID : OBJECTION.

ADDITIONAL EVIDENCE OF BACK PAIN.

THE EVIDENCE REGARDING PLAINTIFF MEDICAL CONDITION REVEAL THAT EARLY 1998, 1999 , PLAINTIFF HAD EXPERIENCED LOWER BACK PAIN, THE PLAINTIFF WAS REFERED TO PHYSICAL THERAPY AND PAIN KILLERS . ON JANUARY 22, 2000 AN MRI REVEALED THE REAL CAUSE OF THE PLAINTIFF 'S BACK PAIN . THE PLAINTIFF HAD A DEGENERATIVE DISC HERNIATED AT L-4 , L-5 TOUCHING THE ROOT NERVE AND HEMANGIOMA INVOLVING L-4 . SEE PL.BRIEF EXHIBIT- D

ON FEBRUARY 11 ,2000 THE PAINTIFF WAS CONTINUOSLY HAVING BACK PAIN. THE PLAINTIFF WAS REFERED TO PHYSICAL THERAPY AND PAIN KILLERS THAT SUCH AS , CELEBREX FLEXERIL ETC.
SEE PL. BRIEF EXHIBIT- D . ; EXHIBIT -2 ; EXHIBIT 3

THE PLAINTIFF WENT TO GET PHYSICAL THERAPY WITHOUT GETTING ANY ( UNEXCUSED REASON FROM THE HEALTH CENTER PERSONEL)
SEE EXHIBIT-6

DOCTOR PASINSKI PRESCRIPVED CELEBREX
THE PLAINTIFF ORDERED THE PRESCRIPTION
SEE EXHIBIT- 2

PLAINTIFF SAID : OBJECTION.

PLAINTIFF STATES TO BE SUFFERING OF BACK PAIN AND DISCOMFORT THAT RESTRICT HER MAJOR LIFE ACTIVITIES SUCH AS ,GROCERY SHOPPING ,DRIVING LONG DISTANCES , STANDING FOR LONG TIME ,SITTING FOR LONG TIME OR EVEN PICKING UP HER ACCIDENTALLY DROPEDED KEYS.

HOWEVER, PLAINTIFF STATES BEING ABLE TO WALK WITH RESTRICTIONS , SPEAK, BREATHE WITH RESTRICTIONS,SEE WITH RESTRICTIONS.

-7-

PLAINTIFF SAID : OBJECTION .

TO ANY CITATION FROM THE DEPOSITION THAT WAS TAKEN ON JUNE 29, 2006 AT U.S. DISTRICT COURT OF MASSACHUSETT AT 10:00 AM BECAUSE:

1- THE DEPOSITION TRANSCRIPT DOES NOT MATCH WITH THE ONE RECORDED BY THE PLAINTIFF .

2- A LOT OF WORDS WERE CHANGED TO PLEASE THE DEFENDANTS INTENTIONS.

3- PLAINTIFF ASKED THE COURT FOR AN LEGAL INTERPRETER BY A MOTION , FOR THE DEPOSITION ON JUNE 29 ,2006 AND THE WHOLE PROCESS BUT AS ALWAYS IT WAS DENIED BY THE COURT.

4- THE LEGAL EXPERT WITNESS WAS NOT LISENCED TO PERFORM THE DEPOSITION, THEREFORE THE DEPOSITION IS NOT VALID.
THE EXPERT WITNESS' LICENSE EXPIRED ON APRIL 21, 2006 AND THE DEPOSITION WAS TAKEN ON JUNE 29 , 2006, AT 10:00 US. DISTRICT COURT OF MASSACHUSETTS.


THE PLAINTIFF SAID : OBJECTION.

THE PLAINTIFF WAS SUFFERING BACK PAIN PRIOR 2000
SEE EXHBIT -3 ,; PL.BRIEF .EXHIBIT -D
PLAINTIFF WAS ON PHYSICAL THERAPY BEFORE 2000.

PLAINTIFF SAID: OBJECTION.


CHIROPRACTORS DO NOT HAVE THE AUTHORITY TO DETERMINE OR EVALUATE WHO IS ABLE OR DISABLE UNDER THE SOCIAL SECURITY ACT TITLE II.

