```
             UNITED STATES DISTRICT COURT
              DISTRICT OF MASSACHUSETTS

FLAVIA BENITEZ,                    )
                                   )
         Plaintiff,                )
                                   )
     v.                            )   C.A. No. 04-11959-NG
                                   )   (USCA No. 07-1722)
SODEXHO MARRIOTT SERVICES,         )
         Defendant.                )
```

<u>MEMORANDUM AND ORDER</u>

GERTNER, D.J.

On April 13, 2007, an Order of Dismissal (#76) entered. On April 23, 2007, plaintiff-appellant Flavia Benitez ("Benitez") filed a Notice of Appeal (#77), an Affidavit accompanying a Motion for Leave to Appeal *In Forma Pauperis* (#81), and a Notice of Requesting Documents (#79), seeking composition of the Record on Appeal, pursuant to Fed. R. App. P. 10.

I.   The <u>*In Forma Pauperis* Motion (#77)</u>

On September 23, 2004, Benitez's Motion for Leave to Proceed *in forma pauperis* in the district court (#1) was Allowed. In light of this Allowance, prior permission for leave to appeal *in forma pauperis* is <u>not</u> required. <u>See</u> Fed. R. Civ. P. 24(a)(3) ("A party who was permitted to proceed *in forma pauperis* in the district-court action...may proceed on appeal in forma pauperis without further authorization....").

Accordingly, Benitez's Motion for Leave to Appeal *In Forma Pauperis* (#81) is hereby DENIED as moot, as she already has permission to proceed on appeal *in forma pauperis*.

II.  <u>Notice of Requesting Documents (#79)</u>

Benitez's Notice of Requesting Documents (#79) seeks the original papers and exhibits filed in the district court, the transcript of proceedings, a certified copy of the docket entries prepared by the district court clerk, and the audio transcript of

Benitez's disposition of June 29, 2006. The Court will construe this document as a Motion for Documents at Government Expense, and as such, denies the motion.

First, the original papers and exhibits (documents 1-77) have been certified by the Clerk of Court for the District Court, and transmitted to the United States Court of Appeals for the First Circuit on May 7, 2007. See Certification (#78); Fed. R. App. P. 11(b)(2)(duty of the District Clerk's Office to forward the record). Thus, there appears to be no need for Benitez to obtain these records for her appeal.

Second, with respect to a certified copy of docket entries by the clerk and reproduction of recordings of proceedings, the request is subject to modest charges of the Clerk's Office for these services ($9.00 for certification; $26 for reproduction of recordings). Notwithstanding Benitez's *in forma pauperis* status, she has not shown that she is entitled to these free services by the District Court Clerk's Office or otherwise at government expense. Her *in forma pauperis* status does not automatically entitle her to these items at no cost to her.

Similarly, with respect to her request for free transcripts, Benitez has not demonstrated an entitlement under 28 U.S.C. § 753 (the Federal Court Reporters Act), or under 28 U.S.C. § 1915 (the *in forma pauperis* statute).[1]

---

[1] Indeed the Rules of Appellate Procedure require payment. Fed. R. App. P. 10((b)(4) provides that a party must make satisfactory arrangements with the reporter for paying the cost of the transcript. Id. Section 1915(c) of Title 28 provides, in relevant part, that "the court may direct payment by the United States of the expenses of (1) printing the record on appeal in any civil or criminal case, if such printing is required by the appellate court...." 28 U.S.C. § 1915(c)(emphasis added). Here, there is no indication that the First Circuit requires her requested documents.

Section 753(f) sets forth the parameters for transcripts to be paid by the United States with respect to criminal, habeas and § 2255 proceedings. It also provides for payment for transcripts in other proceedings, such as this employment discrimination case. Specifically, section 753(f) provides that transcripts shall be paid by the United States for those persons allowed to proceed on appeal *in forma pauperis* "<u>if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question)</u>." 28 U.S.C. § 753(f)(emphasis added).

Here, Benitez has not set forth what specific transcript(s), (if any), are required, nor has she provided any basis whatsoever for such transcript(s) to be paid for at the expense of the United States. Moreover, she has not demonstrated that she made any attempts to obtain the transcript(s) from the Court Reporter or to work out financial arrangements for payment to the Court Reporter, but was unable to do so. Further, even if this Court were to consider her financial inability to pay the costs of transcripts, as noted above, indigency is only one factor in the equation, and it does not automatically provide grounds for granting her a free transcript for her appeal. <u>See</u>, <u>e.g.</u>, <u>Morgan v. Doran</u>, 2007 WL 1080580, *1 (E.D. Ca. Apr. 4, 2007).

Thus, in order to obtain the requested documents, Benitez must also make a showing pursuant to section 753(f) and/or section 1915(c). Simply put, at this time she has failed to make any showing from which this Court could certify that her appeal is not frivolous but presents a substantial question, in accordance with the requirements of section 753(f), nor has she

shown the First Circuit requires the transcript in accordance with 28 U.S.C. § 1915(c).[2]

Accordingly, for the reasons stated above, Benitez's Notice of Requesting Documents (#79)(construed as a Motion for Documents at Government Expense), is hereby DENIED without prejudice.[3]

SO ORDERED.

                                    /s/ Nancy Gertner
                                    NANCY GERTNER
                                    UNITED STATES DISTRICT JUDGE

DATED: July 2, 2007

---

[2] For instance, she has not set forth the specific issues she wishes to appeal, or why the transcript is necessary to litigate her claims on appeal. The Court has considered Benitez's Objections (#74) to Magistrate Judge Dein's Report and Recommendation (#73), which was adopted by this Court. See Electronic Order entered March 30, 2007. However, the Court cannot cull out from that document what Benitez's issues on appeal would be, nor can the Court find, *sua sponte*, that the appeal is not frivolous but presents a substantial question.

[3] Nothing in this Order prohibits Benitez from filing a motion with the United States Court of Appeals for the First Circuit for a determination as to whether it requires the transcripts for her appeal. If the First Circuit requires the transcripts, Benitez may renew her request to this Court under 28 U.S.C. § 1915(c). See Morgan v. Doran, 2007 WL 1080580, *2 (E.D. Ca. Apr. 4, 2007)(directing the Clerk of Court to serve a copy on the Ninth Circuit Court of Appeals so that it "can determine if it desires to order some transcripts be prepared at government expense."). Additionally, should Benitez seek to review transcripts or audio-recordings in order to make the requisite showing under 28 U.S.C. § 753(f), she may do so during business hours of the Clerk's Office, pursuant to 28 U.S.C. § 753(b). Section 753(b) provides, in relevant part, that "[t]he original notes or other original records and the copy of the transcript in the office of the clerk shall be open during office hours to inspection by any person without charge." 28 U.S.C. § 753(b).