PLAINTIFF SAID: OBJECTION.

## III- ANALYSIS

A- "SUMMARY JUDGMENT IS WHEN THE PLEADING, DEPOSITIONS, ANSWERS TO INTERROGATORIES AND ADMISSIONS ON FILE TOGETHER WITH THE AFFIDAVITS IF ANY, SHOW THAT THERE IS NOT GENUINE ISSUE AS ANY MATERIAL FACT THAT THE MOVING IS ENTITLED TO A JUDGMENT AS MATTER OF LAW." FED.R.CV..P 56 (c).

PLAINTIFF SAID : OBJECTION.

THE COURT " ANALYSIS " IS UNFOUNDATED, OUTRAGEOUS AND PREJUDICE AGAINST THE PLAINTIFF BECAUSE:

1- PLAINTIFF WAS DENIED HER RIGHTS PROTECTED UNDER THE EQUAL PROTECTION UNDER THE LAW.
42 U.SC SECTION 2000h-2 OF 1975 (a).

a) PLAINTIFF ASKED THE COURT FOR LEGAL INTERPRETER BUT IT WAS DENIED BY THE COURT. EXHIBIT SEE DOCKET REPORT #32, 42.

b) PLAINTIFF ASKED FOR LEGAL ASSISTANCE AS PRO-SE BUT IT WAS DENIED AS ALWAYS EXHIBIT SEE THE DOCKET REPORT #31, 41.

NONE MOTIONS ENTERED BY PLAINTIFF WERE ALLOWED BY THE COURT.

PLAINTIFF SAID : OBJECTION.

2-PLAINTIFF'S RIGHT UNDER FEDERAL CIVIL RULE 26 (a)(1)(c) WAS DENIED BY THE COURT AND THE DEFENDANTS COUNSELS, THERE WERE NO ANSWERS TO THE PLAINTIFF'S INTERROGATORIES TO BE ANSWERED BY THE DEFENDANT OR THEIR COUNSELS., NO ADMISSION BY THE DEFENDANTS. SEE EXHIBIT DOCKET REPORT ENTRIES, # 51MOTION TO COMPLY.

-9-

3- PLAINTIFF'S RIGHTS UNDER FEDERAL CIVIL RULE 34 (1)(2)(3)
TO REQUEST DOCUMENTS RELEVANT TO THE LEGAL PROCESS WERE
DENIED BY THE COURT AND THE DEFENDANTS COUNSELS..
SEE THE DOCKECT REPORT #52.


ONLY AFFIDAVITS THAT ARE FALSE STATING SODEXHO - WAS
MISNAMED BY THE PLAINTIFF AS SODEXHO -MARRIOTT.
AFFIDAVIT ARE FALSE .

PLAINTIFF SAID : OBJECTION

PLAINTIFF STATES THE EMPLOYER NAME IS SODEXHO-MARRIOTT
TWO COMPANIES -MERGE IN 1998 - BECAME -SODEXHO -MARRIOTT.
SEE PL. BRIEF EXHIBIT- T


PLAINTIFF STATES THAT SHE DID NOT ABANDON HER
EMPLOYMENT AS IT WAS STATED BY THE DEFENDANTS . THE
PLAINTIFF WAS DEPRIVED OF HER CONSTITUTIONAL RIGHTS 42 USC
1983, 42 USC1985 AND VIOLATED HER PROTECTION UNDER FAIR
FEDERAL EMPLOYMENT ACT , HER FIRST AND FOURTHEEN
AMENDMENTS ,WAS DISCRIMINATED BASE ON DISABILITY ,AGE ,
NATIONAL ORIGIN , VIOLATING THE EQUAL PAY ACT FAMILY MEDICAL
LEAVE ACT, DEFAMATION AND VIOLATION OF THE PLAINTIFF'S RIGHTS
UNDER THE PRIVACY ACT.


THE PLAINTIFF IS NOT RESTING ON MERE ALLEGATIONS , THERE
ARE FACTS, EMPLOYMENT LAWS VIOLATION , CONSTITUTIONAL RIGHTS
DEPRIVATION, EVIDENCE , OUTRAGEOUS BEHAVIOR ( PLAINTIFF
PRIVATE MEDICAL ,DENTAL , SHORT TERM DISABILITY , ACCIDENTAL
DEATH AND DISMEMBERMENT INSURANCE CANCELLED WHILE
PLAINTIFF AND HER UNDER AGE SON WERE ON SURGERY PERIOD.
SEE PL.BRIEF-Q EXHIBIT

-10-

PLAINTIFF SAID : OBJECTION

    PLAINTIFF GOT A PROBABLE CAUSE FROM MCAD -IN MAY 2002 MASSACHUSETTS COMMISSION AGAINST DISCRIMINATION.
SEEPL. BRIEF EXHIBIT-R.

    THE PLAINTIFF GOT RIGHT TO SUE NOTICE FROM THE EQUAL EMPLOYMENT OPPORTUNITY- IN JUNE 16 ,2004
SEEPL. BRIEF EXHIBIT-.R


    B-UNDER THE FEDERAL CIVIL RULE PROCEDURE 12 ( B ) ONLY IS ALLOWED MOTION TO DISMISS OR ARTERNATIVE MOTION FOR SUMMARY JUDGMENT
PLAINTIFF SAID : OBJECTION   UNDER RULE 12 ( B )
A MOTION IS ALLOWED IF:

1- FAILURE TO STATE THE CLAIM.
2- LACK OF SERVICE PROCESS
3-LACK OF JURISDICTION UNDER RULE 12 ( B ).


UNDER FEDERAL CIVIL RULE PROCEDURE 12 ( B ).

    1- TO DISMISS THE ACTION BECAUSE PLAINTIFF FAILS TO STATE THE CLAIM AGAINST THE DEFENDANT UPON WHICH RELIEF CAN BE GRANTED

    2- TO DISMISS THE ACTION OR LIEU THEREOF TO QUASH THE RETURN OF SERVICE OF SUMMMONS ON THE GROUNDS:

a) THAT THE DEFENDANT IS A CORPORATION ORGANIZED UNDER THE LAW AND IS NOT SUBJECT TO SERVICE PROCESS.

b) THAT THE DEFENDANT HAS NOT BEEN PROPERLY SERVICED WITH PROCESS IN THIS ACTION.

-11-

     3- TO DISMISS THE ACTION GROUND THAT IT IS IN THE WRONG DISTRICT.

a) THE JURIDICTION OF THIS COURT IS INVOKED SOLELY ON THE GROUND THAT THE ACTION ARISES UNDER THE CONSTITUTIONAL LAWS OF THE UNITED STATES OF AMERICA.

b) THE DEFENDANT IS A CORPORATION INCORPORATED UNDER THE LAWS OF THE OTHER STATE AND IS NOT DOING LICENSED TO DO OR DOING BUSISNESS IN THE STATE.

     4-TO DISMISS THE ACTION ON THE GROUND THAT THE COURT LACK OF JURISDICTION BECAUSE THE AMOUNT ACTUALLY IN CONTROVERSYS LESS THAN TEN THOUSAND DOLLARS EXCLUSIVE OF INTEREST AND COSTS.

PLAINTIFF SAID: OBJECTION

   NONE OF THESE CATEGORIES, APPLIES IN THIS ACTION AS A RESULT, THE MOTION FOR SUMMMARY JUDGMENT OR MOTION TO DISMISS IS OUT OF ORDER. THE JUDGMENT ANALYSIS IS UNFOUNDATED, OUTRAGEOUS AND PREJUDICE AGAINST THE PLAINTIFF.

     C - EMPLOYMENT DISCRIMINATION UNDER ADA

LEGAL CITATION 42 USC. x 12101-12213.
MASS.GEN. LAW. 151 B.
THE ADA AFFECTS EMPLOYERS OF 15 OR MORE EMPLOYEES, INALL TYPES OF BUSISNESSES.
THE MAIN PURPOSE OF THE ADA IS TO PROTECT EMPLOYEES FROM BEING DISCRIMINATED AGAINST IN ANY TYPES OF JOB RELATED MATTERS.

  DISABILITY IS DEFINE GENERALLY, AS ANY PHYSICAL OR MENTAL IMPAIRMENT AFFECTING ONE OR MORE LIFE ACTIVITIES.

  NOT ONLY, ARE THOSE WITH REAL DISABILITY COVERED BUT THOSE WHO PERCEIVE AS HAVING DISABILITY.
PERCEIVE DEFINITION : TO REGARD AS BEING. TO BECOME AWARE OF THROUGH THE SENSES.

Case 1:04-cv-11959-NG    Document 74    Filed 03/27/2007    Page 12 of 19

-12-

* DEALING WITH PROBLEM EMPLOYEES CHAPTER 1/17.
" IF AN EMPLOYEE IS USING A LARGE AMOUNT OF SICK LEAVE,HE OR SHE MIGHT BE SUFFERING FROM A MEDICAL CONDITION THAT QUALIFIES AS A DISABILITY UNDER THE STATE OR FEDERAL DISABILITY LAWS ". SEE PL. BRIEF EXHIBIT - A.

IF A PERSON IS NOT LONGER DISABLED BUT THE EMPLOYER CONTINUES TO SEE THE EMPLOYEE AS BEING DISABLED , THE ADA PROTECTS THAT EMPLOYEE FROM BEING DISCRIMINATEDAGAINST BY THE EMPLOYER EVENTHOUGH THERE IS NOT REAL DISABILITY.
* EMPLOYMENT LAW MADE E-Z -"AMERICAN WITH DISABILITY ACT."
SEE EXHIBIT PL.BRIEF -C.

* ASSUME THAT EVERY WORKPLACE INJURY WILL BE AN ADA DISABILITY "DEFINITION OF DISABILITY .PAGS .157,158

THE DEFINITION OF DISABILITY IN THE ADA IS VERY BROAD AS MANY PHYSICAL AND MENTAL CONDICTIONS HAVE COME WITHIN THE SCOPE OF THE PROTECTIONS SET FORTH IN THE ACT.

ADA DEFINES AN INDIVIDUAL WITH DISABILITY AS A PERSON WHO:

1-HAS A PHYSICAL OR MENTAL IMPAIRMENT OR CONDICTION THAT LIMITS ONE OR MORE OF THAT PERSON'S MAJOR LIFE ACTIVITIES.
SEE EXHIBIT PL. BRIEF -.A ,
2-HAS A RECORD OF SUCH IMPAIRMENT ,
SEE EXHIBIT PL..BRIEF.-B DOCTOR NOTICES

3- IS REGARDED AS HAVING SUCH IMPAIRMENT
SEE EXHIBIT .PL. BREIF - C.

PLAINTIFF SAID: OBJECTION

THE PLAINTIFF OBJECTS THE SUMMARY JUDGMENT REPORT BECAUSE IS UNFOUNDED , PREJUDICED AND OUTRAGEOUS AGAINST THE PLAINTIFF NEITHER THE DEFENDANT OR THEIR COUNSELORS HAVE THE RIGHT OR THE AUTHORITY TO DETERMINE WHO IS ABLE OR DISABLE UNDER THE LAW.

-13-

ONLY ,UNDER SOCIAL SECURITY DISABILTY PROGRAM TITLE II DETERMINES WHO IS OR WHO IS NOT PROTECTED UNDER THE DISABILITY LAWS BY THE CATEGORIES OF IMPAIRMENTS AND EVIDENCE THAT IS MEDICAL RECORDS , X-RAYS CT-SCAM., MRI

THE PLAINTIFF IS PROTECTED AND WAS PROTECTED UNDER THE DISABILITY LAW AND CATEGORIES UNDER SOCIAL SECURITY ACT TITLE II THAT IS:

CATEGORIES UNDER SOCIAL SECURITY ACT TITLE II
CATEGORY ---103.00
1- 103.03 ; 103.02 ; 103.01.
2- 104.05
3-106.02
4-107.05 (a)
5- 112.04
6-102.02
7-101.04
8-111.00

* SOCIAL SECURITY EVALUATION ACT 2005.

UNDER THE SOCIAL SECURITY DISABILITY PROGRAM ACT TITLE II PAG.# 2 DEFINITION OF DISABILITY THAT IS DEFINE AS:

THE DISABILITY LAW DEFINES DISABILITY AS THE INABILITY TO ENGAGE ANY SUBSTANTIAL GAINFUL ACTIVITY BY REASON OF ANY MEDICALLY DETERMINABLE PHYSICAL OR MENTAL IMPAIRMENT (S) WHICH CAN BE EXPECTED TO RESULT IN DEATH OR WHICH HAS LASTED OR CAN BE EXPECTED TO LAST FOR A CONTINUIOUS PERIOD OF NOT LESS THAN 12 MONTHS.

THE PLAINTIFF IS AND WAS PROTECTED UNDER THAT CATEGORY.

PLAINTIFF STATES THE DEFENDANTS ALLEGATION ARE UNFOUNDED. SODEXHO-MARRIOTT OR THEIR COUSELS HAVE NO RIGHT OR AUTHORITY TO DERTERMINE OR TO EVALUE WHO IS OR WHO IS NOT DISABLE UNDER THE LAW. BESIDES, THERE IS A CONFLICT OF INTEREST INVOLVED IN THIS MATTER.

-14-

PLAINTIFF SAID : OBJECTION.

THE PLAINTIFF IS PROTECTED UNDER THE ADA BEFORE THE TERMINATION AND AFTER THE TERMINATION. SEE EXHBIT -3 AND LETTER AND PRESCRIPTION EXHIBIT - 4 BEFORE TERMINATION.

THE PLAINTIFF STATES THAT SODEXHO-MARRIOTT DISCRIMINATED AGAINST HER VIOLATING THE FAIR FEDERAL EMPLOYMENT OPPORTUNITY ON THE BASIS OF DISABILITY , NATIONAL ORIGIN (ACCENT) , AGE (40+) , DEPRIVING THE PLAINTIFF'S RIGHTS PROTECTED BY THE US. CONSTITUTION , VIOLATING THE FAMILY MEDICAL LEAVE ACT , EQUAL PAY ACT , RETALIATION , DEFAMATION AND VIOLATION OF PLAINTIFF RIGHTS TO PRIVACY BY SODEXHO MARRIOTT 'S COUNSELS.

IF ALL THOSE FACTS AND EMPLOYMENT LAWS VIOLATION ARE NOT GENUINE FOR THE POINT OF VIEW OF THIS COURT , THE COURT MUST BE UNDER FEDERAL LAWS REVIEW.

" ALLEGED DISABILITY BASED ON PLAINTIFF LIPOMA .
" IT IS UNDISPUTED THAT SODEXHO TERMINATED PLAINTIFF'S EMPLOYMENT WHEN SHE FAILED TO REPORT TO WORK BECAUSE SHE WAS UNDERGOING SURGERY TO HAVE THE LIPOMA REMOVED"

PLAINTIFF SAID : OBJECTION

PLAINTIFF WAS WRONGFULLY TERMINATED AND DISCRIMINATED BY HER FORMER EMPLOYER , SODEXHO - MARRIOTT BASED ON HER DISABILITY , ASTHMA , FLU. ALLERGIES , BACK PAIN AND OTHER MEDICAL CONDICTION PROTECTED UNDER SOCIAL SECURITY ACT., TITLE II 103.00; 103.01 ; 103.02 ; 103.03 ; 104.05 ; 106.02; 107.05 (a );111.00 ; 112.04.

-15-

PLAINTIFF STATES : PLAINTIFF WAS INTENTIONALLY DISCRIMINATED AND TERMINATED BY SODEXHO-MARRIOTT WHILE THE PLAINTIFF WAS ON SHORT TERM DISABILITY TIME DUE TO PLAINTIFF SURGERY IN 01/27/2000 AND HER SON'S SURGERY 02/10/2000.

PLAINTIFF'S PRIVATE MEDICAL , DENTAL , SHORT TERM DISABILTY , ACCIDENTAL DEATH AND DISMEMBERMENT INSURANCES WERE CANCELLED BY SODEXHO -MARRIOTT , THE LAST DAY THE PLAINTIFF WENT TO WORK FOR THE DEFENDANTS SODEXHO-MARRIOTT, ON JANUARY 25,200 , AS AN ACT MALICE AND OUTRAGEOUS BEHAVIOR . SODEXHO-MARRIOTT GOT DEDUCTION PAYMENT FOR DENTAL , MEDICAL, SHORT TERM DISABILITY, ACCDENTAL DEATH AND DISMEMBERMENT INSURANCES EVEN AFTER THE INSURANCE WAS CANCELLED.

THE TERMINATION LETTER EXPLANATION STATED: TERMINATION FOR NOT REPORTING TO WORK FOR 3 CONSEQUTIVES DAYS, THAT IS, 26, 27, 28 JANUARY 2000. "FOR UNKNOWN REASONS ". ONE QUESTION ARISES WHY SODEXHO-MARRIOTT CANCEL THE PLAINTIFF'S PRIVATE MEDICAL , DENTAL , SHORT TERM DISABILITY , ACCIDENTAL DEATH AND DISMEMBERMENT INSURANCES ON JANUARY 25,2000? OR DOES SODEXHO-MARRIOTT USUALLY CANCEL EMPLOYEES MEDICAL AND OTHER INSURANCES OF ONE EMPLOYEE THAT IS "SUPPOSE " TO WORK THE NEXT DAY , THAT IS , JANUARY 26, 2000.

PLAINTIFF 'S MEDICAL AND PHYSICAL CONDITION WERE AND ARE NOT "TEMPORARY" , NOT ONLY LIMITED TO LIPOMA BUT ALSO SOME OTHER CONDITIONS . MORE THAN 8 YEARS IS NOT CONSIDERED A "TEMPORARY" .CONDITION OR IMPAIRMENT.

PLAINTIFF SAID : OBJECTION

IF THIS COURT CONSIDERS ALL THOSE FACTS ARE " INSUFFICIENT" , NOT GENUINE , THE PROCESS MUST BE PLACED UNDER FEDERAL REVIEW BY A PANEL .

-16-

THE PLAINTIFF DID NOT RECOGNIZE THE DEPOSITION ( THAT WAS TAKEN ON JUNE 29,2006 AT 10:00 AM AT UNITED STATES DISTRICT COURT OF MASSACHUSETTS )TRANSCRIPT AS TRUTHFUL AND ACURATE. BESIDES, IT DID NOT MATCH WITH THE RECORDING BY THE PLAINTIFF.

PLAINTIFF SAID : OBJECTION.

### D- ALLEGED DISABILITY BASED ON DEGENERATIVE HERNIATED DISC.

PLAINTIFF STATES A DEGENERATIVE HERNIATED DISC WAS DIAGNOSISED ON JANUARY 22, 2000 BEFORE TERMINATION DUE TO HEAVY DUTY WORK THAT PLAINTIFF PERFORMED AT SODEXHO-MARRIOTT CAFÉ - NOT PLAINTIFF'S OWN DUTIES . SEE EXHIBIT PL. BRIEF-D DIAGNOSIS..

PLAINTIFF SAID : OBJECTION .
MOTOR VEHICLE ACCIDENT AFTER JANUARY ,2000.

FOR SODEXHO-MARRIOTT AND THEIR COUNSELS POINT OF VIEW ONE EMPLOYEE HAS TO BE CONFINED IN A WHEELCHAIR OR LIFE SUPPORT TO BE CONSIDERED DISABLED.NEITHER , SODEXHO-MARRIOTT OR THEIR COUNSELS HAVE AUTHORITY TO MAKE SUCH DETERMINATION. JUST SOCIAL SECURITY AGENCY HAS THE AUTHORITY TO DETERMINE OR EVALUATE WHO IS OR WHO IS NOT QUALIFY UNDER SOCIAL SECURITY PROGRAM ACT TITLE II.

IN ADDITION , THERE IS A CONFLICT OF INTEREST IN SODEXHO-MARRIOTT 'S COUNSELS JUDGMENTS. THEREFORE , SODEXHO-MARRIOT ARE DISQUALIFIEDTO MAKE SUCH A JUDGMENT

PLAINTIFF SAID: OBJECTION.

PLAINTIFF WAS REFERED TO PHYSICAL THERAPY IN 1999, AND LATER ON , THE PLAINTIFF WAS ON MEDICAL PAIN KILLER SUCH AS CELEBREX, ETC. SEE EXHIBIT -3 ;EXHIBIT -2

-17-

IN 2005 ACCIDENT, PLAINTIFF DID NOT STATE TO ANYBODY THAT HER MEDICAL CONDITION WAS RESOLVED. JUST A DOCTOR IN MEDICINE MEDICAL EXAM, MRI, CT SCAM, LAB ANALYSIS, CAN DEMOSTRATED WHEN A MEDICAL CONDITION IS RESOLVED.

PLAINTIFF SAID : OBJECTION.

IT WAS A PRE-EXISTING CONDICTION- MRI ON JANUARY 22,2000 PALINTIFF WAS ON PHYSICAL THERAPY IN 1999 AND REFERED AGAIN BY DOCTOR MARIE PASINSKI AND PLAINTIFF PRIMARY CARE DOCTOR AT THE TIME,

THE PLAINTIFF OBJECTS THE " ANALYSIS " REPORT FOR SUMMMARY JUDGMENT. UNDER THE SOCIAL SECURITY ACT TITLE II UNDER CATEGORIES 103.01 ; 103.02 ; 103.03; 106.02 ;107.05 (a) ; 104..05; 111..00; 112. 04 ; 101.02;;101.04; 102.02; 102. (a) ; 102 .B (2) ;UNDER FEDERAL CIVIL RULE 34 (1) (2) (3), ;UNDER FEDRAL CIVIL RULE 26 (a) (1) (c) AND UNDER FEDERAL CIVIL RULE 12 ( B ).

THE PLAINTIFF SAID : OBJECTION.

PLAINTIFF WAS AND IS PROTECTED UNDER THE ADA AND SOCIAL SECURITY ACT BEFORE TERMINATION AND AFTER THE TERMINATION.

* EXHIBIT -1-, 2, 3, 4, 5, ,6.

-18-

## E- WHETHER SODEXHO MARRIOTT REGARDED THE PLAINTIFF AS A DISABLED.

THERE IS NO OBLIGATION FOR ANY EMPLOYEE TO PROVE TO ANY EMPLOYER THAT THE EMPLOYEE IS ABLE OR DISABLE - JUST TO INFORM THROUGH DOCTOR NOTICE TO MAKE THE EMPLOYER AWARE ABOUT THE EMPLOYEE MEDICAL CONDITION AND RESTRICTIONS. SEE EXHIBIT PL. BRIEF -B

ONLY, WHEN ONE PERSON APPLIES FOR SOCIAL SECURITY DISABILITY BENEFITS ,THAT PERSON MUST PROVE IT. UNDER SOCIAL SECURITY ACT TILLE II , THE PLAINTIFF IS AND WAS CONSIDERED DISABLE. UNDER THE FOLLOWINGS CATEGORIES:101.02; 102.B (2 ) ; 102 (a ) 104.04; 103.01 ; 103.02 ;103.03; 104.05; 106.02;107.05 ( a ) 111.00; 112.04.

-19-

## CONCLUSION

FOR ALL THE REASONS ,STATE AND FEDERAL EMPLOYMENT LAW, SOCIAL SECURITY QUALIFICATION , FACTS DETAILED ABOVE ,THE PLAINTIFF STATES THAT THERE IS SUFFICIENT GROUND TO A JURY TRIAL BY THE DEPRIVATION OF THE PLAINTIFF CONSTITUTIONAL RIGHTS AND FOR INTERFERING AND DENYING PROTECTION UNDER THE FIRST AND FOURTHEEN AMENDMENTS, THE FAIR FEDERAL EMPLOYMENT OPPORTUNITY. THE PLAINTIFF WAS INTENTIONALLY DISCRIMINATED BASED ON HER DISABILITY, AGE ,NATIONAL ORIGIN, VIOLATING THE EQUAL PAY ACT , FAMILY MEDICAL LEAVE ACT , AND HER RIGHTS TO PRIVACY.

THE PLAINTIFF IS ENTITLED TO A JURY TRIAL.

MARCH 27, 2007

SUBMITTED BY ,

FLAVIA BENITEZ
*Flavia Benitez*
PO.BOX, 302437
JAMAICA PLAIN , MA 02130.